RELATED DDJ

**FEE PAID**

CHRISTOPHER WILSON

JOHANNA VIZCARRA

7757 COMSTOCK AVE, APT C

S/I    WHITTIER, CA 90602

(323) 475-5416 (Mr. Wilson)

(323) 907-4018 (Ms. Vizcarra

Christopherwilson2121993@gmail.com

Johannavizcarra27@yahoo.com

**FILED**
CLERK, U.S. DISTRICT COURT

MAY - 8 2023

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ rsm _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER WILSON & JOHANNA VIZCARRA<br><br>PLAINTIFFS, ET AL<br>VS.<br>DEPUTY TRAVIS CARNOCHAN (INDIVIDUAL CAP); DEPUTY PRISCILLA ANDA (INDIVIDUAL CAP); COUNTY OF LOS ANGELES.<br><br>DEFENDANTS, ET AL. | Case No. **2:23-CV-03496-VBF-SHK**<br><br>PLAINTIFF'S CHRISTOPHER WILSON & JOHANNA VIZCARRA'S COMPLAINT FOR DAMAGES AGAINST DEFENDANT TRAVIS CARNOCHAN (INDIVIDUAL CAP); DEFENDANT PRISCILLA ANDA (INDIVIDUAL CAP); DEFENDANT COUNTY OF LOS ANGELES (OFFICIAL CAP). |

(CLAIMS FOR RELIEF) PER F.R.C.P. RULE 8

PLAINTIFF CHRISTOPHER WILSON IS SUING FOR DAMAGES FOR CAUSES OF ACTIONS AGAINST DEFENDANT TRAVIS CARNOCHAN (INDIVIDUAL CAPACITY) (1) 42 U.S.C. 1983 FOR 4TH AMENDMENT VIOLATIONS FOR UNLAWFUL DETENTION/ UNREASONABLE SEIZURES; (2) 42 U.S.C. 1983 FOR 4TH AMENDMENT VIOLATIONS FOR UNREASONABLE SEARCH; (3) 42 U.S.C. 1983 FOR 14TH AMENDMENT VIOLATIONS OF THE EQUAL PROTECTION CLAUSE (RACIAL PROFILING); PLAINTIFF CHRISTOPHER WILSON IS SUING FOR DAMAGES FOR CAUSE OF

PLEADING TITLE - 1

ACTIONS AGAINST DEFENDANT PRISCILLA ANDA (INDIVIDUAL CAPACITY) (4) 42 U.S.C. 1983 FOR 4TH AMENDMENT VIOLATIONS FOR UNLAWFUL DETENTION/ UNREASONABLE SEIZURE; (5) 42 U.S.C. 1983 FOR 14TH AMENDMENT VIOLATIONS OF THE EQUAL PROTECTIOM CLAUSE (RACIAL PROFILING); PLAINTIFF CHRISTOPHER WILSON IS SUING FOR DAMAGES FOR CAUSES OF ACTIONS AGAINST DEFENDANT COUNTY OF LOS ANGELES (OFFICIAL CAPACITY) (6) 42 U.S.C. 1983 MONNELL CLAIM FOR UNCONSTITUTION POLICY, CUSTOM, PRACTICES THAT RESULT IN 4TH AND 14TH AMENDMENT VIOLATIONS OF THOSE COUNTY EMPLOYEES COMES IN CONTACT WITH. PLAINTIFF CHRISTOPHER WILSON IS SEEKING COMPENSATORY DAMAGES, PUNITIVE DAMAGES, AND DAMAGES FOR EMOTIONAL DISTRESS AGAINST DEFENDANT CARNOCHAN, DEFENDANT ANDA, AND DEFENDANT COUNTY OF LOS ANGELES TO BE DETERMINED BY A JURY AT TRIAL.

PLAINTIFF JOHANNA VIZCARRA IS SUING FOR DAMAGES FOR CAUSES OF ACTIONS AGAINST DEFENDANT TRAVIS CARNOCHAN (INDIVIDUAL CAPACITY) (1) 42 U.S.C. 1983 FOR 4TH AMENDMENT VIOLATIONS FOR UNLAWFUL DETENTION/ UNREASONABLE SEIZURE; (2) 42 U.S.C. 1983 FOR 4TH AMENDMENT VIOLATIONS FOR UNREASONABLE SEARCH; PLAINTIFF JOHANNA VIZCARRA IS SUING FOR DAMAGES FOR CAUSES OF ACTIONS AGAINST DEFENDANT PRISCILLA ANDA (INDIVIDUAL CAPACITY) (3) FOR42 U.S.C. 1983 FOR 4TH AMENDMENT VIOLATIONS FOR UNLAWFUL DETENTION; (4) 42 U.S.C. 1983 FOR 4TH AMENDMENT VIOLATIONS FOR UNREASONABLE SEIZURE. PLAINTIFF JOHANNA VIZCARRA IS SEEKING COMPENSATORY DAMAGES, PUNITIVE DAMAGES, AND DAMAGES FOR EMOTIONAL DISTRESS AGAINST DEFENDANT CARNOCHAN, DEFENDANT ANDA, AND DEFENDANT COUNTY OF LOS ANGELES TO BE DETERMINED BY A JURY AT TRIAL.

PLEADING TITLE - 2

**COMPLAINT**

**PLAINTIFF CHRISTOPHER WILSON CAUSES OF ACTION (1) VIOLATION OF THE 4TH AMENDMENT FOR UNLAWFUL DETENTION/UNREASONABLE SEIZURE AGAINST DEFENDANT DEPUTY CARNOCHAN.**

PLAINTIFF WILSON IS SUING DEFENDANT CARNOCHAN UNDER 42 U.S.C. 1983 FOR VIOLATING THE 4TH AMENDMENT RIGHT TO BE FREE FROM UNLAWFUL DETENTIONS/UNREASONABLE SEARCH AND SEIZURES. DFEFENDANT CARNOCHAN AND DEFENDANT ANDA WERE BOTH ACTING UNDER COLOR OF STATE LAW AS LOS ANGELES COUNTY SHERIFF'S DEPUTIES, FOR THE LOS ANGELES COUNTY SHERIFF'S DEPARTMENT. ON APRIL 12TH, 2022, BOTH DEFENDANT CARNOCHAN AND DEFENDANT ANDA, CONSPIRED TO VIOLATE PLAINTIFF WILSON'S 4TH AMENDMENT RIGHTS BY CONDUCTING AN UNCONSTITUTIONAL SEIZURE OF PLAINTIFF WILSON WHILE HE WAS DRIVING, BASED SOLELY ON HIS RACE. ON APRIL 11TH, 2022, APPROXIAMATELY AT 10:00 A.M, PLAINTIFF CHRISTOPHER WILSON WAS DRIVING IN THE CITY OF COMPTON, CALIFORNIA, WITH HIS GIRLFRIEND JOHANNA VIZCARRA, WHO IS ALSO A PLAINTIFF IN THIS MATTER. PLAINTIFF CHRISTOPHER WILSON IS A THRITY YEAR OLD AFRICAN AMERICAN MALE AND PLAINTIFF VIZCARRA IS A THIRTY-NINE-YEAR-OLD MEXICAN AMERICAN WOMAN. PLAINTIFF WILSON WAS DRIVING IN A RED CHEVY CRUZ, WHICH IS OWNED BY PLAINTIFF VIZCARRA AND REGISTERED TO HER ALSO. PLAINTIFF WOULD LIKE TO INFORM THE COURT THAT ON APRIL 11TH, 2022, THE VEHICLE DRIVEN BY PLAINTIFF WILSON WAS REGSTERED, INSURED, AND PLAINTIFF WILSON POSSESSED A VALID DIVERS LICENSE. AS PLAINTIFF WILSON WAS DRIVING NORTHBOUND ON BRADFIELD AVENUE, HE APPROACHED A RED LIGHT AT THE ROSECRANS AVENUE INTERSECTION AND

PLEADING TITLE - 3

WAITED TO TURN LEFT. PLAINTIFF WILSON HAD THE FRONT WINDOWS DOWN AND PLAINTIFF VIZCARRA WAS ASLEEP IN THE PASSENGER SEAT. AS PLAINTIFF WILSON LIGHT TURNED GREEN FOR HIM TO GO, A LOS ANGELES COUNTY SHERIFF'S PATROL CAR WAS HEADED WESTBOUND ON ROSECRANS AVENUE, CONTAINING DEFENDANTS CAROCHAN AND ANDA. AS PLAINTIFF WILSON COMPLETED HIS LEFT TURN AT THE GREEN LIGHT GOING NOTRHBOUND TURNING WEST ONTO ROSECANS AVENUE, DEFENDANT CARNOCHAN IMMEDIATELY RAN THE RED LIGHT HIS CAR WAS APPROCHING TO PURSUE PLAINTIFF WILSON'S VEHICLE. DEFENDANT CARNOCHAN RAN THE RED LIGHT SO FAST HE NEARLY HIT THE BACK OF MY VEHICLE AS PLAINTIFF WILSON TURNED RIGHT ON TO BRADFIELD AVENUE HEADED NORTHBOUND. PLAINTIFF WILSON DID NOT COMMIT ANY TRAFFIC VIOLATIONS AND THERE WAS NO REASONBLE SUSPICION FOR THE DEFENDANT'S CARNOCHAN AND ANDA TO PULL PLAINTIFF WILSON OVER. PLAINTIFF WILSON CONTINUED TO HEAD NORTHBOUND ON BRADFIELD AVENUE AND WAS SIGNALED TO PULL OVER ON THE CORNER OF BRADFIELD AVENUE AND QUEENSDALE STREET. DEFENDANT CARNOCHAN TOLD PLAINTIFF WILSON TO CUT THE VEHICLE OFF OVER THE PATROL CAR SPEAKER. DEFENDANT CARNOCHAN APPROACHED THE DRIVER SIDE AND DEFENDANT ANDA APPROACHED THE PASSENGER SIDE OF THE VEHICLE. DEFENDANT CARNOCHAN IMMEDIATELY ASKED PLAINTIFF WILSON FOR HIS IDENTIFICATION IN A VERY SEIOUS TONE. PLAINTIFF WILSON RESPONDED BY ASKING DEFENDANT CARNOCHAN WHAT WAS THE REASON HE WAS BEING PULLED OVER? NEITHER DEFENDANT CARNOCHAN NOR DEFENDANT ANDA PROVIDED AN ANSWER. DEFENDANT CARNOCHAN AGAIN ASKED FOR MY IDENTIFICATION THIS TIME WAS MORE AGGRESSIVE. PLAINTIFF WILSON STATED HE WOULD LIKE FOR DEFENDANT'S CARNOCHAN AND ANDA TO CALL A SERGEANT TO THE SCENE OF THE TRAFFIC STOP DUE TO HIM BEING RACIALLY PROFILED AND STOPPED FOR NO REASON. DEFENDANT CARNOCHAN IGNORED PLAINTIFF'S REQUEST FOR A SERGEANT AND PROCEEDED TO TAKE PLAINTIFF'S WILSON IDENTIFICATION. DEFENDANT ANDA REMAINED AT THE PASSENGER SIDE OF THE VEHICLE WITH HER HAND ON HER FIREARM, WHILE DEFENDANT

PLEADING TITLE - 4

CARNOCHAN RAN PLAINTIFF WILSON'S INFORMATION THROUGH THE N.C.I.C DATABASE. PLAINTIFF WILSON WAS NOT FREE TO LEAVE DUE TO THE DEPUTIES USE OF THEIR AUTHORITY TELLING ME TO PULL OVER AND REMAIN PARKED UNTIL THE ILLEGAL TRAFFIC STOP IS COMPLETED. DEFENDANT ANDA WOULD NOT BE POSITIONED AT THE SIDE OF THE VEHICLE IF WE WERE FREE TO LEAVE. PLAINTIFF WILSON BEGAN TO MAKE CONVERSATION WITH DEFENDANT ANDA WHILE DEFENDANT CARNOCHAN WAS IN HIS PATROL VEHICLE. PLAINTIFF WILSON ASKED DEFENDANT ANDA WHAT WAS THE REAL REASON THEY (DEFENDANT'S CARNOCHAN AND ANDA) HAD PULLED HIM OVER? DEFENDANT ANDA STATED "I DON'T KNOW HONESTLY, ASK HIM," REFERING TO DEFENDANT CARNOCHAN. DEFENDANT ANDA MADE AN EXCITED UTTERANCE, STATING "WE ONLY SEEN YOU IN THE CAR AND NEVER SAW YOUR PASSENGER" REFERING TO PLAINTIFF WILSON. PLAINTIFF WILSON STATED TO DEFENDANT ANDA THAT HE KNEW THE REASON THEY PULLED HIM OVER WAS SOLELY DUE TO HIS RACE AND NOT DUE TO A CRIME OR REASONABLE SUSPICION. DEFENDANT CARNOCHAN RETURNED TO THE VEHICLE STATING THERE WAS A WARRANT ON THE VEHICLE. PLAINTIFF WILSON REQUESTED A SERGEANT DUE TO HOW THINGS WERE ESCALATING BUT DEFENDANT'S CARNOCHAN AND ANDA NEVER MADE ATTEMPTS TO NOTIFY A SERGEANT. PLAINTIFF WILSON ADVISED DEFENDANT CARNOCHAN HE WAS NOT THE REGISTERED OWNER AND THAT THE PASSENGER, PLAINTIFF JOHANNA VIZCARRA WAS. DEFENDANT CARNOCHAN THEN ASKED PLAINTIFF WILSON IF HE WAS ON PAROLE, AND PLAINTIFF WILSON STATED YES. DEFENDANT CARNOCHAN WAS MADE AWARE OF THIS INFORMATION AFTER RUNNING A WARRANT CHECK ON PLAINTIFF WILSON. DEFENDANT CARNOCHAN BEGAN TO UNLOCK PLAINTIFF WILSON'S DOOR, OPENING HE CAR DOOR AND SIMULTANEOUSLY GRABBING PLAINTIFF WILSON OUT OF THE VEHICLE TO CONDUCT AN ILLEGAL SEARCH. PLAINTIFF WILSON NEVER CONSENTED TO THIS SEARCH BY DEFENDANT CARNOCHAN. PLAINTIFF WILSON COMPLIED OUT OF FEAR FROM BEING KILLED BY DEFENDANT'S CARNOCHAN AND ANDA. DEFENDANT CARNOCHAN CONDUCTED AN ILLEGAL SEARCH OF PLAINTIFF WILSON'S PERSON AND SEARCHED ALL OF HIS POCKETS.

PLEADING TITLE - 5

MOREOVER, IT IS GENERALLY PRESUMED A WARRANTLESS SEARCH IS UNREASONABLE, AND THEREFORE VIOLATES THE 4TH AMENDMENT, UNLESS IT FALLS WITHIN A SPECIFIED EXCEPTION TO THE WARRANT REQUIREMENT. RILEY V. CALIFORNIA, 134 S. CT. 2473, 2482 (2014) (CITING KENTUCKY V. KING, 563 U.S. 452 (2011)). "WARRANTLESS SEARCHES BY LAW ENFORCEMENT OFFICERS 'ARE PER SE UNREASONABLE UNDER THE 4TH AMENDMENT—SUBJECT ONLY TO A FEW SPECIFICALLY ESTABLISHED AND WELL-DELINEATED EXCEPTION.'" UNITED STATES V. CERVANTES, 703 F.3D 1135, 1138-39 (9TH CIR. 2012) (QUOTING KATZ V. UNITED STATES, 389 U.S. 347, 357 (1967)). AFTER DEFENDANT CARNOCHAN DID NOT FIND ANY CONTRABAND ON PLAINTIFF WILSON, DEFENDANT CARNOCHAN HANDCUFFED PLAINTIFF WILSON AND PLACED HIM INTO THE BACK OF HIS PATROL VEHICLE. PLAINTIFF WILSON HAD BEEN ILLEGALLY DETAINED AND UNREASONABLY SEARCHED AN SEIZED. "A SEIZURE CONDUCTED WITHOUT A WARRANT IS PER SE UNREASONABLE UNDER THE 4TH AMENDMENT SUBJECT ONLY TO A FEW SPECIFICALLY ESTABLISHED AND WELL DELINEATED EXCEPTIONS." MIRANDA V. CITY OF CORNELIUS, 429 F.3D 858, 862 (9TH CIR. 2005) (QUOTING UNITED STATES V. HAWKINS, 249 F.3D 867, 872 (9TH CIR. 2001)). PLAINTIFF WILSON WAS NOT FREE TO LEAVE AND HIS FREEDOM OF MOVEMENT WAS ILLEGALLY TERMINATED BY DEFENDANT CARNOCHAN'S SHOW OF AUTHORITY (POLICE LIGHTS AND VERBAL ORDERS) AND HANDCUFFS WHICH WERE APPLIED FOR PURPOSES OF RESTRITING PLAINTIFF'S MOVEMENT WITHOUT ANY GOVERNMENT INTEREST IN DOING SO. THE ACTIONS OF DEFENDANT CARNOCHAN AND DEFENDANT ANDA WERE UNREASONABLE UNDER THE SURROUNDING CIRCUMSTANCES, AND VIOLATED PLAINTIFF WILSON'S RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES. A SEIZURE THAT OCCURS WITHOUT ANY JUSTIFICATION VIOLATES THE 4TH AMENDMENT, AND THIS IS WHAT HAPPENED WHEN DEFENDANT CARNOCHAN AND ANDA PULLED ME OVER ILLEGALLY. NO GOVERNMENT INTRUSION WAS WARRANTED AND BOTH DEPUTIES ABUSED THEIR AUTHORITY BY CONDUCTING AN UNCONSTITUION STOP. TO DECIDE WHETHER A WARRANTLESS SEIZURE WAS "REASONABLE," A COURT MUST BALANCE THE NATURE AND QUALITY OF THE

PLEADING TITLE - 6

INTRUSION ON THE INDIVIUAL'S 4TH AMENDMENT INTERESTS AGAINST THE IMPORTANCE OF THE GOVERNMENTAL INTERESTS ALLEGED TO JUSTIFY THE INTRUSION." UNITED STATES V. PLACE, 462 U.S. 696, 703 (1983). DEFENDANT CARNOCHAN ALSO CONDUCTED THIS SEARCH OF PLAINTIFF'S WILSON PERSON WITHOUT A WARRANT OR ANY GROUNDS THAT WARRANT EXCEPTION MAY APPLY TO SEARCH PLAINTIFF WILSON. WHILE PLAINTIFF WILSON WAS INSIDE THE PATROL CAR, DEFENDANT'S CARNOCHAN AND ANDA, BEGAN TO ILLEGALY SEARCH PLAINTIFF'S JOHANNA VIZCARRA'S CAR WITHOUT A VALID SEARCH WARRANT OR PROBABLE CAUSE IN VIOLATION OF THE 4TH AMENDMENT OF THE UNITED STATES CONSTITUION. UPON DEFENDANT'S CARNOCHAN AND ANDA NOT FINDING ANY CONTRABAND, PLAINTIFF WILSON WAS RELEASED FROM THE PATROL CAR AND HANDCUFFS. PLAINTIFF WILSON DEMANDED THAT DEFENDANT'S CARNOCHAN AND ANDA, CALL A SERGEANT FOR THE VIOLATION OF HIS CIVIL RIGHTS AND TO PROVIDE HIM A COPY OF THE ALLEGED WARRANT ON THE VEHICLE. BOTH DEFENDANT CARNOCHAN AND ANDA BEGAN TO GET BACK INTO THEIR PATROL VEHICLE IGNORING PLAINTIFF WILSON'S REQUEST. NEITHER PLAINTIFF WILSON, NOR PLAINTIFF VIZCARRA RECEIVED A TICKET FROM DEPUTY DEFENDANT'S CARNOCHAN AND ANDA REGARDING THE FALSE WARRANT ON THE VEHICLE. THE LACK OF THE BOTH DEPUTIES TO ISSUE A CITATION FOR A WARRANT ON THE VEHICLE AFTER RUNNING A RED LIGHT TO PURSUE IT IS UNPLAUSIBLE AND SHOWS DEFENDANT'S CARNOCHAN AND ANDA LACKED A JUSTIFIABLE REASON TO ILLEGALLY DETAIN PLAINTIFF WILSON. THE ALLEGED WARRANT WAS MADE UP BY DEFENDANT CARNOCHAN AND ANDA TO JUSTIFY RUNNING A RED-LIGHT INTERSECTION TO PURSUE HIS VEHICLE. IN THE TOTALITY OF THE CIRCUMSTANCES, DEFENDANT'S CARNOCHAN AND ANDA COULD NOT SEE MY LICENSE PLATE WHEN I WAS INITIALLY MAKING THE LEFT TURN. I WAS FACING NORTHBOUND AND THEY WERE GOING WESTBOUND BUT WERE JUST PULLING UP TO THE LIGHT AS I WERE TURNING. DUE TO PLAINTIFF WILSON HAVING THE WINDOWS DOWN THEY COULD SEE HIM INSIDE THE VEHICLE. DEFENDANT'S CARNOCHAN AND ANDA NEVER MADE A COMPLETE STOP AT THE LIGHT. DEFENDANT'S CARNOCHAN AND ANDA VIOLATED

PLEADING TITLE - 7

CALIFORNIA LAW, CALIFORNIA VEHICLE CODE SECTION 21453 (A) FAILING TO STOP AT A RED LIGHT TO PURSUE PLAINTIFF WILSON ILLEGALLY AND ABUSED THEIR AUTHORITY BY VIOLATING LOS ANGELES COUNTY SHERIFF DEPARTMENT POLICY. PLAINTIFF WILSON WOULD LIKE TO PUT THE COURT ON NOTICE THAT HIS COMPLAINT HAS ALLEGED, HIS 4TH AMENDMENT RIGHT TO BE FREE FROM UNLAWFUL DETENTIONS/UNREASONABLES SEIZURES HAS BEEN VIOLATED BY DEFENDANT CARNOCHAN AND DEFENDANT ANDA. DEFENDANT ANDA INACTIONS ON APRIL 12TH, 2022, ASSISTED DEFENDANT CARNOCHAN IN VIOLATING PLAINTIFF WILSON AND PLAINTIFF VIZCARRA'S 4TH AMENDMENT RIGHTS. DEFENDANT ANDA WAS A CO-CONSPIRATOR WITH DEFENDANT CARNOCHAN. DEFENDANT ANDA NEVER ONCE ATTEMPTED TO STOP DEFENDANT CARNOCHAN FROM STOPPING PLAINTIFF WILSON'S CAR BASED ON THE GROUNDS THAT HE NEVER DID ANYTHING WRONG TO JUSTIFY STOPPING PLAINTIFF WILSON. DEFENDANT ANDA WAS A FULL PARTICIPANT AFTER DEFENDANT CARNOCHAN ILLEGALLY STOPPED PLAINTIFF WILSON'S CAR. DEFENDANT ANDA EVEN APPROACHED THE PASSENGER SIDE OF THE CAR WITH HER HAND ON HER WEAPON AS DEFENDANT CARNOCHAN RECEIVE PLAINTIFF WILSON'S IDENTIFICATION. WHILE DEFENDANT CARNOCHAN RAN PLAINITFF WILSON'S INFORMATION, DEFENDANT ANDA STAYED POSITIONED AT THE PASSENGER SIDE OF THE VEHICLE WITH HER HAND ON HER HOLSTERED WEAPON. DEFENDANT ANDA USED THIS AS A FORM OF INTIMIDATION TO THE PLAINTIFF'S, WHO HAD DONE NOTHING WRONG. BY BOTH PLAINTIFF'S SEE DEFENDANT ANDA WITH HER HANDS ON HER WEAPON WE BOTH KNEW WE WERE NOT FREE TO LEAVE. OR IF BOTH PLAINTIFF'S LEFT THE SCENE, THEY MAY BE SHOT AT. PLAINTIFF BEGAN TO ASK DEFENDANT ANDA QUESTIONS REGARDING HE TRAFFIC STOP AND DEFENDANT ANDA MADE AN EXCITED UTTERANCE. PLAINTIFF WILSON ASKED WHY WAS I PULLED OVER? DEFENDANT ANDA STATED "I DON'T KNOW, ASK HIM. WE NEVER SAW YOUR PASSENGER WE JUST YOU." THIS SHOWS THAT DEFENDANT ANDA HAD KNOWLEDGE HER ONLY REASON FOR PULL PLAINTIFF WILSON OVER IS THAT WE JUST SAW YOU. THE POLICE CANNOT JUST PULL YOU OVER JUST BECAUSE THEY SAW YOU.

PLEADING TITLE - 8

DEFENDANT ANDA STATEMENT WE JUST SAW YOU DRAW INFERENCES TOWARDS PLAINTIFF WILSON'S RACE. PLAINTIFF WOULD LIKE TO PUT THE COURT ON NOTICE THAT ON THE DATE IN QUESTION, DEFENDANT CARNOCHAN AND DEFENDANT ANDA, WERE LOS ANGELES COUNTY SHERIFF DEPUTIES, ACTING UNDER COLOR OF STATE LAW WHEN HE CHOSE TO INTENTIONALLY VIOLATE PLAINTIFF WILSON'S 4TH AMENDMENT RIGHTS BY SEIZING HIM WITHOUT REASONABLE SUSPICION THAT A CRIME HAD TAKEN PLACE AND WITHOUT PROBABLE CAUSE. DEFENDANT CARNOCHAN ABUSED HIS AUTHORITY BY RUNNING A RED LIGHT TO PURSUE PLAINTIFF WILSON'S VEHICLE ALTHOUGH PLAINTIFF WILSON HAD DONE NOTHING ILLEGAL OR HAD NOT COMMITTED ANY TRAFFIC VIOLATIONS. THE LAW IS CLEARLY ESTABLISHED BY THE UNITED STATES SUPREME COURT THAT GOVERNMENT OFFICIALS MUST HAVE REASONABLE SUSPICION OR ARTICULITABLE FACTS TO DETAIN SOMEONE. WITHOUT EITHER OF THESE TWO REQUIREMENTS THE GOVERNMENT OFFICIAL HAS VIOLATED THE 4TH AMENDMENT OF THAT U.S. CITIZEN. THAT IS THE EXACT CASE HERE. DEFENDANT CARNOCHAN CHOSE TO PULL PLAINTIFF WILSON OVER DUE TO HIS RACE AND THAT IS WHY HE RAN THROUGH A RED LIGHT TO PURSUE A CAR THAT WAS NOT ON ANY BE ON THE LOOKOUT LIST (B.O.L.O LIST). THE 4TH AMENDMENT DOES NOT ALLOW FOR GOVERNMENT OFFICIALS TO PULL CARS OVER IN THE METHOD THAT WAS DONE HERE. HERE PLAINTIFF WILSON HAD DONE NOTHING WRONG AND WAS DRIVING A CAR THAT WAS FULLY REGISTERED (INSURANCE, UP TO DATE TAGS & DRIVERS LICENSE). PLAINTIFF'S CHRISTOHER WILSON AND JOHANA VIZCARRA IMMEDIATELY WENT TO THE COMPTON SHERIFF'S STATION TO FILE A GRIEVANCE COMPLAINT AGAINST DEPUTIES CARNOCHAN AND ANDA. PLAINTIFF'S WILSON AND VIZCARRA, ALLEGED IN THEIR GRIEVANCE AGAINST SHERIFF DEPUTIES CARNOCHAN AND ANDA, THAT THEY WERE RACIALLY PROFILED, UNREASONABLY SEARCHED AN SEIZED, AND UNLAWFULLY DETAINED. THE GRIEVANCE IS ATTACHED TO THE COMPLAINT AS EXHIBIT A, AND WAS GIVEN AN ASSIGNED LOG NUMBER 227949 BY THE LOS ANGELES COUNTY SHERIFF'S DEPARTMENT FOR RECORD PURPOSES. (SEE EXHIBIT A, PLAINTIFF'S LASO GRIEVANCE #227949). ON JULY

PLEADING TITLE - 9

25TH, 2022, PLAINTIFF'S WILSON AND VIZCARRA RECEIVED A RESPONSE FROM THE LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, STATING THE INVESTIGATION WAS COMPLETED. PLAINTIFF WAS NOT ADVISED OF WHAT TOOK PLACE DURING THE SHERIFF'S INVESTIGATION, BUT THE SHERIFF'S STATED BOTH DEPUTY CARNOCHAN AND DEPUTY ANDA WERE BOTH REPRIMANDED FOR THEIR ACTIONS ON APRIL 12TH, 2022, REGARDING THE ILLEGAL TRAFFIC STOP OF PLAINTIFF'S WILSON AND VIZCARRA. THE RESPONSE BY THE LOS ANGELES COUNTY SHERIFF'S DEPARTMENT TO PLAINTIFF'S GRIEVANCE NUMBER 227949 IS ATTACHED TO THIS COMPLAINT AS EXHIBIT B. ON APRIL 12TH, 2022 DEFENDANT CARNOCHAN WAS ACTING UNDER COLOR OF STATE LAW, WHEN HE DEPRIVED PLAINTIFF WILSON OF HIS 4TH AMENDMENT RIGHT TO BE FREE FROM UNREASONABLE SEIZURES AND UNLAWFUL DETENTIONS.THIS ILLEGAL TRAFFIC BY DEFENDANT CARNOCHAN AND DEFENDANT ANDA WAS EXTENDED WITH ZERO LEGITIMATE GOVERNMENT INTEREST DUE TO PLAINTIFF'S WILSON'S AFRICAN AMERICAN BACKGROUND. PLAINTIFF WILSON WAS TREATED DIFFERENTLY FROM SIMILARLY SITUATED INDIVIDUALS OF THE WHITE RACE OR HISPANIC RACE. PLAINTIFF WILSON WAS ILLGALLY PULLED OVER BY DEFENDANT CARNOCHAN AND DEFENDANT ANDA, FOR NO REASON. PLAINTIFF WILSON REQUESTED TO KNOW WHAT HE HAD DONE WRONG AND NEITHER DEPUTY DEFENDANTS COME PROVIDE AN ANSWER TO HIM. PLAINTIFF WILSON KNOWS FOR A FACT THAT THIS DOES NOT OCCUR TO HIS WHITE COUNTERPARTS DURING TRAFFIC STOPS. PLAINTIFF WILSON WOULD LIKE TO ASSERT THAT HIS WHITE COUNTERPARTS ARE NEVER PULLED OVER IN THE MANNER HE WAS, BY HAVING A SHERIFF'S DEPUTY RUN A RED LIGHT TO PURSUE THEM JUST FOR MAKING A LEGAL LEFT TURN AT A GREEN LIGHT DESIGNATED FOR THEM TO DRIVE. DEFENDANT'S CARNOCHAN AND ANDA ACTIONS ON APRIL 12TH, 2022 VIOLATED LOS ANGELES COUNTY SHERIFF'S DEPARTMENT POLICY, ACCORDING TO THE RESPONSE FROM THE LOS ANGELES COUNTY SHERIFF'S DEPARTMENT. (SEE EXHIBIT B). DEFENDANT CARNOCHAN ACTIONS AGAINST PLAINTIFF WILSON ARE UNJUSTIFIABLE. DEFENDANT CARNOCHAN CHOSE TO SINGLE OUT PLAINTIFF WILSON DUE TO HIS RACE AND

PLEADING TITLE - 10

TREAT HIM DIFFERENTLY BECAUSE HE ALSO KNEW HIS CONSTITUTIONAL RIGHTS. DEFENDANT CARNOCHAN VIOLATED THE 4TH AMENDMENT BY PULLING OVER PLAINTIFF WILSON, ALTHOUGH PLAINTIFF WILSON HAD DONE NOTHING WRONG. THE LAW IS CLEARLY ESTABLISHED THAT YOU MUST HAVE REASONABLE SUSPICION TO PULL OVER A VEHICLE UNDER THE 4TH AMENDMENT. PLAINTIFF WILSON WAS SIMPLY DRIVING AND TURNING AT A GREEN LIGHT. DEFENDANT CARNOCHAN ACTIONS ON ITS FACE TRIGGER A VIOLATION OF THE 4TH AMENDMENT FOR UNLAWFUL DETENTION, UNREASONABLE SEARCH AN SEIZURE, AND RACIAL PROFILING. DEFENDANT CARNOCHAN AND DEFENDANT ANDA BOTH ACTED OUTSIDE THE SCOPE OF THEIR EMPLOYMENT AND BEYOND THE BOUNDS OF THEIR LAWFUL AUTHORITY. BOTH DEFENDANT CARNOCHAN AND DEFENDANT WERE ON DUTY AS LOS ANGELES COUNTY SHERIFF'S DEPUTIES AND THEIR ACTIONS ARE ATTRIBUTABLE TO THE MUNICIPAL GOVERNMENT OF THE COUNTY OF LOS ANGELES. THE 4TH AMENDMENT GUARANTEES "[T]HE RIGHT OF THE PEOPLE TO BE SECURE IN THEIR PERSONS, HOUSES, PAPERS, AND EFFECTS, AGAINST UNREASONABLE SEARCHES AND SEIZURES," U.S. CONST. AMEND. IV. AS THE SUPREME COURT HAAS MADE CLEAR: "TEMPORARY DETENTION OF INDIVIDUALS DURING THE STOP OF AN AUTOMOBILE BY THE POLICE, EVEN IF ONLY FOR A BRIEF PERIOD AND FOR A LIMITED PURPOSE, CONSTITUTES A "SEIZURE" OF "PERSONS" WITHIN THE MEANING OF THIS PROVISION. AN AUTOMOBILE STOP IS THUS SUBJECT TO THE CONSTITUTIONAL IMPERATIVE THAT IT NOT BE "UNREASONABLE" UNDER THE CIRCUMSTANCES. WHREN V. UNITED STATES, 517 U.S. 806, 809-10 (1996) (CITATIONS OMITTED). WHEN PERFORMING AN INVESTIGATORY STOP OF A VEHICLE, AN OFFICER MUST HAVE AT LEAST REASONABLE SUSPICION THAT CRIMINAL ACTIVITY IS TAKING PLACE. SEE NAVARETTE V. CALIFORNIA, 572 U.S. 393, 401-402 (2014) (APPROVING REASONABLE SUSPICION OF DRUNK DRIVING AS PROPER FOR INVESTIGATORY STOP); SEE ALSO U.S. V. ARVIZU, 534 U.S. 266, 273 (2002) ("BRIEF INVESTIGATORY STOPS OF PERSONS OR VEHICLES" SATISFY THE FOURTH AMENDMENT IF "THE OFFICER'S ACTION IS SUPPORTED BY REASONABLE SUSPICION TO BELIEVE THAT

PLEADING TITLE - 11

CRIMINAL ACTIVITY 'MAY BE AFOOT'") (CITATIONS OMITTED). REASONABLE SUSPICION REQUIRES "SOME OBJECTIVE MANIFESTATION THAT THE PERSON STOPPED IS, OR IS ABOUT TO BE, ENGAGED IN CRIMINAL ACTIVITY." NAVARETTE, 572 U.S. AT 401 (QUOTING UNITED STATES V. CORTEZ, 449 U.S. 411, 417 (1981)). HERE IN THIS COMPLAINT, PLAINTIFF WILSON ALLEGES HE WAS DRIVING AND WAS PULLED OVER FOR NO VALID REASON BY DEFENDANT CARNOCHAN AND DEFENDANT ANDA. THERE WAS NOTHING ILLEGAL ABOUT THE VEHICLE, EITHER IN ITS CONDITION, ITS DOCUMENTATION, OR IN THE MANNER OF OPERATION THAT WOULD HAVE JUSTIFIED THIS ILLEGAL TRAFFIC STOP BY DEFENDANT CARNOCHAN AND DEFENDANT ANDA.THE FACTS OF THIS LAWSUIT ARE THAT DEFENDANT CARNOCHAN RAN THROUGH A RED LIGHT TO PURSUE A VEHICLE THAT HAD DONE NOTHING WRONG. THE ACTIONS ALLEGED IN THIS COMPLAINT, REGARDING DEFENDANT CARNOCHAN, SHOWS THAT HE VIOLATED PLAINTIFF WILSON'S 4TH AMENDMENT RIGHT TO BE FREE FROM UNREASONABLE SEIZURES. DEFENDANT CARNOCHAN AND DEFENDANT ANDA LACKED ANY REASONABLE SUSPICION TO STOP PLAINTIFF WILSON ON APRIL 12TH, 2022, THIS TYPE OF GOVERNMENT INTRUSION IS PROHIBITED BY THE U.S. CONSTITUTION4TH AMENDMENT. THEN UPON STOPPING THE VEHICLE CARNOCHAN COULD NOT JUSTIFY THE STOPPED SO HE ALLEGED THAT THE VEHICLE HAD A WARRANT AS A PRETEXTUAL REASON TO PULL THE CAR OVER. PLAINTIFF WILSON WAS NEVER GIVEN A CITATION OR TICKET FOR THE ALLEGED WARRANT ON THE VEHICLE. THESE FACTS ARE SUFFICIENT TO STATE A COGNIZABLE 1983 CLAIM BASED UPON AN UNLAWFUL STOP. SEE E.G., LIBERAL V. ESTRADA, 632 F.3D 1064, 1077 (9TH CIR. 2011) (HOLDING THAT OFFICER VIOLATED PLAINTIFF'S CONSTITUTIONAL RIGHT TO BE FREE FROM UNREASONABLE SEIZURES BY INITIATING A TRAFFIC STOP WITHOUT HAVING A REASONABLE SUSPICION THAT PLAINTIFF WAS ENGAGED IN ILLEGAL ACTIVITY.). THIS CASE IS ON POINT TO THE PLAINTIFF WILSON'S CLAIM OF UNAWDETENTION/UNREASONABLE SEIZURE AND HAS THE SAME CASE FACTS. BOTH DEFENDANT CARNOCHAN AND DEFENDANT ANDA, DEPRIVED ME OF MY 4TH AMENDMENT RIGHT TO BE FREE FROM UNLAWFUL

PLEADING TITLE - 12

DETENTIONS/UNREASONABLE SEARCH AND SEIZURE. DEFENDANT CARNOCHAN DID NOT POSSESS ANY REASONABLE SUSPICION OR PROBABLE CAUSE, BUT YET DECIDED TO ABUSE HIS AUTHORITY, BY DETAINING PLAINTIFF MYSELF AND PLAINTIFF WILSON UNCONSTITUTIONALLY. THE LAW IS CLEARLY ESTABLISHED THAT GOVERNMENT INTRUSION MUST BE JUSTIFIED UNDER THE 4TH AMENDMENT AND NO JUSTIFICATION CAN BE PROVIDED HERE TO THIS COURT IN SUPPORT OF A DEFENSE FOR THE DEPUTY DEFENDANTS CARNOCHAN AND ANDA. "A SEIZURE CONDUCTED WITHOUT A WARRANT IS PER SE UNREASONABLE UNDER THE 4TH AMENDMENT SUBJECT ONLY TO A FEW SPECIFICALLY ESTABLISHED AND WELL DELINEATED EXCEPTIONS.: MIRANDA V. CITY OF CORNELIUS, 429 F.3D 858, 862 (9TH CIR. 2005) (QUOTING UNITED STATES V. HAWKINS, 249 F.3D 867, 872 (9TH CIR. 2001)). TO DECIDE WHETHER A WARRANTLESS SEIZURE WAS "REASONABLE," A COURT MUST BALANCE THE NATURE AND QUALITY OF THE INTRUSION ON THE INDIVIUAL'S 4TH AMENDMENT INTERESTS AGAINST THE IMPORTANCE OF THE GOVERNMENTAL INTERESTS ALLEGED TO JUSTIFY THE INTRUSION." UNITED STATES V. PLACE, 462 U.S. 696, 703 (1983). NEITHER DEFENDANT CARNOCHAN NOR DEFENDANT POSSESSED A VALID WARRANT TO SEIZE ME OR PLAINTIFF WILSON AND DID NOT POSSESS ANY EXCEPTION TO THE WARRANT REQUIREMENT. "STOPPING AN AUTOMOBILE AND DETAINING ITS OCCUPANTS CONSTITUTE[S] A SEIZURE [AND THUS IMPLICATES THE 4TH AMENDMENT] … EVEN THOUGH THE PURPOSE OF THE STOP IS LIMITED AND THE RESULTING DETENTION QUIET BRIEF." UNITED STATES V. CHOUDHRY, 461 F.3D 1097, 1100-01 (9TH CIR. 2006) (QUOTING DELAWARE V. PROUSE, 440 U.S. 648 (1979)) (INTERNAL QUOTATION MARKS OMITTED). "THE INFRINGEMENT ON PERSONAL LIBERTY OF ANY 'SEIZURE' OF A PERSON CAN ONLY BE 'REASONABLE' UNDER THE 4TH AMENDMENT IF WE REQUIRE THE POLICE TO POSSESS 'PROBABLE CAUSE' BEFORE THEY SEIZE HIM." GONZALEZ V. UNITED STATES IMMIGR. & CUSTOMS ENF'T, 975 F.3D 788, 819 (9TH CIR. 2020) (EMPHASIS IN ORIGINAL) (QUOTING TERRY V. OHIO, 392 U.S. 1, 38 (1968)). THIS SEIZURE CONDUCTED HERE WAS UNREASONABLE AND WAS NOT SUPPORTED BY PROBABLE CAUSE OR REASONABLE SUSPICION. BOTH DEFENDANT CARNOCHAN

PLEADING TITLE - 13

AND DEFENDANT ANDA, VIOLATED CLEARLY ESTABLISHED LAW WHICH PROHIBITS TRAFFIC STOPS WHICH ARE UNREASONABLE. ONE FACTOR OF UNREASONABLENESS, IS THE WAY DEFENDANT CARNOCHAN RAN THROUGH A RED LIGHT TO SEIZE OUR VEHICLE, ALTHOUGH WE WERE NOT ENGAGED IN ANY CRIMINAL ACTIVITY AND LACKED PROBALE CAUSE AND REASONABLE SUSPICION.

**PLAINIFF CHRISTOPHER WILSON SECOND CAUSE OF ACTION AGAINST DEFENDANT CARNOCHAN FOR VIOLATION OF THE 4TH AMENDMENT FOR UNREASONABLE SEARCH.**

PLAINTIFF WILSON IS SUING DEFENDANT CARNOCHAN UNDER 42 U.S.C. 1983 FOR VIOLATING HIS 4TH AMENDMENT RIGHT TO BE FREE FROM UNREASONABLE SEARCHES. DFEFENDANT CARNOCHAN AND DEFENDANT ANDA WERE BOTH ACTING UNDER COLOR OF STATE LAW AS LOS ANGELES COUNTY SHERIFF'S DEPUTIES, FOR THE LOS ANGELES COUNTY SHERIFF'S DEPARTMENT. ON APRIL 12TH, 2022, BOTH DEFENDANT CARNOCHAN AND DEFENDANT ANDA, CONSPIRED TO VIOLATE PLAINTIFF WILSON'S 4TH AMENDMENT RIGHTS BY CONDUCTING AN UNCONSTITUTIONAL SEIZURE OF PLAINTIFF WILSON WHILE HE WAS DRIVING, BASED SOLELY ON HIS RACE. ON APRIL 12TH. 2022. PLAINTIFF WAS ILLEGALLY DETAINED BY DEFENDANT'S CARNOCHAN AND ANDA, WHO ARE LOS ANGELES COUNTY SHERIFF DEPUTIES. AT ALL TIMES IN THIS COMPLAINT, DEFENDANT CARNOCHAN AND DEFENDANT ANDA WERE ACTING UNDER COLOR OF STATE LAW AS LOS ANGELES COUNTY SHERIFF'S DEPUTIES, EMPLOYED BY THE LOS ANGELES COUNTY SHERIFFS' DEPARTMENT AND COUNTY OF LOS ANGELES. THIS INCIDENT AND UNREASONABLE SEARCH, OCCURRED AFTER PLAINTIFF WILSON MADE A LEGAL TURN AT A GREEN LIGHT DESIGNATED FOR HIM GO THE UNDER CALIFORNIA VEHICLE CODE. DEFENDANT CARNOCHAN WHO WAS

PLEADING TITLE - 14

DRIVING IN HIS UNIFORM AS A MEMBER OF THE COMPTON SHERIFF'S, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT RAN THROUGH A RED LIGHT AFTER VIEWING A BLACK MALE DRIVING A RED CHEVY CRUZ. DEFENDANT CARNOCHAN NEARLY STRUCK MY VEHICLE DUE TO THE SPEED HE WAS GOING THROUGH THE RED LIGHT, AS I COMPLETED MY LEFT TURN AND PROCEEDED TO SLOW DOWN BEFORE TURNING RIGHT ONTO BRADFIELD AVENUE TO GO STRAIGHT. DEFENDANT CARNOCHAN SIGNALED FOR PLAINTIFF WILSON TO PULL OVER BY FLASHING HIS LIGHTS. WHEN A GOVERNMENT OFFICIAL FLASHES THEIR PATROL LIGHTS IT'S A SIGN OF AUTHORITY FOR YOU TO PULL OVER AND OBEY IMMEDIATELY. PLAINTIFF WILSON HAD NOT COMMITTED ANY TRAFFIC VIOLATIONS, IN THE PRESCENCE OF DEFENDANT CARNOCHAN OR DEFENDANT ANDA GIVING THEM A VALID REASON TO PULL HIM OVER. PLAINTIFF WILSON AT THIS MOMENT FELT HE WAS NOT FREE TO LEAVE AND THAT HIS FRREDOM OF MOVEMENT HAD BEEN RESTRICTED. PLAINTIFF WILSON ASKED DEFENDANT CARNCOCHAN WHAT WAS THE REASON HE WAS BEING PULLED OVER? DEFENDANT CARNOCHAN DID NOT GIVE A RESPONSE TO THE QUESTION BUT PROCEEDED TO COMMAND ORDERS THAT I GIVE HIM MY IDENTIFICATION. PLAINTIFF WILSON REQUESTED FOR BOTH DEFENDANTS TO CALL A SERGEANT DUE TO THE VIOLATION OF HIS CONSTITUTIONAL RIGHTS. PLAINTIFF WILSON'S REQUEST WAS NEVER HONORED NO SERGEANT WAS CALLED. DEFENDANT CARNOCHAN RAN A WARRANT CHECK ON PLAINTIFF WILSON AND RETURNED TO THE CAR STATING THAT THERE WAS A WARRANT ON THE VEHICLE. DEFENDANT CARNOCHAN ALSO ASKED IF I WAS ON PAROLE, AND PLAINTIFF WILSON STATED YES. DEFENDANT CARNOCHAN ORDERED THAT PLAINTIFF STEP OUT OF THE CAR AND HE BEGAN TO UNLOCK THE CAR TO REMOVE PLAINTIFF WILSON HIMSELF. PLAINTIFF NEVER CONSENTED TO BEING SEARCHED AND HIS SUBSEQUENT GRIEVANCE AGAINST BOTH DEPUTIES, CARNOCHAN AND ANDA, CLARIFIES THIS ISSUE FOR THE COURT. THIS UNREASONABLE SEARCH, WAS CONDUCTED BY DEFENDANT CARNOCHAN ON THE PERSON OF PLAINTIFF CHRISTOPHER WILSON, AND WAS IN VIOLATION OF THE UNITED STATES CONSTITUTION 4TH AMENDMENT FREEDOM OF

PLEADING TITLE - 15

UNREASONABLE SEARCHES AN SEIZURES. THE UNREASONABLE SEARCH CONDUCTED BY DEFENDANT CARNOCHAN, WAS SUBSEQUENT TO THE ILLEGAL TRAFFIC STOP ALREADY IN PROGRESS WHICH VIOLATED THE 4TH AMENDMENT RIGHT TO BE FREE FROM UNREASONABLE SEIZURES AND UNLAWFUL DETENTIONS. THE LAW IS CLEARLY ESTABLISHED THAT WHEN THE INITIAL TRAFFIC STOP IS UNLAWFUL ALL ACTIONS THAT FOLLOW ARE ALSO UNLAWFUL, AND MAY TRIGGER VIOLATIONS OF THE 4TH AMENDMENT. PLAINTIFF'S WILSON FREEDOM OF MOVEMENT WAS RESTRICTED AND HE WAS FORCED TO COMPLY WITH DEFENDANT CARNOCHAN'S ABUSIVE METHODS OF POLICING. AT NO TIME DID DEFENDANT ANDA TRY TO INTERVENE BY STOPPING DEFENDANT CARNOCHAN FROM UNLOCKING PLAINTIFF'S WILSON CAR TO GRAB HIM OUT OF THE VEHICLE TO SEARCH HIM. DEFENDANT ANDA DID NOT IMMEDIATELY REPORT DEFENDANT CARNOCHAN'S ACTION TO A SUPEVISOR AS REQUIRED BY SHERIFF DEPARTMENTAL POLICY. THE SEARCH OF PLAINTIFF WILSON SHOULD HAVE NEVER OCCURRED BY DEFENDANT CARNOCHAN. THE LAW IS CLEARLY ESTABLISHED THAT SEARCHES MUST BE REASONABLE UNDER THE 4TH AMENDMENT OF THE U.S. CONSTITUTION. PAT DOWN SEARCHES, OR "FRISK," AS THEY ARE SOMETIMES CALLED, ARE GOVERNED BY TERRY V. OHIO, 393 U.S. 1 (1968) AND ITS PROGENY. TERRY PERMITS A "REASONABLE SEARCH FOR WEAPONS" IF THE INVESTIGATORY STOP IS LAWFUL AND THE OFFICERS HAS REASON TO BELIEVE THAT HE IS DEALING WITH AN ARMED AND DANGEROUS INDIVIDUAL. ARIZONA V. JOHNSON, 555 U.S. 323, 129 S.CT. 781, 784, 172 L.ED.2D 694 (2009) (DISCUSSING TERRY). AS IN THIS VERY CASE, PLAINTIFF WILSON IS ALLEGING THAT THE INTIAL TRAFFIC STOP WAS UNLAWFUL AND DEFENDANT CARNOCHAN RAN THROUGH A RED LIGHT STOPPING HIM FOR NO LEGITIMATE OR VALID REASON. PLAINTIFF WILSON ASSERTS THAT DEFENDANT CARNOCHAN NOR DEFENDANT ANDA HAD ANY KNOWLEDGE THAT I WAS ARMED AND DANGEROUS. PLAINTIFF WILSON ALLEGES THAT DEFENDANT CARNOCHAN AND DEFENDANT ANDA, HAD NO REASONABLE SUSPICION OR PROBABLE CAUSE TO STOP HIM ON APRIL 12TH, 2022. IF THIS IS THE CASE IN THIS MATTER, DEFENDANT CARNOCHAN AND DEFENDANT ANDA, ARE LIABLE FOR

PLEADING TITLE - 16

THE CONSTITUTIONAL VIOLATION OF PLAINTIFF'S RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES. DEFENDANT CARNOCHAN DID NOT HAVE ANY REASON TO PULL THE VEHICLE OVER. DEFENDANT CARNCOHAN DID NOT POSSESS ANY KNOWLEDGE OR ARTICULATABLE FACTS THAT A RED CHEVY CRUZE WITH A BLACK MALE DRIVER HAD BEEN INVOLVED IN ANY CRIMINAL ACTIVITY. DEFENDANT CARNOCHAN AND THE LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, ARE AWARE OF SUPREME COURT PRECEDENT WHICH CLEARLY ESTABLISHES YOU CANNOT PULL SOMEONE OVER WITHOUT ARTICULATABLE FACTS, WITHOUT REASONABLE SUSPICION, AND WITHOUT PROBABLE CAUSE. DEFFENDANT CARNOCHAN WAS ABLE TO SEE PLAINTIFF WILSON RACE THROUGH HIS WINDOW AND THAT WAS THE MOTIVATING FACTOR FOR DEFENDANT CARNOCHAN TO RUN THE RED LIGHT TO PURSUE PLAINTIFF WILSON. DEFENDANT CARNOCHAN NEVER ASK FOR PLAINTIFF WILSON'S CONSENT TO SEARCH HIM AND DID NOT POSSESS A VALID SEARCH WARRANT AS PRESCRIBED BY THE 4TH AMENDMENT OF THE U.S. COSTITUTION. PLAINTIFF WILSON NEVER CONSENTED TO THE SEARCH OF HIS PERSON AND FEARFULLY COMPLIED TO DEFENDANT CARNOCHAN WHO WAS GRABBING ON HIM AS HE EXITED THE VEHICLE. THUS, PLAINTIFF WILSON'S ALLEGATIONS ARE SUFFICIENT TO ALLEGE AN UNLAWFUL FRISK. (SEE DECLARATION OF CHRISTOPHER WILSON); (DECLARATION OF JOHANNA VIZCARRA).

**III. PLAINTIFF CHRISTOPHER WILSON'S THIRD CAUSE OF ACTION AGAINST DEFENDANT CARNOCHAN FOR VIOLATION OF THE 14TH AMENDMENT EQUAL PROTECTION CLAUSE (RACIAL PROFILING)**

PLAINTIFF WILSON IS SUING DEFENDANT CARNOCHAN UNDER 42 U.S.C. 1983 FOR AN EQUAL PROTECTION CLAIM. ON APRIL 12TH, 2022, BOTH DEFENDANT CARNOCHAN AND DEFENDANT ANDA WERE ACTING UNDER COLOR OF STATE LAW AS LOS ANGELES COUNTY SHERIFF'S DEPUTIES FOR THE LOS ANGELES COUNTY SHERIFF'S DEPARTMENT. PLAINTIFF CHRISTOPHER WILSON IS A

PLEADING TITLE - 17

THIRTY-YEAR-OLD AFRICAN AMERICAN MALE. PLAINTIFF WILSON ASSERTS HE IS A MEMBER OF A PROTECTED CLASS AS AN AFRICAN AMERICAN. ON APRIL 12TH, 2022, PLAINTIFF CHRISTOPHER WILSON WAS DRIVING THROUGH THE CITY OF COMPTON, CALIFORNIA WITH HIS GIRLFIEND, PLAINTIFF, JOHANNA VIZCARRA. PLAINTIFF WILSON WAS DRIVING A RED CHEVY CRUZE WITH PROPER DOCUMENTATION AND NO PROBLEMS WITH ITS OPERATION. AS PLAINTIFF WILSON APPROACHED A RED-LIGHT AT ROSECRANS AVENUE, HE WAITED FOR THE LIGHT TO CHANGE, SO HE COULD TURN LEFT ONTO ROSECRANS AVENUE. PLAINTIFF WILSON NOTICED THAT A LOS ANGELES COUNTY SHERIFF'S PATROL CAR WAS APPROACHING THE RED LIGHTHEADED WEST ON ROSECRANS AVENUE THE SAME WAY HE WOULD BE TURNING. WHEN THE LIGHT TURNED GREEN FOR PLAINTIFF WILSON TO GO, PLAINTIFF WILSON MADE A LEFT TURN. PLAINTIFF WILSON WAS IMMEDIATELY PURSUED BY DEFENDANT CARNOCHAN, WHO RAN THROUGH A RED LIGHT IN HIS OFFICIAL CAPACITY, AS A LOS ANGELES COUNTY SHERIFF'S DEPUTY, TO PURSUE A CAR WITHOUT REASONABLE SUSPICION OR PROBABLE CAUSE. DEFENDANT CARNOCHAN AND DEFENDANT ANDA, WERE BOTH ABLE TO SEE PLAINTIFF WILSON DUE TO BOTH OF THE FRONT WINDOWS BEING ROLLED COMPLETELY DOWN. DEFENDANT CARNOCHAN WAS DRIVING HIS PATROL CAR SO FAST THROUGH THE RED LIGHT, HE NEARLY HIT THE BACK OF PLAINTIFF WILSON'S VEHICLE AS PLAINTIFF WILSON SLOWED DOWN TO MAKE A RIGHT ONTO BRADFIELD AVENUE TO PROCEED NORTHBOUND. DEFENDANT CARNOCHAN FOLLOWED PLAINTIFF WILSON FOR SEVERAL BLOCKS BEFORE FLASHING HIS PATROL LIGHTS AND SIGNALING FOR PLAINTIFF WILSON TO PULL OVER. PLAINTIFF WILSON DID COMPLY BY PULLING OVER. PLAINTIFF WILSON ASSERTS THAT HIS RACE AND MEMBERSHIP AS AN AFRICAN AMERICAN MALE COULD BE THE ONLY REASON, HE WAS ILLEGLLY PULLED OVER AND RACIALLY PROFILED. PLAINTIFF WILSON HAD DONE ABSOLUTELY NOTHING WRONG AND THIS PROVEN BY THE LOS ANGELES COUNTY SHERIFF DEPARTMENT'S INVESTIGATION, IN WHICH, BOTH DEFENDANT CARNOCHAN AND DEFENDANT ANDA WERE REPRIMANDED FOR THEIR ACTIONS ON APRIL 12TH, 2022 DESCRIBED

PLEADING TITLE - 18

ALSO IN THIS COMPLAINT. (SEE EXHIBIT B). BOTH DEFENDANT CARNOCHAN AND DEFENDANT ANDA APPROACHED THE VEHICLE. DEFENDANT CARNOCHAN BEGAN TO ASK FOR PLAINTIFF WILSON'S IDENTIFICATION. PLAINTIFF WILSON ASKED DEFENDANT CARNOCHAN WHAT WAS THE CAUSE FOR THE STOP? DEFENDANT CARNOCHAN DID NOT ANSWER PLINTIFF WILSON'S QUESTION AND ASKED FOR IDENTIFICATION ONCE AGAIN. PLAINTIFF WILSON ASKED FOR A SERGEANT AND PROVIDED HIS IDENTIFICATION TO DEFENDANT CARNOCHAN AND DEFENDANT CARNOCHAN RETURNED TO HIS PATROL CAR. NEITHER DEFENDANT CARNOCHAN NOR DEFENDANT ANDA CALLED FOR A SERGEANT AS REQUESTED BY PLAINTIFF CHRISTOPHER WILSON. DEFENDANT ANDA REMAINED POSITIONED AT THE PASSENGER SIDE OF THE VEHICLE WITH HER HAND ON HER FIREARM. PLAINTIFF WILSON DID NO FEEL FREE TO LEAVE DUE TO DEFENDANT ANDA'S PRESENCE AND HER HAND ON HER WEAPON. PLAINTIFF WILSON BEGAN TO MAKE CONVERSATION WITH DEFENDANT ANDA. PLAINTIFF WILSON ASKED DEFENDANT ANDA, WHAT WAS THE REAL REASON THEY (DEFENDANT CARNOCHAN AND HERSELF) HAD PULLED HIM OVER. DEFENDANT ANDA STATED, "I DON'T KNOW ASK HIM. ALL WE SAW WAS YOU." DEFENDANT ANDA WAS REFERRING TO THAT THEY ONLY SEEN PLAINTIFF WILSON, DUE TO PLAINTIFF VIZCARRA LYING DOWN IN THE PASSENGER SEAT. DEFENDANT ANDA'S STATEMENT SHOWS THAT DEFENDANT CARNOCHAN AND DEFENDANT ANDA STOPPED PLAINTIFF WILSON SOLELY BECAUSE HE WAS BLACK OR BECAUSE THEY SAW A BLACK MALE. BOTH OF THESE REASONS FALL INTO THE CATEGORY OF ILLEGAL SELECIVE ENFORCEMENT OF THE LAWS THROUGH RACIAL PROFILING. BOTH DEPUTIES SAW A BLACK MAN DRIVING A RED CHEVY CRUZE AND ASSUMED IT WAS STOLEN OR POSSESSED SOMETHING ILLEGAL, WITHOUT ANY REASONABLE SUSPICION, PROBABLE CAUSE OR ARTICULATABLE FACTS TO JUSTIFY THE TRAFFIC STOP. BOTH DEFENDANT CARNOCHAN AND DEFENDANT ANDA HAD VIOLATED PLAINTIFF WILSON'S 4TH AMENDMENT RIGHT TO BE FREE FROM UNREASONABLE SEIZURES. PLAINTIFF WILSON WAS DENIED EQUAL PROTECTION OF THE LAWS BY DEFENDANT CARNOCHAN AND DEFENDANT ANDA AND WAS DEPRIVED THE RIGHT TO BE FREE FROM

PLEADING TITLE - 19

UNREASONABLE SEARCH AND SEIZURES. DEFENDANT CARNOCHAN RETURNED TO THE VEHICLE STATING THERE IS A WARRANT ON THE CAR. DEFENDANT CARNOCHAN ASKED PLAINTIFF WILSON IF HE WAS ON PAROLE AND PLAINTIFF WILSON, REPLIED YES. DEFENDANT CARNOCHAN BEGAN TO UNLOCK PLAINTIFF WILSON SIDE OF THE DRIVERS DOOR, GRABBING HIM AS PLAINTIFF WILSON EXITED THE VEHICLE. PLAINTIFF WILSON WAS SEARCHED BY DEFENDANT CARNOCHAN. DEFENDANT CARNOCHAN DID NOT HAVE PLAINTIFF WILSON'S CONSENT TO SEARCH HIM, PROBABLE CAUSE, AND DID NOT POSSESS A VALID WARRANT TO SEARCH HIM. PLAINTIFF WILSON COMPLIED OUT OF FEAR OF BEING SHOT BY DEFENDANT CARNOCHAN OR DEFENDANT ANDA. DEFENDANT CARNOCHAN PLACED PLAINTIFF WILSON IN THE BACK OF HIS PATROL CAR RESTRICTING HIS FREEDOM OF MOVEMENT AND LIBERTIES, VIOLATING PLAINTIFF'S 4TH AMENDMENT RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES. BOTH DEFENDANT CARNOCHAN AND DEFENDANT ANDA BEGAN ILLEGALLY SEARCHING PLAINTIFF VIZCARRA'S VEHICLE WITHOUT CONSENT, WITHOUT A SEARCH WARRANT AND WITHOUT PROBABLE CAUSE VIOLATING THE 4TH AMENDMENT FOR UNREASONABLE SEARCHES. THE WHOLE TRAFFIC STOP WAS ILLEGALLY. UPON THE DISCOVERY OF NO CONTRABAND IN THE VEHICLE, PLAINTIFF WILSON WAS REMOVED FROM THE PATROL CAR AND RELEASE FROM HANDCUFFS BY DEFENDANT CARNOCHAN. PLAINTIFF WILSON ASKED DEFENDANT CARNOCHAN TO PROVIDE HIM WITH A COPY OF THE ALLEGED WARRANT ON HIS VEHICLE USED TO STOP HIM. BOTH DEFENDANT CARNOCHAN AND DEFENDANT ANDA BEGAN WALKING TO THEIR PATROL CAR. PLAINTIFF WILSON REQUESTED THAT BOH DEPUTIES CALL A SERGEANT. DEFENDANT CARNOCHAN BEGAN TO DRIVE AWAY. DEFENDANT CARNOCHAN NEVER HAD REASONABLE SUSPICION OR PROBABLE CAUSE TO STOP PLAINTIFF WILSON ON APRIL 12TH, 2022, VIOLATING PLAINTIFF WILSON'S 4TH AMENDMENT RIGHTS. PLAINTIFF WILSON WAS STOPPED BECAUSE HE IS AFRICAN AMERICAN. DEFENDANT CARNOCHAN COULD NOT PROVIDE A REASON TO PLAINTIFF WILSON. DEFENDANT CARNOCHAN RAN THROUGH A RED LIGHT TO PURSUE A CAR THAT HAD DONE NOTHING WRONG, THIS IS SELECTIVE LAW

PLEADING TITLE - 20

ENFORCEMENT BASED ON DEFENDANT CARNOCHAN AND DEFENDANT ANDA PULLING OVER PLAINTIFF'S CAR FOR NO LEGITIMATE REASON. THE ONLY INFERENCE TO DRAW FROM THIS SCENARIO IS THAT DEFENDANT'S CARNOCHAN AND ANDA, USED RACE AS A FACTOR WHEN DECIDING TO PULL PLAINTIFF WILSON OVER WITHOUT PROBABLE CAUSE OR REASONABLE SUSPICION. NO OTHER CONCLUSION CAN BE DRAWN, FROM DEFENDANT CARNOCHAN RUNNING THROUGH A REDLIGHT TO PURSUE SOMEONE NOT ENGAGED IN CRIMINAL ACTIVITY. THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT STATES THAT "NO STATE SHALL… DENY TO ANY PERSON WITHIN ITS JURISDICTION THE EQUAL PROTECTION OF THE LAWS." U.S. CONST., AMEND. XIV SECTION 1. A PLAINTIFF ALLEGING DENIAL OF EQUAL PROTECTION BASED ON RACE OR ANOTHER SUSPECT CLASSIFICATION "MUST PLEAD INTENTIONAL UNLAWFUL DISCRIMINATION OR ALLEGE FACTS THAT ARE AT LEAST SUSCEPTIBLE OF AN INFERNECE OF DISCRIMINATORY INTENT." MONTEIRO V. TEMPE UNION HIGH SCHOOL DIST., 158 F.3D 1022, 1026 (9TH CIR. 1998). "INTENTIONAL DISCRIMINATION MEANS THAT A DEFENDANT ACTED ATLEAST IN PART BECAUSE OF A PLAINTIFF'S PROTECTED STATUS." SERRANO V. FRANCIS, 345 F.3D 1071 (9TH CIR. 2003) (QUOTING MAYNARD V. CITY OF SAN JOSE, 37 F.3D 1396, 1404 (9TH CIR. 1994)). IN THE ALTERNATIVE, WHERE THE ACTS IN QUESTION DO NOT INVOLVE A PROTECTED CLASS, A PLAINTIFF CAN ESTABLISH A "CLASS OF ONE" CLAIM BY ALLEGING HE "HAS BEEN INTENTIONALLY TREATED DIFFERENTLY FROM OTHERS IN SIMILARLY SITUATED AND THAT THERE IS NO RATIONAL BASIS FOR THE DIFFERENCE IN TREATMENT." VILL. OF WILLOWBROOK V. OLECH, 528 U.S. 562, 564 (2000). PLAINTIFF WILSON WAS TREATED DIFFERENTLY THAN SIMILARLY SITUATED WHITE MEN OR WHITE WOMEN UNDER EQUAL PROTECTION OF THE LAWS BY DEFENDANT CARNCOCHAN. PLAINTIFF WILSON ALLEGES THAT DEFENDANT CARNOCHAB HAD NO LAWFUL AUTHORITY TO DEPRIVE ME OF THE RIGHT TO BE FREE FROM UNREASONABLE SEIZURES. DEFENDANT CARNOCHAN INITIATED AN ILLEGAL TRAFFIC STOP BY RUNNING THROUGH A RED LIGHT AND STOPPING PLAINTIFF WILSON FOR NO REASON. "A SEIZURE CONDUCTED WITHOUT A WARRANT IS PER

PLEADING TITLE - 21

SE UNREASONABLE UNDER THE 4TH AMENDMENT SUBJECT ONLY TO A FEW SPECIFICALLY ESTABLISHED AND WELL DELINEATED EXCEPTIONS.: MIRANDA V. CITY OF CORNELIUS, 429 F.3D 858, 862 (9TH CIR. 2005) (QUOTING UNITED STATES V. HAWKINS, 249 F.3D 867, 872 (9TH CIR. 2001)). TO DECIDE WHETHER A WARRANTLESS SEIZURE WAS "REASONABLE," A COURT MUST BALANCE THE NATURE AND QUALITY OF THE INTRUSION ON THE INDIVIUAL'S 4TH AMENDMENT INTERESTS AGAINST THE IMPORTANCE OF THE GOVERNMENTAL INTERESTS ALLEGED TO JUSTIFY THE INTRUSION." UNITED STATES V. PLACE, 462 U.S. 696, 703 (1983). DEFENDANT CARNOCHAN WOULD NOT TELL PLAINTIFF WILSON WHY HE STOPPED HIM, ALTHOUGH PLAINTIFF WILSON ASKED MULTIPLE TIMES, KNOWING, HE HAD DONE NOTHING WRONG. DEFENDANT CARNOCHAN USED HIS AUTHOITY AS A SHERIFF DEPUTY TO DISCRIMINATE AGAINST PLAINTIFF WILSON DUE TO HIS RACE AND NO OTHER LEGAL OR LAWFUL JUSTIFICATION. WHITE MEN IN THIS SIMILAR SITUATION ARE NOT CHASE BY DEPUTIES WHILE MAKING A LEGAL TURN AND NOT ACTIVELY ENGAGED IN ANY CRIMINAL ACTIVITY. WHITE MEN IN THIS SIMILAR SITUATION ARE ALSO TOLD WHY THEY ARE BEING STOPPED. WHITE MEN IN THIS SIMILAR SITUATION ARE ALSO NOT REMOVED FROM THEIR VEHICLE IN THE MANNER DEFENDANT CARNOCHAN DID PLAINTIFF WILSON. WHITE MEN IN THIS SIMILAR SITUATION ARE TREATED MORE COURTEOUS AND RESPECTFUL THAN PLAINTIFF WILSON WAS BY DEFENDANT CARNOCHAN. PLAINTIFF WILSON REQUESTED A SERGEANT TO BE CALLED BY BOTH DEFENDANT CARNOCHAN AND DEFENDANT ANDA, NEITHER MADE ANY ATTEMPT TO ASSIST PLAINTIFF WILSON. WHITE MEN IN THIS SIMILAR SITUATION ARE ABLE TO RECEIVE HELP ON CONTACTING A SERGEANT, AND ALSO INFORMATION IS NOT WITHHELD FROM THEM DURING THE TRAFFIC STOP. PLAINTIFF WILSON WAS STOPPED WITHOUT CAUSE AND BASICALLY HAD TO GUESS WHY HE WAS BEING DETAINED BY DEFENDANT'S CARNOCHAN AND ANDA. AFTER THE TRAFFIC STOP WAS COMPLETED, PLAINTIFF WILSON REQUESTED INFORMATION ON THE ALLEGED WARRANT FROM DEFENDANT CARNOCHAN AND DEFENDANT ANDA, PLAINTIFF WILSON WAS TOLD TO GET AWAY FROM THE CAR BY DEFENDANT CARNOCHAN. THIS

PLEADING TITLE - 22

WHOLE TRAFFIC STOP WAS BASED ON DISCRIMINATION. THE WAY DEFENDANT CARNOCHAN AND DEFENDANT ANDA BEHAVED TOWARDS PLAINTIFF WILSON SHOWED RACIAL ANIMSCUS. DEFENDANT CARNOCHAN AND DEFENDANT ANDA PURPOSE AND INTENTIONALLY CHOSE TO RUN A RED LIGHT TO UNLAWFULLY SEIZE PLAINTIFF WILSON, ALTHOUGH THEY HAD NO REASONABLE SUSPICION OR PROBABLE CAUSE. THEIR ACTIONS DEPRIVED PLAINTIFF WILSON OF RIGHT TO EQUAL PROTECTION OF THE LAWS AND RIGHT TO BE FREE FROM UNREASONABLE SEIZURES. PLAINTIFF WILSON WAS DENIED THE RIGHT TO ASK QUESTIONS DURING THIS ILLEGAL TRAFFIC STOP. DEFENDANT ANDA NEVER MADE ANY ATTEMPTS TO STOP DEFENDANT CARNOCHAN DURING THIS ENCOUNTER, ALTHOUGH KNOWING THEIR ACTIONS WERE UNCONSTITUTIONAL AND VIOLATE TRAINING AND DEPARTMENT POLICY. ON APRIL 12TH, 2022, THERE WAS NO RATIONAL BASIS FOR THE GOVERNMENT INTRUSION UPON PLAINTIFF WILSON'S 4TH AMENDMENT RIGHT BY CONDUCTING A RACIALLY MOTIVATED, UNCONSTITUTIONAL SEARCH AND SEIZURE.

**IV. PLAINTIFF WILSON'S FIRST CAUSE OF ACTION AGAINST DEFENDANT PRISCILLA ANDA FOR VIOLATIONS OF PLAINTIFF WILSON'S 4TH AMENDMENT RIGHT TO BE FREE FROM UNLAWFUL DETENTION/UNREASONABLE SEIZURES. PLAINTIFF WILSON'S SECOND CAUSE OF ACTION AGAINST DEFENDANT PRISCILLA ANDA FOR VIOLATIONS OF PLAINTIFF'S 4TH AMENDMENT RIGHTS FOR FAILING TO INTERVENE.**

PLAINTIFF CHRISTOPHER WILSON IS SUING DEFENDANT PRISCILLA ANDA IN HER INDIVIDUAL CAPACITY FOR VIOLATIONS OF HIS 4TH AMENDMENT RIGHT TO BE FREE FROM UNLAWFUL DETENTION/UNREASONABLENESS SEIZURES AND

PLEADING TITLE - 23

FAILURE TO INTERVENE. ON APRIL 12TH, 2022, DEFENDANT ANDA WAS IN HER OFFICIAL CAPACITY AS A LOS ANGLES COUNTY SHERIFF'S DEPARTMENT DEPUTY AND ACTING UNDER COLOR OF STATE LAW. ON APRIL 12TH, 2022, DEFENDANT ANDA AND DEFENDANT CARNOCHAN CONSPIRED TO VIOLATE PLAINTIFF WILSON'S 4TH AMENDMENT RIGHT TO BE FREE FROM UNLAWFUL DETENTION/UNREASONABLE SEIZURES BY PULLING HIM OVER WITHOUT REASONABLE SUSPICION OR PROBABLE CAUSE. PLAINTIFF WILSON HAD DONE NOTHING WRONG WHEN DEFENDANT CARNOCHAN DECIDED TO ABUSE HIS AUTHOIRTY BY RECKLESSY ENDANGERING THE LIVES OF PLAINTIFF WILSON AND PLAINTIFF VIZCARRA, BY RUNNING THROUGH A RED LIGHT TO PURSUE HIM WIHOUT JUSTIFICATION. THE COURT SHOUL BE ABLE TO DRAW INFERENCES OF RACIAL PROFILING BASED ON THERE WAS NO REASON FOR THE DEFENDANTS TO CONDUCT THE TRAFFIC STOP AT ALL. SELECTIVE ENFORCEMENT OF THE LAW IS CLEARLY ESTABLISHED TO VIOLATE THE UNITED STATES CONSTITUTION. ON APRIL 12TH, 2022, PLAINTIFF CHRISTOPHER WILSON WAS DRIVING A RED CHEVY CRUZE IN HE CITY OF COMPTON, CALIFORNIA, ALONG WITH HIS GIRLFRIEND PLAINTIFF JOHANNA VIZCARRA. AS PALINTIFF WILSON WAS APPROACHING ROSECRANS AVENUE, HE PROCEEDED TO WAIT AT THE RED LIGHT WITH HIS LEFT TURNING SIGNAL ON. PLAINTIFF WILSON NOTICED A LOS ANGELES COUNTY SHERIFF PATROL CAR HEADED WESTBOUND ON ROSECRANS AVENUE CONTAINING DEFENDANT CARNOCHAN (DRIVER) AND DEFENDANT ANDA (PASSENGER). THE DEFENDANTS WERE NOW APPROACHING A RED LIGHT AND PLAINTIFF WILSON'S LIGHT WAS NOW GREEN SO HE PROCEEDED TO MAKE HIS LEFT TURN. DEFENDANT CARNOCHAN IMMEDIATEY RAN THROUGH THE RED LIGHT TO PURUE PLAINTIFF WILSON, ALMOST HITTING PLAINTIFF WILSON'S CAR WITHOUT REASONABLE SUSPICION OR PROBABLE CAUSE, VIOLATING PLAINTIFF WILSON'S 4TH AMENDMENT OF THE U.S. CONSTITUTION. DEFENDANT ANDA AND DEFENDANT CARNOCHAN VIOLATED CLEARLY ESTABLISHED LAW BY PULLING PLAINTIFF WILSON OVER WITHOUT ANY ARTICULATABLE FACTS TO JUSTIFY THE 4TH AMENDMENT REQUIREMENTS. PLAINTIFF WILSON CONTINUED TO DRIVE A FEW BLOCKS BEFORE DEFENDANT CARNOCHAN AND DEFENDANT ANDA

PLEADING TITLE - 24

SIGNALED FOR HIM TO PULL OVER. THIS WAS AN UNLAWFUL SEIZURE AND PLAINTIFF WILSON WAS HARASSED BY DEFENDANTS, SUBJECTED TO UNNECESSARY AND UNREASONABLE GOVERNMENT INTRUSION BY DEFENDANT ANDA AND CARNOCHAN. DFENDANT CARNOCHAN APPROACHED THE DRIVER SIDE AND DEFENDANT ANDA APPROACHED THE PASSENGER SIDE OF THE VEHICLE. DEFENDANT CARNOCHAN IMMEDIATELY ASKED PLAINTIFF WILSON FOR HIS IDENTIFICATION WITHOUT EXPLAINING THE NATURE OF THE STOP. PLAINTIFF WILSON ASKED DEFENDANT CARNOCHAN WHY WAS HE STOPPED? DEFENDANT CARNOCHAN NEVER PROVIDED AND ANSWER TO PLAINTIFF WILSON, NEITHER DID DEFENDANT ANDA. PLAINTIFF WILSON WAS BEING RACIALLY PROFILED BY BOTH DEPUTY DEFENDANTS. DEFENDANT CARNOCHAN AGGRESSIVELY ASKED PLAINTIFF WILSON FOR HIS IDENTIFICATION A SECOND TIME. PLAINTIFF WILSON COMPLIED. DEFENDANT CARNOCHAN WENT TO RUN PLAINTIFF WILSON FOR WARRANTS, SEIZING PLAINTIFF WILSON IN AN UNLAWFUL TRAFFIC STOP, AND VIOLATING THE 4TH AMENDMENT. WHILE PLAINTIFF WILSON WAS WAITING, HE ASKED DEFENDANT ANDA WHAT WAS THE REAL REASON THEY (SHE AND DEFENDANT CARNOCHAN) HAD STOPPED PLAINTIFF WILSON. DEFENDANT ANDA STATED, "YOU HAVE TO ASK HIM" REFERRING TO DEFENDANT CARNOCHAN. DEFENDANT ANDA FURTHER STATED, "WE ONLY SAW YOU AND NOT YOUR PASSENGER." BASED OFF DEFENDANT ANDA'S STATEMENTS RACIAL BIAS IS IMPLICATED IN THE TRAFFIC STOP. DEFENDANT CARNOCHAN RETURNED TO THE CAR STATING THERE WAS A WARRANTON THE VEHICLE, WHICH WAS A LIE. THIS LIE WAS USED BY DEFENDANT CARNOCHAN TO GAIN ENTRY INTO THE VEHICLE AND ILLEGALLY SEARCH PLAINTIFF WILSON. PLAINTIFF WILSON WAS ILLEGALLY SEARCHED AND PLACED IN HANDCUFFS WHICH RESTRICTED HIS FREEDOM OF MOVEMENT AND LIBERTIES. PLAINTIFF WILSON WAS PLACED IN THE BACK OF THE PATROL CAR AND SEIZED WITHIN THE MEANING OF THE 4TH AMENDMENT. DEFENDANT ANDA AND DEFENDANT CARNOCHAN ILLEGALLY SEARCHED THE VEHICLE WITHOUT A WARRANT OR PROBABLE CAUSE. AFTER FINDING NO CONTRABAND, DEFENDANT CARNOCHAN RELEASED PLAINTIFF WILSON FROM THE PATROL

PLEADING TITLE - 25

CAR AND HANDCUFFS. PLAINTIFF IMMEDIATELY ASKED TO BE PROVIDED INFORMATION ON THE WARRANT USED TO ILEGALLY SEARCH HIS VEHCILE. PLAINTIFF WILSON ALSO REQUESTED FOR BOTH DEFENDANTS TO CALL A SERGEANT DUE TO HIS CONSTITUTIONAL RIGHTS BEING VIOLATED. BOTH DEFENDANTS FAILED TO EXERCISE THEIR LAWFUL AUTHORITY AND ATTEMPTED TO COVER UP THIS INCIDENT. BOTH DEFENDANTS GOT INTO THEIR PATROL CAR AND DROVE OFF. PLAINTIFF WILSON DROVE TO THE COMPTON SHERIFF'S STATION AND FILED A GRIEVANCE AGAINST DEFENDANTS CARNOCHN AND ANDA. (SEE EXHIBIT A). "THE INFRINGEMENT ON PERSONAL LIBERTY OF ANY 'SEIZURE' OF A PERSON CAN ONLY BE 'REASONALE' UNDER THE 4TH AMENDMENT IF WE REQUIRE THE POLICE TO POSSESS 'PROBABLE CAUSE' BEFORE THEY SEIZE HIM." GONZALEZ V. UNITED STATES IMMIGR. & CUSTOMS ENF'T, 975 F.3D 788, 819 (9TH CIR. 2020) (EMPHASIS IN ORIGINAL) (QUOTING TERRY V. OHIO, 392 U.S. 1, 38 (1968)). "THE REASONABLENESS OF SEIZURES THAT ARE LESS INTRUSIVE THAN A TRADITIONAL ARREST DEPENDS ON A BALANCE BETWEEN THE PUBLIC INTEREST AND THE INDIVIDUALS'S RIGHT TO PERSONAL SEURITY FREE FROM ARBITRARY INTERFERENCE BY LAW ENFORCEMENT." HERE AS ALLEGED IN THIS COMPLAINT BY PLAINTIFF'S WILSON AND VIZCARRA, THE NEED FOR GOVERNMENT INTRUSION WAS NONE. THE BURDEN NOW SHIFTS TO THE GOVERNMENT TO SHOW THAT THE SEIZURE OF PLAINTIFF'S WILSON AND VIZCARRA WAS REASONABLE BY DEFENDANT'S CARNOCHAN AND ANDA. THE 4TH AMENDMENT PROTECTS PERSONS AGAINST "UNREASONABLE SEARCHES AND SEIZURES." U.S. CONST. AMEND. IV. THE SUPREME COURT "HAS STATED 'THE GENERAL RULE THAT 4TH AMENDMENT SEIZURES ARE 'REASONABLE' ONLY IF BASED ON PROBABLE CAUSE' TO BELIEVE THAT THE INDIVIDUAL HAS COMMITTED A CRIME." BAILEY V. U.S., 133 S. CT. 1031, 1037 (2013) (QUOTING DUNAWAY V. NEW YORK, 442 U.S. 200, 213 (1979)). "PROBABLE CAUSE EXISTS WHEN OFFICERS HAVE KNOWLEDGE OR REASONABLY TRUSTWORTH INFORMATION SUFFICIENT TO LEAD PERSON OF REASONABLE CAUTION TO BELIEVE THAT AN OFFENSE HAS BEEN OR IS BEING COMMITTED BY THE PERSON BEING ARRESTED." UNITED STATES V. LOPEZ, 482

PLEADING TITLE - 26

F.3D 1067, 1972 (9TH CIR. 2007) (CITING BECK V. OHIO, 379 U.S. 89, 91 (1964)). AT NO TIME DID DEFENDANT ANDA ATTEMPT TO LAWFULLY STOP THIS CONSTITUTIONAL VIOLATION. DEFENDANT ANDA WAS A COMPLICIT PARTICIPANT IN THE UNREASONABLE SEARCH AND SEIZURE OF PLAINTIFF WILSON. CLEARLY ESTABLISHED LAW STATES THAT AN OFFICER MUST INTERCEDE WHEN A CONSTITUTIONAL VIOLATION IS OCCURING BY A FELLOW OFFICER. LAW ENFORCEMENT OFFICERS HAVE A DUTY TO INTERCED WHEN A FELLOW OFFICER VIOLATES THE CONSTITUTIONAL RIGHTS OF A SUSPECT OR OTHER CITIZEN. TOBIAS V. ATREAGA, 996 F.3D 571, 583 (9TH CIR. 2021); CUNNINGHAM V. GATES, 229 F.3D 1271, 1289 (9TH CIR. 2000). IF AN OFFICER FAILS TO INTERCEDE, THAT PASSIVE OFFICER WILL BE HELD LIABLE FOR VIOLATING THE SAEM CONSTITUTIONAL RIGHT THAT WAS VIOLATED BY THE ACTIVE OFFICER. TOBIAS, 996 F.3D AT 584; UNITED STATES V. KOON, 34 F.3D 1416, 1447 N.25 (9TH CIR. 1994). THUS, "AN OFFICER WHO FILED TO INTERCEDE WHEN HIS COLLEAGUES WERE DEPRIVING A VICTIM OF HIS 4TH AMENDMENT RIGHT TO BE FREE FROM UNREASONABLE FORCE IN THE COURSE OF AN ARREST WOULD, LIKE HIS COLLEAGUES, BE RESPONSIBLE FOR SUBJECTING THE VICTIM TO DEPRIVATIONS OF HIS 4TH AMENDMENT RIGHTS." TOBIAS, 996 F.3D AT 584 (QUOTING KOON, 34 F.3D AT 1447 N.25). PLAINTIFF WILSON WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT TO BE FREE FROM UNREASONABLE SEARCH AND SEIZURE BY DEFENDANT ANDA AND CARNOCHAN.

**V. PLAINTIFF CHRISTOPHER WILSON CAUSE OF ACTION AGAINST THE COUNTY OF LOS ANGELES FOR 42 U.S.C. 1983 MONELL CLAIMS FOR AN UNWRITTEN POLICY, CUSTOM, AND PRACTICE OF UNREASONABLE SEARCHES AND SEIZURES AND SELECTIVE LAW ENFORCEMENT (RACIAL PROFILING).**

PLEADING TITLE - 27

PLAINTIFF WILSON HAS FILED A GOVERNMENT CLAIM WITH THE COUNTY OF LOS ANGELES AS A PREREQUISITE TO THIS FEDERAL LAWSUIT. PLAINTIFF WILSON'S CLAIM NUMBER 23-4416763. (SEE PLAINTIFF WILSON'S EXHIBIT C, COUNTY OF LOS ANGELES CLAIM FORM DATED MARCH 24TH, 2023.) PLAINTIFF WILSON IS SUING DEFENDANT COUNTY OF LOS ANGELES, A MUNICIPAL GOVERNMENT, FOR MONELL CLAIMS BASED ON THE POLICY, CUSTOM AND PRACTICE OF UNLAWFULLY DETENTION, SELECTIVE ENFORCEMENT/RACIAL PROFILING WHICH VIOLATES THE 4TH AND 14TH AMENDMENT RIGHTS OF PLAINTIFF WILSON. A MUNICIPALITY MAY BE HELD LIABLE ON THE BASIS OF AN UNCONSTITUTIONAL POLICY IF A PLAINTIFF CAN "PROVE THE EXISTENCE OF A WIDESPREAD PRACTICE THAT, ALTHOUGH NOT AUTHORIZED BY WRITTEN LAW OR EXPRESS MUNICIPAL POLICY, IS `SO PERMANENT AND WELL SETTLED AS TO CONSTITUTE A "CUSTOM OR USAGE" WITH THE FORCE OF LAW.'" *CITY OF ST. LOUIS V. PRAPROTNIK*, 485 U.S. 112, 127 (1988)(QUOTING *ADICKES V. S.H. KRESS & CO.*, 398 U.S. 144, 167-168 (1970)). "LIABILITY FOR IMPROPER CUSTOM MAY NOT BE PREDICATED ON ISOLATED OR SPORADIC INCIDENTS"—RATHER, "[T]HE CUSTOM MUST BE SO PERSISTENT AND WIDESPREAD THAT IT CONSTITUTES A PERMANENT AND WELL SETTLED CITY POLICY." *TREVINO V. GATES*, 99 F.3D 911, 918 (9TH CIR. 1996) (INTERNAL QUOTATION MARKS AND CITATIONS OMITTED). IT IS UNDER INFORMATION AND BELIEF THAT DEFENDANT CARNOCHAN AND DEFENDANT ANDA ARE MEMBERS OF THE EXECUTIONERS, A GANG WITHIN THE LASD COMPTON STATION. THE COUNTY OF LOS ANGELES AND LOS ANGELES COUNTY SHERIFF'S DEPARTMENT HAS MAINTAINED AN UNCONSTITUTIONAL POLICY, CUSTOM, AND PRACTICE OF UNLAWFULLY DETAINING U.S. CITIZENS BASED ON RACE, WITHOUT REASONABLE SUSPICION, SEARCH WARRANT OR PROBABLE CAUSE AND LASD GANGS. THE EXECUTIONER ARE A GANG WITHIN THE LASD COMPTON STATION AND ITS MEMBERS ARE INDUCTED BY COMMITTING CIVIL RIGHTS VIOLATIONS. THIS WIDESPREAD UNCONSTITUTIONAL POLICY, CUSTOM, AND PRACTICE OF UNREASONABLE SEARCHES AND SEIZURES IN PLACE BY THE COUNTY OF LOS ANGELES AND ENFORCED BY THE LASD, VIOLATES THE 4TH

PLEADING TITLE - 28

AND 14TH AMENDMENT RIGHTS OF THOSE IT COMES IN CONTACT WITH. THIS EXPRESS POLICY, CUSTOM AND PRACTICE ALLOWS FOR PLAINTIFF WILSON AND RESIDENTS OF THE COUNTY OF LOS ANGELES, TO BE TARGETED AND SUBJECTED TO UNLAWFUL TRAFFIC STOPS, IN WHICH, THEY ARE TREATED INHUMANE BY THE LASD DEPUTY GANG MEMBERS AND FORCED TO COMPLY TO UNLAWFUL SEARCHES AND SEIZURES/GOVERNMENT INTRUSION. THE COUNTY OF LOS ANGELES HAS FAILED TO ACT AND INTERVENE, BY IMPLEMENTING NEW TRAINING PROGRAMS THAT ADEQUATELY ADDRESS THESE CONSTITUTIONAL VIOLATIONS AND RIDDING THE SHERIFF'S DEPARTMENT OF GANG MEMBERS. THE COUNTY MAY NOT BE HELD VICARIOUSLY LIABLE FOR THE ACTIONS OF ITS EMPLOYEES, BUT INSTEAD IS LIABLE ONLY FOR ACTIONS THAT MAY BE ATTRIBUTED TO THE CITY ITSELF. *SEE CONNICK,* 563 U.S. AT 60. MUNICIPALITIES CAN ONLY ACT THROUGH INDIVIDUALS AND THEREFORE, TO ATTRIBUTE ACTIONS OF INDIVIDUALS TO THE GOVERNMENT ENTITY ITSELF WITHOUT IMPOSING VICARIOUS LIABILITY, THE INDIVIDUAL'S ACTIONS MUST BE PERFORMED "PURSUANT TO OFFICIAL MUNICIPAL POLICY" OR ACCORDING TO "PRACTICES SO PERSISTENT AND WIDESPREAD AS TO PRACTICALLY HAVE THE FORCE OF LAW." *ID.* AT 61; *SEE ALSO LONG,* 442 F.3D AT 1185 ("[I]T IS ONLY WHEN EXECUTION OF A GOVERNMENT'S POLICY OR CUSTOM INFLICTS THE INJURY THAT THE MUNICIPALITY AS AN ENTITY IS RESPONSIBLE.")

ON APRIL 12TH, 2022, PLAINTIFF WILSON WAS CASUALLY DRIVING THROUGH THE CITY OF COMPTON HEADING HOME WITH HIS GIRLFRIEND PLAINTIFF VIZCARRA. PLAINTIFF WILSON WAS STOPPED AT A RED LIGHT WAITING TO TURN LEFT WHEN THE LIGHT TURNED GREEN. AS PLAINTIFF WILSON WAS WAITING AT THE LIGHT, HE NOTICED A LASD PATROL CAR WHICH CONTAINED DEFENDANTS CARNOCHAN AND DEFENDANT ANDA, COUNTY OF LOS ANGELES EMPLOYEES. AS THE LIGHT TURN RED FOR THE SHERIFFS' DEPUTIES, PLAINTIFF WILSON PROCEEDED TO TURN AT THE LIGHT WHICH WAS NOW GREEN AND DESIGNATED FOR HIM TO DRIVE. AS SOON AS PLAINTIFF WILSON BEGAN TO TURN LEFT, DEFENDANT DEPUTY CARNOCHAN RAN THROUGH THE RED LIGHT

PLEADING TITLE - 29

TO PURSUE PLAINTIFF WILSON WITHOUT REASONABLE SUSPICION OR PROBABLE CAUSE. THIS TYPE OF BEHAVIOR BY COUNTY EMPLOYEES, IS THE NORM AND IS OFTEN UNDOCUMENTED AS IN PLAINTIFF WILSON'S SITUATION. PLAINTIFF WILSON WAS UNLAWFULLY DETAINED AND SEIZED WITHOUT REASONABLE SUSPICION OR PROBABLE CAUSE BY COUNTY EMPLOYEES, DEFENDANT CARNOCHAN AND DEFENDANT ANDA ACTING PURSUANT TO COUNTY OF LOS ANGELES POLICY, CUSTOM AND PRACTICE OF UNREASONABLE SEARCH AND SEIZURES WHICH IS UNCONSTITUTIONAL LAW ENFORCEMENT. THIS PRACTICE AND CUSTOM IS CONSTANTLY USED TO GAIN ILLEGAL ENTRY INTO VEHICLES, SUCH AS IN PLAINTIFF WILSON'S CASE WITHOUT WARRANT OR CONSENT. NEITHER DEFENDANT CARNOCHAN NOR DEFENDANT ANDA WOULD STATE THE REASON FOR THE TRAFFIC STOP TO PLAINTIFF WILSON BUT CONTINUED TO HARASS AND INTIMIDATE PLAINTIFF WILSON UNTIL HE PROVIDED HIS IDENTIFICATION. THIS LEVEL OF GOVERNMENT INTRUSION WITHOUT CAUSE VIOLATES THE U.S. CONSTITUTION. "A POLICY IS `A DELIBERATE CHOICE TO FOLLOW A COURSE OF ACTION . . . MADE FROM AMONG VARIOUS ALTERNATIVES BY THE OFFICIAL OR OFFICIALS RESPONSIBLE FOR ESTABLISHING FINAL POLICY WITH RESPECT TO THE SUBJECT MATTER IN QUESTION.'" *LONG*, 442 F.3D AT 1185(QUOTING *FAIRLEY V. LUMAN*, 281 F.3D 913, 918 (9TH CIR. 2002) (PER CURIAM)) (ALTERATION IN ORIGINAL). A CUSTOM FOR PURPOSES OF MUNICIPAL LIABILITY IS "A WIDESPREAD PRACTICE THAT, ALTHOUGH NOT AUTHORIZED BY WRITTEN LAW OR EXPRESS MUNICIPAL POLICY, IS SO PERMANENT AND WELL-SETTLED AS TO CONSTITUTE A CUSTOM OR USAGE WITH THE FORCE OF LAW." *CITY OF ST. LOUIS V. PRAPROTNIK*, 485 U.S. 112, 127 (1988) (INTERNAL QUOTATION OMITTED). "LIABILITY FOR IMPROPER CUSTOM MAY NOT BE PREDICATED ON ISOLATED OR SPORADIC INCIDENTS; IT MUST BE FOUNDED UPON PRACTICES OF SUFFICIENT DURATION, FREQUENCY AND CONSISTENCY THAT THE CONDUCT HAS BECOME A TRADITIONAL METHOD OF CARRYING OUT POLICY." *TREVINO V. GATES,* 99 F.3.D 911, 918 (9TH CIR. 1996).

ALTHOUGH THE COUNTY OF LOS ANGELES DOES NOT HAVE A WRITTEN POLICY

PLEADING TITLE - 30

CHALLENGED IN THIS ACTION, THE COUNTY HAS AN EXPRESS POLICY TO INITIATE UNLAWFUL TRAFFIC STOPS, UNREASONABLY SEARCHING AND SEIZING RESIDENTS ENFORCED BY LASD. PLAINTIFF WILSON'S ENCOUNTER WITH LASD IS NOT AN ISOLATED EVENT AND THIS ABUSE IS WELL ROOTED WITHIN THE LASD'S HISTORY. PLAINTIFF WILSON HAS ATTACHED THE FOLLOWING EXHIBITS D-H.) WHICH HELP THE COURT FIND THAT LASD HAS A WIDESPREAD CUSTOM AND PRACTICE OF ABUSING THEIR AUTHORITY BY INITIATING UNLAWFUL TRAFFIC STOPS, UNLAWFUL SEARCHES AND SEIZURES BASED ON RACE.

**EXHIBIT D.  THE UNLAWFUL SEARCH AND SEIZURE OF FORMER MAYOR AJA BROWN LASD SHERIFF'S COMPTON STATION.**

COMPTON MAYOR AJA BROWN SAYS HER COMMUNITY IS BEING TERRORIZED BY L.A. COUNTY SHERIFF'S DEPUTIES

A LOS ANGELES-AREA MAYOR ON TUESDAY ACCUSED POLICE OF "TERRORIZING THE COMMUNITY" AFTER GANG-LIKE ACTIVITY HAD BEEN REPORTED AT A DEPARTMENT PATROL STATION. COMPTON MAYOR AJA BROWN CALLED FOR CALIFORNIA ATTORNEY GENERAL XAVIER BECERRA TO INVESTIGATE THE LOS ANGELES COUNTY SHERIFF'S DEPARTMENT OVER ALLEGED CIVIL RIGHTS ABUSES BY DEPUTIES, AND IS URGING CITY LEADERS TO END THE CITY'S CONTRACT WITH THE DEPARTMENT. IN JUNE, BROWN SAID SHE WAS PULLED OVER WHILE TRAVELING WITH HER HUSBAND AND INFANT DAUGHTER FOR RUNNING A RED LIGHT, WHICH SHE DENIES. "I ROLLED MY WINDOW DOWN AND ASKED WHY I WAS BEING PULLED OVER," BROWN SAID OUTSIDE COMPTON CITY HALL, KABC-TV REPORTED. "WITHIN SECONDS, ALMOST SEVEN TO NINE SHERIFF DEPUTY VEHICLES DESCENDED UPON THE SCENE." THE DEPUTIES ORDER BROWN OUT OF HER CAR AND ASKED HER TO PUT HER HANDS ON TOP OF THE POLICE VEHICLE SO THE COULD SEARCH HER, BROWN SAID. "MIND YOU, I WAS ACCOMPANIED BY MY HUSBAND AND MY INFANT DAUGHTER IN THE BACK

PLEADING TITLE - 31

SEAT," SHE SAID. "I DID NOT LOOK LIKE SOMEONE THAT IS TRAFFICKING DRUGS." BROWN ASKED FOR THE STATE INVESTIGATION AFTER A DEPUTY FILED A CLAIM WITH COUNTY OFFICIALS ABOUT A ROGUE BAND OF DEPUTIES IN THE COMPTON PATROL STATION DUBBED THE "EXECUTIONERS." DEPUTY ART GONZALEZ CLAIMED THE GROUP IS COMPOSED OF 20 MEMBERS AND ANOTHER 20 OR SO ASSOCIATES, WHO ARE ALL DEPUTIES. THEY CELEBRATE DEPUTY-INVOLVED SHOOTINGS AND ENGAGE IN CIVIL RIGHTS ABUSES, ACCORDING TO HIS CLAIM. THE GANG RECRUITS DEPUTIES BASED ON THEIR USE OF VIOLENCE AGAINST SUSPECTS AND FELLOW DEPUTIES, AND NEARLY ALL ITS MEMBERS HAVE BEEN INVOLVED IN HIGH-PROFILE SHOOTINGS, ACCORDING TO THE CLAIM. "THEY TERRORIZE THE COMMUNITY AND THEN THEY COVER THEIR TRACKS," BROWN SAID. "IT IS UNACCEPTABLE, WE WILL NOT TAKE THIS." COMPTON CITY LEADERS SAID THEY PLANNED TO WRITE BECERRA AND ATTORNEY GENERAL BILL BARR TO REQUEST A CIVIL RIGHTS INVESTIGATION INTO THE COMPTON STATION. THEY ARE ALSO LOOKING AT OPTIONS TO TERMINATE THE CITY'S ANNUAL $22 MILLION CONTRACTS WITH THE AGENCY. "WE DEMAND JUSTICE FROM THE COMPTON SHERIFFS AND WE WILL NO LONGER CONTINUE TO PAY YOU $22 MILLION TO TERRORIZE THIS COMMUNITY," BROWN SAID. SHERIFF ALEX VILLANUEVA HAS DENIED THE PRESENCE OF GANG ACTIVITY AT THE COMPTON STATION. ON TUESDAY, THE DEPARTMENT SAID IT LAUNCHED INVESTIGATIONS INTO THE MATTER. THE AGENCY HAS COME UNDER HEAVY CRITICISM IN RECENT MONTHS OVER THE BEATING OF A BLACK MAN IN MAY AND THE FATAL SHOOTING OF AN 18-YEAR-OLD IN JUNE. IN THE SHOOTING INCIDENT, AN AUTOPSY FOUND THE TEEN WAS SHOT FIVE TIMES IN THE BACK. (HTTPS://WWW.FOXNEWS.COM/US/COMPTON-MAYOR-AJA-BROWN-SAYS-HER-COMMUNITY-IS-BEING-TERRORIZED-BY-L-A-COUNTY-SHERIFFS-DEPUTIES.AMP). PLAINTIFF WILSON WOULD LIKE TO PROVIDE THIS TO THE COURT IN SUPPORT OF HIS MONELL CLAIM OF THE COUNTY OF LOS ANGELES HAVING AN UNCONSTITUTIONAL POLICY, CUSTOM AND PRACTICE OF VIOLATING THE 4TH AMENDMENT AND 14TH AMENDMENT RIGHTS OF THOSE THEY COME IN CONTACT WITH, WITHOUT REASONABLE

PLEADING TITLE - 32

SUSPICION OR PROBABLE CAUSE. THE MAYOR OF COMPTON WAS SUBJECTED TO A VIOLENT TRAFFIC STOP, IN WHICH DEPUTIES LIED TO CREATE A FALSE NARRATIVE FOR PROBABLE CAUSE. MULTIPLE DEPUTIES FAILED TO REPORT THE MISCONDUCT AND ALSO FAILED TO INTERVENE WHILE THE ABUSE OF AUTHORITY OCCURRED. DEPUTIES OF THE COMPTON STATION OF LASD UNLAWFULLY DETAINED AND UNREASONABLY SEARCHED MAYOR BROWN AGAINST HER WILL AND WITHOUT CAUSE. THIS IS THE CUSTOM OF DOING THINGS WITHIN LASD AND THE COUNTY OF LOS ANGELES POLICY IS THE MOVING FORCE BEHIND THE CONSTITUTIONAL VIOLATIONS, BY ITS FAILURE TO ACT.

**EXHIBIT E. THE UNLAWFUL SEARCH AND SEIZURE OF DARRAL 'FEEZY LEBRON' SCOTT BY LASD SHERIFF'S.**

PASADENA, CALIF. (KABC) — LAWYERS FOR A LOS ANGELES-BASED RAPPER FILED A $10 MILLION CLAIM AGAINST LOS ANGELES COUNTY WEDNESDAY, ALLEGING SHERIFF'S DEPUTIES THREATENED TO SHOOT AND KILL HIM AS HE SAT ALONE IN HIS CAR ON NEW YEAR'S EVE.

FEEZY LEBRON AND HIS ATTORNEYS HELD A NEWS CONFERENCE IN PASADENA WEDNESDAY ARGUING THAT THE ENTERTAINER POSED NO THREAT TO LAW ENFORCEMENT, YET THEY STILL THREATENED HIM. THE RAPPER'S CLAIM, A POSSIBLE FORERUNNER TO A LAWSUIT, STATES THAT AT ABOUT 6 P.M. ON DEC. 31, HE WAS IN HIS CAR IN A GARDENA PARKING LOT WAITING TO MEET A FRIEND, LISTENING TO MUSIC AND LIVE STREAMING TO HIS FANS ON INSTAGRAM WHEN DEPUTIES DROVE UP AND SHINED A FLASHLIGHT AT HIS CAR. BODY CAMERA FOOTAGE CAPTURED THE ENCOUNTER. ONE DEPUTY OPENED THE DRIVER'S SIDE DOOR, GRABBED LEBRON BY THE ARM AND TRIED TO PULL HIM OUT, THE CLAIM STATES. MOMENTS LATER, A SECOND DEPUTY WALKED UP, PULLED OUT A CANISTER OF PEPPER SPRAY AND SAID HE WAS

PLEADING TITLE - 33

GOING TO SPRAY THE RAPPER, THE CLAIM STATES. THE SAME DEPUTY TOOK OUT HIS GUN, POINTED IT AT LEBRON'S CHEST AND REPEATEDLY THREATENED TO SHOOT HIM AS THE RAPPER SAT WITH HIS HANDS RAISED, ACCORDING TO THE CLAIM.THE DEPUTY ALLEGEDLY TOLD LEBRON, "MOVE YOUR HANDS FROM RIGHT THERE AND YOU'RE DONE," THE CLAIM STATES. THE DEPUTY ALSO SAID IN THE BODYCAM FOOTAGE, "YOU TAKE OFF IN THIS CAR, I'M GONNA SHOOT YOU" AND "YOU PUT THIS CAR IN DRIVE, YOU'RE GETTING ONE RIGHT TO THE CHEST." WHEN LEBRON ASKED THE DEPUTY IF HE WAS GOING TO SHOOT HIM, THE DEPUTY ALLEGEDLY SAID, "ABSOLUTELY," ACCORDING TO THE CLAIM. LEBRON WAS LATER TAKEN OUT OF HIS CAR, HANDCUFFED AND DETAINED HIM FOR ABOUT 30 MINUTES WHILE DEPUTIES SEARCHED THE VEHICLE, THEN SUBSEQUENTLY RELEASED HIM WITH A CITATION FOR A MISSING FRONT LICENSE PLATE, THE CLAIM STATES. THE SHERIFF'S DEPARTMENT SAYS DEPUTIES INITIALLY APPROACHED LEBRON IN THE 14900 BLOCK OF CRENSHAW BOULEVARD WHEN THEY NOTICED HE HAD A MISSING LICENSE PLATE ON HIS VEHICLE. FEEZY LEBRON, WHOSE REAL NAME IS DARRAL SCOTT, ARGUES HE WAS JUST SITTING IN HIS CAR WAITING FOR A FRIEND WHEN HE SUDDENLY HAD TO FACE A LAW ENFORCEMENT OFFICER POINTING A GUN AT HIM. "I WAS SCARED TO DEATH," LEBRON SAID AT THE PRESS CONFERENCE. "I DIDN'T THINK I WAS GOING TO MAKE IT HOME TO SEE MY KIDS." LEBRON CLAIMS HIS CIVIL RIGHTS WERE VIOLATED. HIS ATTORNEYS ARE CONFIDENT THEY HAVE A STRONG CASE. "THIS WAS ABSOLUTELY DISCRIMINATORY AND RACIST," LEBRON'S ATTORNEY MORGAN RICKETTS SAID. THE SHERIFF'S DEPARTMENT SAYS THERE'S AN INVESTIGATION INTO THE DEPUTY'S ACTIONS AND LANGUAGE. ATTORNEYS FOR LEBRON SAY THE SHERIFF'S DEPARTMENT HAS TO BE HELD ACCOUNTABLE. "WHEN YOU GOT A GUN POINTED IN YOUR FACE AND SOMEONE IS THREATENING YOU, THAT'S CRIMINAL," RICKETTS SAID. "THAT'S GANGSTER BEHAVIOR. IT'S THUGGERY." PLAINTIFF WILSON HAS A SIMILAR SITUATION AS MR. SCOTT. PLAINTIFF WILSON WAS ALSO DETAINED FOR NO REASON OR JUSTIFICATION AND HELD AGAINST HIS WILL BY LASD SHERIFFS WITHOUT AN EXPLANATION AS TO WHY. THIS IS A

PLEADING TITLE - 34

PATTERN WITHIN LASD AND THE FORCE OF LAW IN THE COUNTY OF LOS ANGELES. LASD HAS A PATTERN OF INITIATING UNLAWFUL DETENTIONS AT WILL.

HTTPS://ABC7.COM/AMP/FEEZY-LEBRON-THREATENED-BY-DEPUTY-LOS-ANGELES-SHERIFFS-DEPUTIES-VIDEO/12717113/

**EXHIBIT F.  DERRICK COOPER, BLACK MAN, UNLAWFULLY DETAINED, SEARCHED AND SEIZED INSIDE HIS HOME IN COMPTON, CALIFORNIA BY LASD COMPTON SHERIFF'S**

COMPTON, CALIF. (KABC) -- DERRICK COOPER WAS IN HIS COMPTON HOME, WHICH DOUBLES AS A YOUTH ACADEMY, EARLY TUESDAY MORNING WHEN LOS ANGELES COUNTY SHERIFF'S DEPUTIES ARRIVED ON AN ATTEMPTED BURGLARY CALL. THIS BUILDING WAS NOT BURGLARIZED. THE DOOR WAS LOCKED. COOPER POINTS TO A HOLE IN THE SCREEN DOOR, INTENDED AS A MAIL SLOT. HE SAYS, AND HOME SURVEILLANCE VIDEO SUGGESTS, DEPUTIES REACHED IN THROUGH THE SLOT AND UNLOCKED HIS DOOR. THE DEPUTIES THEN MADE THEIR WAY TO THE BACK, WHERE COOPER WAS SLEEPING. UNTIL HE WASN'T. "ALL I COULD SEE WAS FLASHLIGHT AND THE GUNS BEING POINTED AT ME," SAID COOPER, WHO LEADS THE COMPTON-BASED LA CITY WILDCATS NONPROFIT. WHEN HE LEARNED THE PEOPLE IN HIS HOME WERE LAW ENFORCEMENT MEMBERS, HE FOLLOWED EVERY ORDER. HE DID NOT KNOW WHY HE WAS BEING DETAINED. HE ALSO DIDN'T HAVE ANY PANTS ON, AND SAYS HE ASKED THE DEPUTIES IF HE COULD COVER UP. "AND THEY TOLD ME NO," SAID COOPER. "RIGHT THEN I BECAME HELPLESS BECAUSE MY DIGNITY WAS STOLEN FROM ME." DEPUTIES PUT COOPER IN THE BACK OF A PATROL VEHICLE AND LATER RELEASED HIM. THE SHERIFF'S DEPARTMENT TOLD ABC7 THAT ITS COMPTON STATION IS REVIEWING THE INCIDENT. AFTER THE INCIDENT, COOPER'S SURVEILLANCE VIDEO CAUGHT A DEPUTY APOLOGIZING,

PLEADING TITLE - 35

BUT COOPER FEELS IT ISN'T ENOUGH. HE SAYS IT'S THE SECOND TIME THE SHERIFF'S DEPARTMENT HAS WRONGFULLY DETAINED HIM. THE FIRST WAS IN 2019. HE DIDN'T SUE THEN. HIS ATTORNEY NOW LISTS SOME OF THE CHARGES HE'S CONSIDERING. "DEFINITELY THE INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS," SAID PERSON-LYNN. "THERE'S THE BATTERY, THE ASSAULT, THERE'S THE UNLAWFUL ENTRY AND VIOLATION OF HIS 4TH AMENDMENT RIGHTS." PERSON-LYNN PLANS TO FILE A CLAIM AGAINST THE COUNTY WITHIN THE NEXT WEEK. "I EXPECT SO MUCH MORE FROM OUR LAW ENFORCEMENT," SAID COOPER. "WE NEED THEM. WE WANT THEM TO DO WHAT WE NEED THEM TO DO AND THAT'S TO PROTECT US. NOT TO KEEP US IN FEAR. AND AS A BLACK MAN IN MY COMMUNITY, I'M IN FEAR." (HTTPS://ABC7.COM/AMP/COMPTON-YOUTH-ACADEMY-LASD-DEPUTIES/13167232/)

**EXHIBIT G. TWO COMPTON SHERIFFS ARRESTED AND CHARGED IN FEDERAL COURT WITH CIVIL RIGHTS VIOLATIONS WHILE ACTING UNDER COLOR OF STATE LAW.**

MIGUEL ANGEL VEGA, 32, AND CHRISTOPHER BLAIR HERNANDEZ, 37, BOTH OF WHOM WERE DEPUTIES ASSIGNED TO LASD'S COMPTON STATION, SURRENDERED THIS MORNING TO FEDERAL AUTHORITIES AFTER BEING NAMED IN A FIVE-COUNT INDICTMENT RETURNED BY A FEDERAL GRAND JURY ON MARCH 21. THAT INDICTMENT, WHICH WAS UNSEALED THIS MORNING, CHARGES BOTH DEFENDANTS WITH CONSPIRACY, DEPRIVATION OF RIGHTS UNDER COLOR OF LAW, WITNESS TAMPERING, AND FALSIFICATION OF RECORDS. VEGA ALONE IS CHARGED WITH AN ADDITIONAL COUNT OF FALSIFICATION OF RECORDS. ACCORDING TO THE INDICTMENT, VEGA AND HERNANDEZ WERE ON PATROL ON APRIL 13, 2020, WHEN THEY UNLAWFULLY DETAINED AND FALSELY IMPRISONED THE THEN-23-YEAR-OLD VICTIM IN THE BACK OF THEIR PATROL VEHICLE. THE VICTIM REMAINED CONFINED IN THE BACK OF THE VEHICLE DURING A SUBSEQUENT CHASE, WHICH ENDED WHEN VEGA CRASHED, INJURING THE VICTIM. THE INDICTMENT FURTHER ALLEGES

PLEADING TITLE - 36

THAT THE DEFENDANTS OBSTRUCTED JUSTICE IN MULTIPLE WAYS TO CONCEAL AND COVER UP THEIR UNLAWFUL DETENTION AND FALSE IMPRISONMENT OF THE VICTIM. "THE INDICTMENT ALLEGES THAT THESE TWO DEPUTIES VIOLATED A YOUNG PERSON'S CONSTITUTIONAL RIGHTS BY WILLFULLY AND ILLEGALLY DETAINING HIM WITHOUT JUST CAUSE," SAID UNITED STATES ATTORNEY MARTIN ESTRADA. "OFFICERS WHO ABUSE THEIR POWER MUST BE HELD ACCOUNTABLE, AND MY OFFICE IS COMMITTED TO PROSECUTING VIOLATIONS OF CIVIL RIGHTS BY THOSE WHO VIOLATE THEIR OATHS AND VICTIMIZE THOSE WHO THEY WERE SWORN TO PROTECT." "OFFICERS OF THE LAW ARE SWORN TO PROTECT THE COMMUNITIES THEY SERVE, NOT TO CREATE CRIMES AND VICTIMIZE RESIDENTS," SAID DONALD ALWAY, THE ASSISTANT DIRECTOR IN CHARGE OF THE FBI'S LOS ANGELES FIELD OFFICE. "THE CIVIL RIGHTS VIOLATIONS ALLEGED IN THE INDICTMENT –INCLUDING FALSE IMPRISONMENT, FALSIFICATION OF RECORDS AND WITNESS TAMPERING – CORRODE TRUST IN LAW ENFORCEMENT AND UNDERMINE EFFORTS BY THE VAST MAJORITY OF LAW ENFORCEMENT PROFESSIONALS WHO SERVE THEIR COMMUNITIES HONORABLY." HERE BOTH DEPUTIES WEEE CHARGE WITH VIOLATING THE CIVIL RIGHTS OF AN AFRICAN AMERICAN MAN WHILE ACTING UNDER COLOR OF STATE LAW. THESE DEPUTIES POSSESSED NO LAWFUL AUTHORITY TO DETAIN THIS MAN BUT YET THESE COUNTYBIF LOS ANGELES EMPLOYEES FELT IT WAS THEIR RIGHT TO DETAIN HIM WITHOUT REASONABLE SUSPICION OR PROBABLE CAUSE. THIS VIOLATION IS THE SAME AS PLAINTIFF WILSON'S AND PUT THE COUNTY ON NOTICE THAT CORRUPTION IS TAKING PLACE WITH LASD AND SPECIFICALLY WITHIN THE COMPTON STATION. PLAINTIFF WILSON SUIT IS FILED AGAINST DEPUTIES OF THE COMPTON STATION OF LASD AS WELL. THESE DEPUTIES VIOLATED THE 4TH AMENDMENT OF THIS MAN AND THEN FALSIFIED RECORDS TO JUSTIFY THEIR ACTIONS. THE WAY THAT BOTH DEPUTIES HAD NO PROBLEM IN LYING IN THEIR OFFICIAL POLICE REPORT LS SHOW THAT THIS IS THE UNWRITTEN POLICY, CUSTOM AND PRACTICE OF DOING THINGS. (HTTPS://WWW.JUSTICE.GOV/USAO-CDCA/PR/TWO-FORMER-LASD-DEPUTIES-CHARGED-VIOLATING-CIVIL-RIGHTS-23-YEAR-OLD-SKATEBOARDER-WHO).

PLEADING TITLE - 37

**EXHIBIT H. MAN IN COMPTON TASED BY LASD COMPTON SHERIFF'S WHILE DETAINED IN BACKSEAT OF PATROL CAR HANDCUFFED.**

DECEMBER 1, 2022: SHERIFF'S DEPUTY CHARGED WITH 2020 ON-DUTY ASSAULT IN COMPTON

CONTACT:

MEDIA RELATIONS DIVISION

(213) 257-2000

MEDIA@DA.LACOUNTY.GOV

LOS ANGELES COUNTY DISTRICT ATTORNEY GEORGE GASCÓN ANNOUNCED TODAY THAT LOS ANGELES COUNTY SHERIFF'S DEPUTY HIRAUDI LOPEZ-ROMERO HAS BEEN CHARGED WITH UNLAWFULLY USING A TASER STUN GUN ON SOMEONE WHO HAD BEEN DETAINED FOR SHOPLIFTING IN COMPTON TWO YEARS AGO. "THOSE WHO ARE SWORN TO PROTECT OUR COMMUNITIES ARE REQUIRED TO MAKE ETHICAL DECISIONS WITHIN THE CONFINES OF THE LAW," DISTRICT ATTORNEY GASCÓN SAID. "BUT WHEN THEY RESORT TO USING UNREASONABLE AND EXCESSIVE FORCE TO EXACT REVENGE RATHER THAN IN SELF-DEFENSE, THEIR ACTIONS BREAK THE LAW THAT THEY ARE SUPPOSED TO UPHOLD. MY OFFICE WILL HOLD THEM ACCOUNTABLE FOR THEIR ACTIONS." LOPEZ-ROMERO (DOB 12/4/92) WAS CHARGED IN CASE BA510923 WITH ONE FELONY COUNT OF ASSAULT UNDER COLOR OF AUTHORITY. SHE IS SCHEDULED TO BE ARRAIGNED JANUARY 31 IN DEPARTMENT 30 OF THE FOLTZ CRIMINAL JUSTICE CENTER. THE CASE WAS FILED FOR WARRANT YESTERDAY. ON DECEMBER 14, 2020, LOPEZ-ROMERO RESPONDED TO A POSSIBLE SHOPLIFTING CALL NEAR THE BLUE LINE TRAIN STATION IN COMPTON. A MAN WAS DETAINED AND WHEN HE ALLEGEDLY RESISTED GOING INTO A DEPUTY'S CAR, HE WAS PEPPER-SPRAYED. THE MAN, WHO WAS HANDCUFFED, WAS KICKING INSIDE THE VEHICLE AS HE WAS BEING TRANSPORTED TO A HOSPITAL TO BE

PLEADING TITLE - 38

TREATED, DECONTAMINATED AND CLEARED FOR BOOKING. WHILE EN ROUTE TO THE HOSPITAL, HE SHATTERED ONE OF THE WINDOWS WITH HIS FEET. THE DEFENDANT IS ACCUSED OF STOPPING AND EXITING THE VEHICLE, AND THEN USING A TASER ON THE HANDCUFFED MAN WHILE HE WAS DETAINED IN THE BACK SEAT OF THE VEHICLE. THE CASE REMAINS UNDER INVESTIGATION BY THE LOS ANGELES COUNTY SHERIFF'S DEPARTMENT'S INTERNAL CRIMINAL INVESTIGATIONS BUREAU. THIS CASE INVOLVES AN DEPUTY WHO VIOLATED SOMEONE'S CONSTITUTIONAL RIGHTS WHILE ACTING UNDER THE COLOR OF STATE LAW. THIS IS THE THIRD DEPUTY OF THE COMPTON STAION OF LASD CHARGED FOR VIOLATING CIVIL RIGHTS UNDER THE COLOR OF STATE LAW. THIS SHOWS A PATTERN THAT IS SO WIDESPREAD, THAT LAW ENFORCEMENT OFFICERS ARE BEING CHARGED IN CRIMINAL COURTS ONCE THEY'RE ACTIONS COME TO LIGHT. (HTTPS://DA.LACOUNTY.GOV/MEDIA/NEWS/SHERIFF-S-DEPUTY-CHARGED-2020-DUTY-ASSAULT-COMPTON)

THESE NEWS STORIES SHOW THE REALITY OF THE LASD AND THE CUSTOM OF UNCONSTITUTIONAL POLICING THAT PLAGUES THE COUNTY OF LOS ANGELES. CITIZENS ARE RANDOMLY CHOSEN AT WILL AND UNLAWFUL DETAINED BY LASD DEPUTIES. "[P]OLICIES CAN INCLUDE WRITTEN POLICIES, UNWRITTEN CUSTOMS AND PRACTICES, FAILURE TO TRAIN MUNICIPAL EMPLOYEES ON AVOIDING CERTAIN OBVIOUS CONSTITUTIONAL VIOLATIONS, . . . AND, IN RARE INSTANCES, SINGLE CONSTITUTIONAL VIOLATIONS [THAT] ARE SO INCONSISTENT WITH CONSTITUTIONAL RIGHTS THAT EVEN SUCH A SINGLE INSTANCE INDICATES AT LEAST DELIBERATE INDIFFERENCE OF THE MUNICIPALITY[.]" *ID.* AT 1153 (CITATIONS OMITTED). "A MUNICIPALITY MAY [ALSO] BE HELD LIABLE FOR A CONSTITUTIONAL VIOLATION IF A FINAL POLICYMAKER RATIFIES A SUBORDINATE'S ACTIONS." *LYTLE V. CARL,* 382 F.3D 978, 987 (9TH CIR. 2004). "IN ORDER TO ESTABLISH LIABILITY FOR GOVERNMENTAL ENTITIES UNDER *MONELL,* A PLAINTIFF MUST PROVE '(1) THAT [THE PLAINTIFF] POSSESSED A CONSTITUTIONAL RIGHT OF WHICH [S]HE WAS DEPRIVED; (2) THAT THE MUNICIPALITY HAD A POLICY; (3) THAT THIS POLICY

PLEADING TITLE - 39

AMOUNTS TO DELIBERATE INDIFFERENCE TO THE PLAINTIFF'S CONSTITUTIONAL RIGHT; AND (4) THAT THE POLICY IS THE MOVING FORCE BEHIND THE CONSTITUTIONAL VIOLATION.'" *DOUGHERTY V. CITY OF COVINA*, 654 F.3D 892, 900 (9TH CIR. 2011)(ALTERATIONS IN ORIGINAL) (QUOTING *PLUMEAU V. SCH. DIST. NO. 40 CNTY. OF YAMHILL*, 130 F.3D 432, 438 (9TH CIR. 1997)).

PLAINTIFF WILSON HAS DECLARED HE IS A U.S. CITIZEN BY BIRTH AND WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES BASED ON RACE BY DEFENDANT'S CARNOCHAN AND ANDA, WHO WERE ACTING ACCORDING TO UNWRITTEN POLICY, CUSTOM AND PRACTICES OF THE COUNTY OF LOS ANGELES. THE COUNTY IS ON NOTICE OF LASD'S UNCONSTITUTIONAL POLICING FROM THE EXCESS OF SUITS AND CLAIMS FILED AGAINST THE COUNTY AND SHOULD BE AWARE OF ITS DUTIES TO STEP IN BY IMPLEMENTING NEW TRAININGS THAT DEAL SOLELY WITH CONDUCTING LEGAL TRAFFIC STOPS AND 4TH AMENDMENT CASELAW. THE CURRENT TRAINING IS DEFICIENT AND CONSTITUTIONAL VIOLATIONS WILL CONTINUE TO HAPPEN BY THE COUNTY OF LOS ANGELES'S EMPLOYEES. THE COUNTY OF LOS ANGELES HAS FAILED TO NEGOTIATE WITH THE UNION FOR LASD REGARDING TERMINATION CLAUSES FOR DEPUTIES OR RANK WHO UNLAWFULLY SEIZE PEOPLE WITHOUT REASONABLE SUSPICION OR BASED ON RACE AS IN PLAINTIFF WILSON'S CASE. THE LOS ANGELES COUNTY SHERIFF'S DEPARTMENT ARE MUNICIPAL EMPLOYEES OF THE DEFENDANT COUNTY OF LOS ANGELES WHO ARE ACTING UNDER THE COLOR OF STATE LAW IN THE PERFORMANCE OF THEIR DUTIES. THIS POLICY OF THE COUNTY OF LOS ANGELES EFFECTUATED BY THE LOS ANGELES SHERIFF'S DEPARTMENT CONSISTS OF PULLING OVER LAW ABIDING CITIZENS WITHOUT REASONABLE SUSPICION OR PROBABLE CAUSE AND NOT DOCUMENTING THE TRAFFIC STOPS, UNDOCUMENTED UNREASONABLE SEARCHES, UNDOCUMENTED TRAFFIC STOPS BASED ON AFRICAN AMERICAN CLASSIFICATION, NOT ADVISING THE DETAINEE WHY THEY HAVE BEEN DETAINED, USING AGGRESSIVE POLICE TACTICS TO ESCALATE THE SITUATION AND FAILING TO COMPLY WITH THE LASD MANUAL

PLEADING TITLE - 40

OF POLICY AND PROCEDURES. THE AFOREMENTIONED POLICIES OF THE COUNTY OF LOS ANGELES ALLOWS THE LOS ANGELES SHERIFF'S DEPARTMENT TO RUN RAMPANT AND POLICE THE COMMUNITY IN A WAY THAT RUNS AFOUL OF THE CONSTITUTION. THESE CURRENT POLICIES OF THE COUNTY OF LOS ANGELES, SUBJECTS IT'S RESIDENTS TO RACIAL PROFILING, CONSTITUTIONAL VIOLATIONS SUCH AS UNLAWFUL DETENTIONS, UNREASONABLE SEARCHES AND SEIZURES. THESE UNWRITTEN POLICY'S ARE THE FORCE OF LAW BEHIND THE UNPRECEDENTED NUMBER OF CONSTITUTIONAL VIOLATIONS, CLAIMS AND TORTS AGAINST THE COUNTY OF LA REGARDING UNLAWFUL CONDUCT OF LASD. THE LACK OF OVERSIGHT BY THE COUNTY TO LOS ANGELES TO TAKE PREVENTIVE MEASURES TO PROTECT THE RIGHTS OF ITS RESIDENTS SHOWS IT IS DELIBERATELY INDIFFERENT, FOR FAILING TO TAKE ACTION.  THE COUNTY OF LOS ANGELES CANNOT FAIL TO TRAIN ITS COUNTY EMPLOYEES ON CONDUCTING LAWFUL TRAFFIC STOPS, THEN STATE IT HAS NO LEGAL LIABILITY FOR THE CONSTITUTIONAL VIOLATIONS THAT OCCUR FROM THE COUNTY'S FAILURE TO ACT AND TRAIN LASD PERSONNEL. PLAINTIFF WILSON WAS HARMED AND INJURED AS A RESULT OF COUNTY EMPLOYEES, CARNOCHAN AND ANDA'S UNLAWFUL ACTIONS WHILE ACTING OUT COUNTY POLICY, CUSTOM AND PRACTICES OF SEIZING RESIDENTS WITHOUT REASONABLE SUSPICION OR PROBABLE CAUSE. THE HARM PLAINTIFF WILSON SUFFERED DUE TO DEFENDANT CARNOCHAN AND DEFENDANT ANDA'S UNLAWFUL ACTIONS ARE IRREPARABLE. PLAINTIFF WILSON SUFFERS FROM EMOTIONAL DISTRESS AND IS SCARED TO DRIVE IN THE CITY OF COMPTON. AS A BLACK MAN PLAINTIFF LIVES IN FEAR OF THE LASD.

**VI. PLAINTIFF JOHANNA VIZCARRA'S FIRST CAUSE OF ACTION AGAINST DEFENDANT CARNOCHAN FOR VIOLATING HER 4TH AMENDMENT RIGHT TO BE FREE FROM UNLAWFUL DETENTION/UNREASONABLE SEARCHES SEIZURES.**

PLEADING TITLE - 41

PLAINTIFF JOHANNA VIZCARRA FIRST CAUSE OF ACTION AGAINST DEFENDANT TRAVIS CARNOCHAN IS FOR VIOLATING PLAINTIFF VIZCARRA'S 4TH AMENDMENT RIGHT TO BE FREE FROM UNREASONABLE SERCHES AND SEIZURES. PLAINTIFF VIZCARRA HAS ATTACHED TO THIS COMPLAINT COPIES OF A LOS ANGELES COUNTY SHERIFF'S DEPARTMENT GRIEVANCE FILED APRIL 12TH, 2022 AGAINST DEFENDANT CARNOCHAN AND DEFENDANT ANDA, FOR UNLAWFUL DETENTION/UNREASONABLE SEARCH AND SEIZURE. (PLAINTIFF VIZCARRA'S EXHIBIT A, LASD GRIEVANCE DATED APRIL 12TH, 2022.) THIS GRIEVANCE PROMPTED THE LOS ANGELES COUNTY SHERIFF'S DEPARTMENT TO CONDUCT AN INVESTIGATION INTO MY COMPLAINTS AGAINST DEFENDANT CARNOCHAN AND DEFENDANT ANDA. ON JULY 25TH, 2022, PLAINTIFF VIZCARRA WAS ADVISED BY THE LOS ANGELES COUNTY SHERIFF'S DEPARTMENT HAD TAKEN APPROPRIATE ADMINISTRATIVE ACTIONS AGAINST DEFENDANT CARNOCHAN AND DEFEND/ANT ANDA, FOR VIOLATIONS OF PLAINTIFF VIZCARRA'S 4TH AMENDMENT RIGHT TO BE FREE FROM UNLAWFUL DETENTION/UNREASONABLE SEARCH AND SEEIZURE. (PLAINTIFF VIZCARRA'S EXHIBIT B, LASD GRIEVANCE CLOSURE LETTER DATED JULY 25TH, 2022.) THE 4TH AMENDMENT OF THE UNITED STATES CONSTITUTION STATES, "THE RIGHT OF THE PEOPLE TO BE SECURE IN THEIR PERSONS, HOUSES PAPERS, AND EFFECTS, AGAINST UNREASONABLE SEARCHES AND SEIZURES, SHALL NOT BE VIOLATED, AND NO WARRANTS SHALL ISSUE, BUT UPON PROBABLE CAUSE, SUPPORTED BY OATH OR AFFIRMATION, AND PARTICULARLY DESCRIBING THE PLACE TO BE SEARCHED, AND THE PERSONS OR THINGS TO BE SEIZED." ON APRIL 12TH, 2022, PLAINTIFF JOHANNA VIZCARRA WAS RIDING PASSENEGER INSIDE HER RED CHEVY CRUZE WHICH IS REGISTERED TO HER. PLAINTIFF VIZCARRA WAS LAYING DOWN IN THE SEAT AS PLAINTIFF CHRISTOPHER WILSON DROVE HOME. UPON STOPPING AT INTERSECTION IN THE CITY OF COMPTON, CALIFORNIA, WE WERE FOLLOWED BY DEFENDANTS CARNOCHAN AND ANDA, WHO HAD DRIVEN THROUGH A RED LIGHT ENDANGERING THE SAFETY OF MYSELF AND PLAINTIFF WILSON. DEFENDANT CARNOCHAN DECIDED TO ABUSE HIS AUTHORITY BY

PLEADING TITLE - 42

DRIVING THROUGH A RED-LIGHT INTERSECTION TO PULL MY VEHICLE OVER. DEFENDANT CARNOCHAN CAME TO THE DRIVER SIDE OF MY CAR AND DEFENDANT ANDA APPROACHED MY SIDE OF THE VEHICLE. DEFENDANT CARNOCHAN WAS VERY AGGRESSIVE WHEN ASKING FOR PLAINTIFF WILSON'S IDENTIFICATION. PLAINTIFF WILSON ADVISED DEFENDANT CARNOCHAN THAT HE DID NOT DO ANYTHING AND WOULD LIKE FOR BOTH DEPUTIES TO CALL A SERGEANT. NEITHER DEPUTY CARNOCHAN NOR DEPUTY ANDA UTILIZED THEIR AUTHORITY TO CALL A SERGEANT AFTER PLAINTIFF CHRISTOPHER WILSON STATED HE WAS BEING RACIALLY PROFILED. DEFENDANT CARNOCHAN GOT MORE AGITATED WITH PLAINTIFF WILSON, DEMANDING THAT HE PROVIDE HIS IDENTICATION TO HIM. DEFENDANT ANDA NEVER INTERVENED AT THE WAY THE TRAFFIC STOP WAS BEING CONDUCTED AND REMAINED WITH HER HAND ON HER WEAPON. THIS SITUATION SCARED ME TREMENDOUSLY. I STILL HAVE NIGHTMARES ABOUT THIS. PLAINTIFF WILSON PROVIDED DEPUTY CARNOCHAN HIS STATE IDENTIFICATION. DURING THE TIME DEFENDANT CARNOCHAN WAS GONE, PLAINTIFF WILSON BEGAN TALKING TO DEFENDANT ANDA. PLAINTIFF WILSON ASKED DEFENDANT ANDA, WHY WERE WE PULLED OVER? DEFENDANT ANDA REPLIED, "YOU HAVE TO ASK HIM" DEFENDANT CARNOCHAN. PLAINTIFF WILSON STATED, "YOU GUYS STOPPED ME FOR NO REASON." DEFENDANT ANDA STATED, "WE ONLY SAW YOU IN THE CAR AND NOT YOUR PASSENGER." I WAS SHOCKED AT THE FACT, THAT SHE ADMITTED THAT. PLAINTIFF WILSON TOLD DEFENDANT ANDA I KNEW YOU GUYS STOPPED ME BECAUSE YOU SAW A BLACK MAN, THAT'S ILLEGAL. DEFENDANT CARNOCHAN RETURNED I'M ASSUMING HE HEARD THE BACK-AND-FORTH CONVERSATION THAT WAS HEATED. SEPUTIE CARNOCHAN AND ANDA, DID EVERYTHING IN THEIR POWER TO PROVOKE PLAINTIFF WILSON. DEFENDANT CARNOCHAN STATED MY VEHICLE HAD A WARRANT ON IT. THIS WAS FALSE AND INCORRECT. ON APRIL 12TH, 2022, MY VEHICLE WAS REGISTERED AND COMPLETE IN ITS OPERATION. PLAINTIFF WILSON MADE NO TRAFFIC VIOLATIONS AND ULIMATELY DID NOT RECEIVE ANY TICKET OR CITATION. DEFENDANT CARNOCHAN USED THIS LIE OF A FAKE WARRANT TO ILEGALLY HARASS PALINTIFF WILSON WHO HAD DONE NOTHING

PLEADING TITLE - 43

WRONG. DEFENDANT CARNOCHAN AND DEFENANT ANDA COULD NOT PROVIDE A REASON WHY THEY PULLED US OVER, AND THIS FAILS THE REQUIREMENTS OF THE 4TH AMENDMENT OF THE UNITED STATES CONTITUTION. DEFENDANT CARNOCHAN AND DEFENDANT ANDA, POSSESSED NO REAONABLE SUSPICION OR PROBABLE CAUSE SO THEY DECIDED TO MAKE UP A LIE. THIS LIE ULTIMATE LED TO THEIR SUSPENSION BY THEIR EMPLOYER THE LOS ANGELES COUNTY SHERIFF'S DEPARTMENT. (SEE PLAINTIFF'S VIZCARRA'S EXHIBIT B.) DEFENDANT CARNOCHAN BEGAN TO PULL PLAINTIFF WILSON OUT OF VEHICLE FOR NO REASON. PLAINTIFF WILSON REQUESTED A SERGEANT A SECOND TIME DUE TO HOW THINGS WERE ESCALATING. A SERGEANT WAS NEVER CALLED AND THESE TWO DEPUTIES WERE ALLOWED TO RUN THE CITY OF COMPTON TERRORIZING ORDINARY CITIZENS. I WAS AFRAID THEY WERE GOING TO KILL PLAINTIFF WILSON FOR BEING BLACK. DEFENDANT CARNOCHAN BEGAN TO ILLEGALLY SEARCH PLAINTIFF WILSON BEFORE HANDCUFFING HIM AND PLACING HIM IN THE BACK OF THE PATROL CAR. DEFENDANT ANDA REMAINED AT MY SIDE DOOR. DEFENDANT CARNOCHAN CAME BACK TO MY CAR AND THAT IS WHEN DEFENDANT ANDA BEGAN TELLING ME TO EXIT THE VEHICLE. AT THAT MOMENT I FELT I WAS NOT FREE TO LEAVE. I WAS BEING TOLD TO EXIT MY VEHICLE BY TWO AGGRESSIVE DEPUTIES WHO WERE ABUSING THEIR AUTHORITY. NEITHER I, NOR PLAINTIFF WILSON HAD DONE ANYTHING CRIMINAL TO DESERVE THIS TYPE OF TREATMENT. I WAS TOLD TO STAND BACK AWAY FROM THE CAR WHILE DEFENDANT CARNOCHAN AND DEFENDANT ANDA, ILLEGALLY SEARCHED MY CAR WITHOUT A SEARCH WARRANT, REASONABLE CAR, OR PROBABLE CAUSE. THIS VIOLATED MY RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AN EXPECTATION OF PRIVACY WITHIN MY VEHICLE. NEITHER DEPUTY ASKED FOR MY CONSENT AND I DID NOT PROVIDE CONSENT TO SEARCH MY VEHICLE ON APRIL 12TH, 2022. MOREOVER, IT IS GENERALLY PRESUMED A WARRANTLESS SEARCH IS UNREASONABLE, AND THEREFORE VIOLATES THE 4TH AMENDMENT, UNLESS IT FALLS WITHIN A SPECIFIED EXCEPTION TO THE WARRANT REQUIREMENT. RILEY V. CALIFORNIA, 134 S. CT. 2473, 2482 (2014) (CITING KENTUCKY V. KING, 563 U.S. 452 (2011)).

PLEADING TITLE - 44

"WARRANTLESS SEARCHES BY LAW ENFORCEMENT OFFICERS 'ARE PER SE UNREASONABLE UNDER THE 4TH AMENDMENT—SUBJECT ONLY TO A FEW SPECIFICALLY ESTABLISHED AND WELL-DELINEATED EXCEPTION.'" UNITED STATES V. CERVANTES, 703 F.3D 1135, 1138-39 (9TH CIR. 2012) (QUOTING KATZ V. UNITED STATES, 389 U.S. 347, 357 (1967)). AFTER NOT FINDING ANYTHING IN MY CAR DEPUTY CARNOCHAN RELEASED PLAINTIFF WILSON FROM HIS VEHICLE. PLAINTIFF WILSON IMMEDIATELY TOLD BOTH DEPUTIES TO CALL A SERGEANT HE WOULD LIKE TO FILE A COMPLAINT AGAINST BOTH DEPUTIES. PLAINTIFF WILSON ALSO ASKED FOR INFORMATION REGARDING THE WARRANT USED TO UNLAWFULLY DETAIN US. DEFENDANT CARNOCHAN AND DEFENDANT ANDA BEGAN TO GET IN THEIR VEHICLE IN AN ATTEMPT TO DRIVE OFF. THESE DEPUTIES WERE VERY DISRESPECTFUL IN THE MANNER OF THE TRAFFIC STOP AND NEVER TOLD US WHAT WE DID WRONG TO GET PULLED OVER. RIGHT AFTER THIS INCIDENT OCCURRED, PLAINTIFF WILSON AND ME, WENT TO THE COMPTON SHERIFF'S STATION TO FILE A GRIEVANCE AGAINST DEPUTY CARNOCHAN AND DEPUTY ANDA FOR RACIAL PROFILING, UNLAWFUL DETENTION/UNREASONABLE SEARCH AND SEIZURE. BOTH DEFENDANT CARNOCHAN AND DEFENDANT ANDA, DEPRIVED ME OF MY 4TH AMENDMENT RIGHT TO BE FREE FROM UNLAWFUL DETENTIONS/UNREASONABLE SEARCH AND SEIZURE. DEFENDANT CARNOCHAN DID NOT POSSESS ANY REASONABLE SUSPICION OR PROBABLE CAUSE, BUT YET DECIDED TO ABUSE HIS AUTHORITY, BY DETAINING PLAINTIFF MYSELF AND PLAINTIFF WILSON UNCONSTITUTIONALLY. THE LAW IS CLEARLY ESTABLISHED THAT GOVERNMENT INTRUSION MUST BE JUSTIFIED UNDER THE 4TH AMENDMENT AND NO JUSTIFICATION CAN BE PROVIDED HERE TO THIS COURT IN SUPPORT OF A DEFENSE FOR THE DEPUTY DEFENDANTS CARNOCHAN AND ANDA. "A SEIZURE CONDUCTED WITHOUT A WARRANT IS PER SE UNREASONABLE UNDER THE 4TH AMENDMENT SUBJECT ONLY TO A FEW SPECIFICALLY ESTABLISHED AND WELL DELINEATED EXCEPTIONS.: MIRANDA V. CITY OF CORNELIUS, 429 F.3D 858, 862 (9TH CIR. 2005) (QUOTING UNITED STATES V. HAWKINS, 249 F.3D 867, 872 (9TH CIR. 2001)). TO DECIDE WHETHER A WARRANTLESS SEIZURE WAS "REASONABLE," A

PLEADING TITLE - 45

COURT MUST BALANCE THE NATURE AND QUALITY OF THE INTRUSION ON THE INDIVIUAL'S 4TH AMENDMENT INTERESTS AGAINST THE IMPORTANCE OF THE GOVERNMENTAL INTERESTS ALLEGED TO JUSTIFY THE INTRUSION." UNITED STATES V. PLACE, 462 U.S. 696, 703 (1983). NEITHER DEFENDANT CARNOCHAN NOR DEFENDANT POSSESSED A VALID WARRANT TO SEIZE ME OR PLAINTIFF WILSON AND DID NOT POSSESS ANY EXCEPTION TO THE WARRANT REQUIREMENT. "STOPPING AN AUTOMOBILE AND DETAINING ITS OCCUPANTS CONSTITUTE[S] A SEIZURE [AND THUS IMPLICATES THE 4TH AMENDMENT] … EVEN THOUGH THE PURPOSE OF THE STOP IS LIMITED AND THE RESULTING DETENTION QUIET BRIEF." UNITED STATES V. CHOUDHRY, 461 F.3D 1097, 1100-01 (9TH CIR. 2006) (QUOTING DELAWARE V. PROUSE, 440 U.S. 648 (1979)) (INTERNAL QUOTATION MARKS OMITTED). "THE INFRINGEMENT ON PERSONAL LIBERTY OF ANY 'SEIZURE' OF A PERSON CAN ONLY BE 'REASONABLE' UNDER THE 4TH AMENDMENT IF WE REQUIRE THE POLICE TO POSSESS 'PROBABLE CAUSE' BEFORE THEY SEIZE HIM." GONZALEZ V. UNITED STATES IMMIGR. & CUSTOMS ENF'T, 975 F.3D 788, 819 (9TH CIR. 2020) (EMPHASIS IN ORIGINAL) (QUOTING TERRY V. OHIO, 392 U.S. 1, 38 (1968)). THIS SEIZURE CONDUCTED HERE WAS UNREASONABLE AND WAS NOT SUPPORTED BY PROBABLE CAUSE OR REASONABLE SUSPICION. BOTH DEFENDANT CARNOCHAN AND DEFENDANT ANDA, VIOLATED CLEARLY ESTABLISHED LAW WHICH PROHIBITS TRAFFIC STOPS WHICH ARE UNREASONABLE. ONE FACTOR OF UNREASONABLENESS, IS THE WAY DEFENDANT CARNOCHAN RAN THROUGH A RED LIGHT TO SEIZE OUR VEHICLE, ALTHOUGH WE WERE NOT ENGAGED IN ANY CRIMINAL ACTIVITY AND LACKED PROBALE CAUSE AND REASONABLE SUSPICION. "THE REASONABLENESS OF SEIZURES THAT ARE LESS INTRUSIVE THAN A TRADITIONAL ARREST DEPENDS ON A BALANCE BETWEEN THE PUBLIC INTEREST AND THE INDIVIDUAL'S RIGHT TO PERSONL SECURITY FREE FROM ARBITRARY INTERFERENCE BY LAW OFFICERS." BROWN V. TEXAS, 443 U.S. 47, 50 (1979) (QUOTATIONS AND CITATIONS OMITTED).

PLEADING TITLE - 46

**VII. PLAINTIFF JOHANNA VIZCARRA'S SECOND CAUSE OF ACTION AGAINST DEFENDANT ANDA FOR VIOLATING HER 4TH AMENDMENT RIGHT TO BE FREE FROM UNLAWFUL DETENTION/UNREASONABLE SEARCHES AND SEIZURES.**

PLAINTIFF JOHANNA VIZCARRA FIRST CAUSE OF ACTION AGAINST DEFENDANT TRAVIS CARNOCHAN IS FOR VIOLATING PLAINTIFF VIZCARRA'S 4TH AMENDMENT RIGHT TO BE FREE FROM UNREASONABLE SERCHES AND SEIZURES. PLAINTIFF VIZCARRA HAS ATTACHED TO THIS COMPLAINT COPIES OF A LOS ANGELES COUNTY SHERIFF'S DEPARTMENT GRIEVANCE FILED APRIL 12TH, 2022 AGAINST DEFENDANT CARNOCHAN AND DEFENDANT ANDA, FOR UNLAWFUL DETENTION/UNREASONABLE SEARCH AND SEIZURE. (PLAINTIFF VIZCARRA'S EXHIBIT A, LASD GRIEVANCE DATED APRIL 12TH, 2022.) THIS GRIEVANCE PROMPTED THE LOS ANGELES COUNTY SHERIFF'S DEPARTMENT TO CONDUCT AN INVESTIGATION INTO MY COMPLAINTS AGAINST DEFENDANT CARNOCHAN AND DEFENDANT ANDA. ON JULY 25TH, 2022, PLAINTIFF VIZCARRA WAS ADVISED BY THE LOS ANGELES COUNTY SHERIFF'S DEPARTMENT HAD TAKEN APPROPRIATE ADMINISTRATIVE ACTIONS AGAINST DEFENDANT CARNOCHAN AND DEFENDANT ANDA, FOR VIOLATIONS OF PLAINTIFF VIZCARRA'S 4TH AMENDMENT RIGHT TO BE FREE FROM UNLAWFUL DETENTION/UNREASONABLE SEARCH AND SEEIZURE. (PLAINTIFF VIZCARRA'S EXHIBIT B, LASD GRIEVANCE CLOSURE LETTER DATED JULY 25TH, 2022.) THE 4TH AMENDMENT OF THE UNITED STATES CONSTITUTION STATES, "THE RIGHT OF THE PEOPLE TO BE SECURE IN THEIR PERSONS, HOUSES PAPERS, AND EFFECTS, AGAINST UNREASONABLE SEARCHES AND SEIZURES, SHALL NOT BE VIOLATED, AND NO WARRANTS SHALL ISSUE, BUT UPON PROBABLE CAUSE, SUPPORTED BY OATH OR AFFIRMATION, AND PARTICULARLY DESCRIBING THE PLACE TO BE SEARCHED, AND THE PERSONS OR THINGS TO BE SEIZED." ON APRIL 12TH, 2022,

PLEADING TITLE - 47

PLAINTIFF JOHANNA VIZCARRA WAS RIDING PASSENEGER INSIDE HER RED CHEVY CRUZE WHICH IS REGISTERED TO HER. PLAINTIFF VIZCARRA WAS LAYING DOWN IN THE SEAT AS PLAINTIFF CHRISTOPHER WILSON DROVE HOME. UPON STOPPING AT INTERSECTION IN THE CITY OF COMPTON, CALIFORNIA, WE WERE FOLLOWED BY DEFENDANTS CARNOCHAN AND ANDA, WHO HAD DRIVEN THROUGH A RED LIGHT ENDANGERING THE SAFETY OF MYSELF AND PLAINTIFF WILSON. DEFENDANT CARNOCHAN DECIDED TO ABUSE HIS AUTHORITY BY DRIVING THROUGH A RED-LIGHT INTERSECTION TO PULL MY VEHICLE OVER, NEARLY HITTING MY CAR. DEFENDANTS CARNOCHAN AND DEFENDANT ANDA BEGAN FOLLOWING MY CAR BEFORE DECIDING TO SIGNAL FOR US TO PULL OVER WITHOUT CAUSE. DEFENDANT CARNOCHAN STATED OVER THE SPEAKER, "DRIVER TURN THE CAR OFF." I WAS NOW SEIZED WITHIN THE MEANING OF THE 4TH AMENDMENT BY A SHOWING OF AUTHORITY. DEFENDANT CARNOCHAN CAME TO THE DRIVER SIDE OF MY CAR AND DEFENDANT ANDA APPROACHED MY SIDE OF THE VEHICLE. DEFENDANT CARNOCHAN WAS VERY AGGRESSIVE WHEN ASKING FOR PLAINTIFF WILSON'S IDENTIFICATION. DURING THIS NONCONSENSUAL ENCOUNTER, DEFENDANG ANDA REMAINED POSITIONED WITH HER HAND ON HER FIREAMR, WHICH WAS UNNECESSARY. NEITHER PLAINTIFF WILSON NOR I, WERE ARMED AND THE DEFENDANT'S CARNOCHAN AND ANDA, DID NOT POSSESS REASONABLE SUSPICION FOR THE STOP IN THE FIRST PLACE. DEFENDANT CARNOCHAN ASKED PLAINTIFF WILSON FOR HIS IDENTIFICATION. PLAINTIFF COMPLIED BUT AAKED DEFENDANT CARNOCHAN WHY WAS HE BEING STOPPED. DEFENDANT CARNOCHAN WOULD NOT PROVIDE AN ANSWER TO PLAINTIFF WILSON. WE WERE TOLD TO WAIT BY DEFENDANT CARNOCHAN, WHO RETURNED TO HIS CAR TO RUN PLAINTIFF WILSON'S INFORMATION. AT THIS MOMENT, I FELT I WAS NOT FREE TO LEAVE AND THAT MY 4TH AMENDMENT RIGHTS WERE VIOLATED. IT IS CLEARLY ESTABLISHED LAW THAT PASSENGERS DURING TRAFFIC STOPS HAVE EQUAL STANDING TO CHALLENGE ILLEGAL AND UNLAWFUL GOVERNMENT INTRUSION. UPON DEFENDANT CARNOCHAN RETURNING TO OUR VEHICLE, HE STATED THERE WAS A WARRANT ON THE CAR. DEFENDANT CARNOCHAN BEGAN GRABBING

PLEADING TITLE - 48

PLAINTIFF WILSON FOR NO REASON TO MAKE HIM EXIT THE CAR. PLAINTIFF WILSON REQUESTED FOR A SERGEANT TO BE CALLED DUE TO RACIAL PROFILING BY BOTH DEPUTY DEFENDANTS. PLAINTIFF WILSON WAS UNLAWFULLY SEARCHED AND I WAS REMOVED FROM MY VEHICLE BY DEFENDANT ANDA. DEFENDANT MADE ME STAND AWAY FROM MY CAR AS HER AND DEFENDANT CARNOCHAN BEGAN TO SEARCH MY CAR UNLAWFULLY WITHOUT PROBABLE CAUSE OR A SEARCH WARRANT. I NEVER PROVIDE CONSENT TO SEARCH MY VEHICLE TO THE DEFENDNTS. IT WAS THROUGH A SHOW OF AUTHORITY AND INTIMIDATION USED BY DEFENDANTS CARNOCHAN AND ANDA THAT MADE ME FEEL I WAS NOT FREE TO LEAVE. BOTH DEPUTIES WERE INVADING MY PRIVACY AND SEARCHING MY CAR WITHOUT CAUSE. AT NO TIME DID DEFENDANT ANDA TRY TO INTERVENE BY CALLING OUT DEFENDANT CARNOCHAN FOR HIS UNCONSTITUTIONAL BEHAVIOR OR BY CALLING A SUPERVISOR/SERGEANT TO REPORT HIM. DEFENDANT ANDA WAS A FULL PARTICIPANT AND TOOK THE INITIATIVE TO ORDER ME OUT OF MY CAR AND SEARCH MY CAR UNLAWFULLY. AFTER THE TRAFFIC STOP, WE ADVISED DEFENDANT CARNOCHAN WE WOULD LIKE INFORMATION ON THE WARRANT USED TO TURN AN UNLAWFUL TRAFFIC STOP INTO A PROLONGED DEFACTO ARREST. DEFENDANT CARNOCHAN NOR DEFENDANT ANDA WOULD ANSWER ANY QUESTIONS. ITS LIKE SINCE THEY DIDN'T FIND ANY CONTRABAND IN MY CAR, WE WEREN'T A CONCERN ANYMORE. LIKE WE DIDN'T MATTER OR WHAT THEY JUST DID TO US DID NOT OCCUR. ON APRIL 12TH, 2022, I WAS DEPRIVED MY RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES BY DEFENADANT ANDA AND DEFENDANT CARNOCHAN. I WAS DETAINED WITHOUT CAUSE WHILE RIDING PASSENGER. THE LEVEL OF GOVERNMENT INTRUSION WAS NOT NEEDED BY DEFENDANTS ANDA AND CARNOCHAN AND VIOLATED MY 4TH AMENDMENT RIGHTS BECAUSE I WAS SEIZED WITHOUT REASONABLE SUSPICION OR PROBABLE CAUSE. A PLAINTIFF MUST ESTABLISH THE "INTEGRAL PARTICIPATION" OF THE DEFENDANT IN THE ALLEGED CONSTITUTIONAL VIOLATION. *ID.* WHILE "INTEGRAL PARTICIPATION" DOES NOT REQUIRE THAT EACH DEFENDANT'S ACTIONS THEMSELVES RISE TO THE LEVEL

PLEADING TITLE - 49

OF CONSTITUTIONAL VIOLATION, IT DOES REQUIRE "SOME FUNDAMENTAL INVOLVEMENT IN THE CONDUCT THAT ALLEGEDLY CAUSED THE VIOLATION." *BLANKENHORN V. CITY OF ORANGE*, 485 F.3D 463, 481 N.12 (9TH CIR. 2007); *BOYD V. BENTON COUNTY*, 374 F.3D 773, 780 (9TH CIR. 2004). DEFENDANT ANDA WAS PERSONALLY INVOLVED IN THE DEPRIVATION OF MY CONSTITUTIONAL RIGHTS. DEFENDANT ANDA'S HAND WAS ON HER WEAPON IN A SHOW OF SUPPORT WHILE HER PARTNER, DEFENDANT CARNOCHAN ENGAGED IN UNLAWFUL BEHAVIOR UNDER THE COLOR OF STATE LAW. DEFENDANT ANDA EVEN BARKED ORDERS AT ME TO SHOW ME HER AUTHORITY OVER ME. RATHER, ACTORS MAY BE LIABLE FOR MERE "INTEGRAL PARTICIPATION" IN THE UNLAWFUL CONDUCT. *SEE* *CHUMAN V. WRIGHT*, 76 F.3D 292, 294 (9TH CIR. 1996) (CITING *MELEAR V. SPEARS*, 862 F.2D 1177 (5TH CIR. 1989)). IN *MELEAR*, THE COURT HELD THAT AN OFFICER MAY BE HELD LIABLE UNDER § 1983 AND BE CONSIDERED "INTEGRAL" TO THE SEARCH, EVEN THOUGH HE MERELY REMAINED ARMED DURING THE SEARCH. *ID*. AT 1186.

I, PLAINTIFF CHRISTOPHER WILSON, SWEAR UNDER THE PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE AFOREMENTIONED IN THIS COMPLAINT IS TRUE AND CORRECT…

X.                                              DATE 05/08/2023

I, PLAINTIFF JOHANNA VIZCARRA, SWEAR UNDER THE PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE AFOREMENTIONED IN THIS COMPLAINT IS TRUE AND CORRECT…

X.                                              DATE 5/8/2023

PLEADING TITLE - 50

## DECLARATION OF CHRISTOPHER WILSON

I, CHRISTOPHER WILSON, DECLARE THE FOLLOWING UNDER THE PENALTY OF PERJURY OF THE LAWS OF THE UNITED STATES OF AMERICA,

1. ON APRIL 12TH, 2022, I WAS DRIVING IN THE CITY OF COMPTON, CALIFORNIA IN A RED CHEVY CRUZE, OWNED BY PLAINTIFF JOHANNA VIZCARRA. THE RED CHEVY CRUZE DRIVEN BY ME WAS COMPLETE IN ITS OPERATION AND ITS REGISTRATION. I ALSO POSSESSED A VALID LICENSE.

2. WHILE WAITING AT RED LIGHT WAITING TO TURN GREEN, I SAW A MARKED LOS ANGELES SHERIFF'S DEPARTMENT PATROL CAR (DEFENDANT'S CARNOCHAN AND ANDA) APPROACHING A RED LIGHT AT THE INTERSECTION OF BRADFIELD AVENUE AND ROSECRAN AVENUE.

3. AS THE LIGHT TURNED GREEN FOR ME TO GO, I TURNED LEFT AND WAS IMMEDIATELY PURSUED BY DEFENDANTS CARNOCHAN AND ANDA WITHOUT REASONABLE SUSPICION OR PROBABLE CAUSE.

4. I WAS FOLLOWED BY DEFENDANT CARNOCHAN AND DEFENDANT ANDA, BEFORE BEING PULLED OVER UNLAWFULLY AND WITHOUT COMMITTING ANY CRIMINAL ACIVITY. I WAS WRONGFULLY PURSUED BY DEFENDANT CARNOCHAN WHO RAN A RED LIGHT TO UNLAWFULLY STOP ME. I WAS SEIZED DURING THIS TRAFFIC STOP BY DEFENDANT'S CARNOCHAN AND ANDA.

5. DEFENDANT CARNOCHAN PULLED ME OVER AND WOULD TELL ME THE REASON FOR THE STOP. I REQUESTED A SERGEANT TO BE CALLED MULTIPLE TIMES DUE TO ME BEING RACIALLY PROFILED. DEFENDANT ANDA NEVER INTERVENED, ALHOUGH, KNOWING THEIR ACTIONS WERE UNCONSTITUTIONAL. WHEN PLAINTIFF WILSON ASKED DEFENDANT ANDA, WHAT WAS THE REAL REASON THEY (HER AND DEFENDANT CARNOCHAN) HAD PULLED ME OVER, DEFENDANT ANDA MADE AN

PLEADING TITLE - 51

EXCITED UTTERANCE THAT "THEY NEVER SEEN MY PASSENGER, JUST ME."

6. I WAS PULLED OUT OF MY VEHILE UNLAWFULLY, UNLAWFULLY SEARCHED, HANDCUFFED AND DETAINED IN THE BACK OF THE DEFENDANT'S CARNOCHAN AND ANDA'S PATROL CAR. THE ACTIONS OF DEFENDANT CARNOCHAN RESTRICTED MY FREEDOM OF MOVEMENT AND LIBERTIES. PLAINTIFF WILSON DID NOT CONSENT TO THIS ENCOUNTER.

7. WHILE PLAINTIFF WILSON WAS DETAINED ILLEGALLY IN THE BACK OF THE LASD PATROL CAR, DEFENDANT'S CARNOCHAN AND ANDA UNREASONABLY SEARCHED THE VEHICLE PLAINTIFF WILSON WAS DRIVING WITHOUT A WARRANT, REASONABLE SUSPICION OR PROBABLE CAUSE.

8. ON APRIL 12TH, 2022, I WAS RACIALLY PROFILED AND PULLED OVER FOR NO REASON OTHER THAN BEING AFRICAN AMERICAN. DEFENDANTS CARNOCHAN AND ANDA NEVER PROVIDED A VALID REASON OR CAUSE FOR THE TRAFFIC STOP.

9. PLAINTIFF WILSON WOULD LIKE TO AUTHENTICATE EXHIBIT A, BY STATING IT S A TRUE AND CORRECT COPY OF PLAINTIFF WILSON'S LOS ANGELES COUNTY SHERIFF'S DEPARTMENT GRIEVANCE (BUSINESS RECORD) FILED APRIL 12TH, 2022. THIS IS PLAINTIFF WILSON'S INITIAL COMPLAINT AGAINST DEFENDANTS CARNOCHAN AND ANDA FOR 4TH AMENDMENT AND 14TH AMENDMENT (EQUAL PROTECTION) VIOLATIONS.

10. PLAINTIFF WILSON WOULD LIKE TO AUTHENTICATE EXHIBIT B, BY STATING IT S A TRUE AND CORRECT COPY OF PLAINTIFF WILSON'S LOS ANGELES COUNTY SHERIFF'S DEPARTMENT GRIEVANCE RESPONSE LETTER (BUSINESS RECORD) DATED JULY 25TH, 2022. IN THIS RESPONSE FROM THE LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, LASD STATED THAT THE DEFENDANTS CARNOCHAN AND ANDA, WERE BOTH

PLEADING TITLE - 52

REPRIMANDED FOR THEIR ACTIONS ON APRIL 12TH, 2022. BOTH DEFENDANT CARNOCHAN AND DEFENDANT ANDA VIOLATED LASD POLICY WHILE ACTING UNDER THE COLOR OF STATE LAW.

11. PLAINTIFF WILSON WOULD LIKE TO AUTHENTICATE EXHIBIT C, BY STATING IT S A TRUE AND CORRECT COPY OF PLAINTIFF WILSON'S LOS ANGELES COUNTY CLAIM FORM (BUSINESS RECORD) FILED MARCH 24THTH, 2023. THIS IS A PREREQUISITE O FILING A LAWSUIT AGAINST A PUBLIC AGENCY. PLAINTIFF HAS DONE SUCH AND HIS CLLAIM WAS DENIED.

12. PLAINTIFF WILSON WOULD LIKE TO AUTHENTICATE EXHIBIT D, BY STATING IT S A TRUE AND CORRECT COPY OF A NEWS ARTICLE REGARDING AN UNLAWFUL TRAFFIC STOP BY THE LASD ON COMPTON MAYOR AJA BROWN. THIS NEWS ARTICLE IS RELEVANT TO ESTABLISHING A POLICY, CUSTOM, AND PRACTICE OF CONSTITUTIONAL VIOLATIONS OF THOSE WHO LASD DEPUTIES COMES IN CONTACT WITH. MAYOR BROWN WAS UNLAWFULLY DETAIN, SEARCH AND SEIZED IN VIOLATION OF THE 4TH AMENDMENT. IN THIS SITUATION DEPUTIES TRIED TO FALSIFY PROBABLE CAUSE BUT DID NOT REALIZE THAT THIS WAS THE MAYOR WHOM THEY WERE RACIALLY PROFILING. THIS EXHIBIT IS RELEVANT TO SUPPORT PLAINTIFF'S CLAIMS FOR POLICY, CUSTOM, AND PRACTICE OF VIOLATING THE RIGHTS OF THOSE WHOM LASD PERSONNEL COMES IN CONTACT WITH. THIS INCIDENT TOOK PLACE IN COMPTON. PLAINTIFF WILSON'S CAUSE OF ACTIONS AROSE IN COMPTON, CA AS WELL. LASD HAS A HISTORY OF SYSTEMATIC ABUSE AND IS ENFORCING THE COUNTY OF LOS ANGELES'S UNWRITTEN POLICY AND CUSTOM TO VIOLATE CONSTITUTIONAL RIGHTS FOR NO REASON.

13. PLAINTIFF WILSON WOULD LIKE TO AUTHENTICATE EXHIBIT E, BY

PLEADING TITLE - 53

STATING IT S A TRUE AND CORRECT COPY OF A NEWS ARTICLE REGARDING THE UNLAWFUL DETENTION OF DARRAL SCOTT WITHOUT REASONABLE SUSPICION OR PROBABLE CAUSE. THIS IS RELEVANT BECAUSE PLAINTIFF WILSON ALLEGES, HE WAS DOING NOTHING WRONG WHEN PULLED OVER, THIS CAN OUTLINE A CUSTOM AND PRACTICE OF PULLING PEOPLE OVER WITHOUT CAUSE, A 4TH AMENDMENT AND 14TH AMENDMENT VIOLATION BASED ON RACE. DARRAL "FEEZY LEBRON" SCOTT WAS UNLAWFULLY DETAINED BY LASD WHILE SITTING IN HIS CAR DOING NOTHING WRONG. MR. SCOTT WAS NOT DRIVING THE CAR, YET LASD DEPUTIES FELT IT WAS THERE RIGHT TO DEPRIVE MR. SCOTT IF HIS 4TH AMENDMENT RIGHTS BY UNLAWFULLY DETAINING AND SEARCHING HIM AND HIS VEHICLE. THE DEPUTIES ACTED RECKLESS MAY HERE AND THIS SUPPORTS PLAINTIFF WILSON'S CLAIMS OF POLICY CUSTOM AND PRACTICE OF CONSTITUTIONAL VIOLATIONS. THE LAW DOES NOT ALLOW THIS TYPE OF CUSTOM OF SEIZING RESIDENTS WITHOUT REASONABLE SUSPICION OR PROBABLE CAUSE. THIS CAN SUPPORT THE FACT THAT THE COUNTY OF LOS ANGELES HAS BEEN DELIBERATELY INDIFFERENT TO THE CONSTITUTIONAL VIOLATIONS COMMITTED BY LASD PERSONNEL.

14. PLAINTIFF WILSON WOULD LIKE TO AUTHENTICATE EXHIBIT F, BY STATING IT S A TRUE AND CORRECT COPY OF EXHIBIT F, A NEWS ARTICLE. ABOUT DERRICK COOPER. MR. COOPER WAS RUDELY AWAKENED TO THE SOUNDING LASD DEPUTIES INSIDE HIS HOME WITHOUT A WARRANT. THIS INCIDENT TOOK PLACE IN COMPTON, CA AS WELL AND IS RELEVANT TO SUPPORT MY CLAIMS OF AN UNWRITTEN POLICY, CUSTOM AND PRACTICE OF CONSTITUTIONAL VIOLATIONS OF THOSE WHOM LASD PERSONNEL COMES IN CONTACT WITH. MR. COOPER WAS UNLAWFULLY DETAINED INSIDE HIS HOME AND WAS NOT PROVIDED ANY EXPLANATION AS TO WHAT WAS GOING ON. THE DEPUTIES ULTIMATELY LEFT HIS HOME AFTER FINDING OUT IT WAS THE WRONG ADDRESS. MR. COOPER NEVER RECEIVED ANY APOLOGIES OR INFORMATION ABOUT THIS INCIDENT. THE SHERIFF DEPUTIES INVOLVED ALSO TREATED MR. COOPER VERY

PLEADING TITLE - 54

INHUMANE IN THIS INCIDENT AND WHILE INSIDE HIS HOME. THIS EXHIBIT IS RELEVANT TO SUPPORT MY CLAIMS OF AN UNWRITTEN POLICY CUSTOM AND PRACTICE OF CONSTITUTIONAL VIOLATIONS BY LASD PERSONNEL TO THOSE WHOM THEY COME IN CONTACT WITH.

15. PLAINTIFF WILSON WOULD LIKE TO AUTHENTICATE EXHIBIT G, BY STATING IT S A TRUE AND CORRECT COPY OF EXHIBIT G, THIS IS A D.O.J. REPORT WHICH TALKS ABOUT TWO LASD DEPUTIES OF THE COMPTON STATION WERE CHARGED IN FEDERAL COURT WITH CIVIL RIGHTS VIOLATIONS WHILE ACTING UNDER COLOR OF STATE LAW. MIGUEL ANGEL VEGA, 32 AND CHRISTOPHER BLAIR HERNANDEZ, 37 FORMER DEPUTIES CHARGED IN CRIMES HERE. THIS INCIDENT STEMS FROM THESE TWO LASD DEPUTIES UNLAWFULLY DETAINING A 23-YEAR-OLD AFRICAN AMERICAN MALE, AFTER HE ATTEMPTED TO STOP THE SHERIFF DEPUTIES FROM HARASSING SOMEONE ELSE. LASD DEPUTIES BECAME ENRAGED AND UNLAWFULLY DETAINED THIS INDIVIDUAL WITHOUT REASONABLE SUSPICION OR PROBABLE CAUSE. THIS WAS A CLEAR CASE OF A 4TH AMENDMENT VIOLATION. PLAINTIFF WILSON WOULD LIKE TO RELY ON THIS EXHIBIT TO SUPPORT HIS CLAIMS OF AN UNWRITTEN POLICY CUSTOM AND PRACTICE OF CONSTITUTIONAL VIOLATIONS OF THOSE WHOM LASD PERSONNEL COMES IN CONTACT WITH. THIS INFORMATION IS PUBLISHED ON THE DOJ WEBSITE AND PLAINTIFF WILSON HAS PROVIDED THE COURT WITH A LINK IN THE COMPLAINT.

16. PLAINTIFF WILSON WOULD LIKE TO AUTHENTICATE EXHIBIT H, BY STATING IT S A TRUE AND CORRECT COPY OF EXHIBIT H, This IS A LOS

PLEADING TITLE - 55

ANGELES DISTRICT ATTORNEY NEWS STATEMENT PUBLISHED ON THE OFFICIAL LOS ANGELES COUNTY DISTRICT ATTORNEY'S OFFICE. THIS STATEMENT FROM D.A. GASCON, IS ABOUT A LASD DEPUTY OUT OF THE COMPTON STATION, WHO WAS CHARGED WITH CIVIL RIGHTS VIOLATIONS AFTER PEPPER-SPRAYING A MAN WHO WAS DETAINED IN HANDCUFFS IN THE BACK OF THE PATROL CAR. THIS INCIDENT TOOK PLACE IN COMPTON. PLAINTIFF WILSON CLAIM AROSE IN COMPTON AS WELL. THERE IS A PATTERN OF SYSTEMATIC ABUSE IN LASD, SPECIFICALLY THE COMPTON STATION, WHICH RESULTS IN CONSTITUTIONAL VIOLATIONS OF LAW-ABIDING CITIZENS THROUGH UNCONSTITUTIONAL POLICING. THIS EXHIBIT IS ANOTHER SUPPORTING FACT AS TO THE POLICY CUSTOM AND PRACTICE OF THE COUNTY OF LOS ANGELES, WHICH IS THE LIVING FORCE OF PLAINTIFF WILSON'S CONSTITUTIONAL VIOLATION.

I, CHRISTOPHER WILSON, DECLARE UNDER THE PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE AFOREMENTIONED IS TRUE AND CORRECT.

X. _____    DATE 05/08/2023

PLEADING TITLE - 56

Plaintiff Wilson's

Exhibit A

Los Angeles Sheriff Dept.
Grievance dated 04/12/22

LOS ANGELES COUNTY SHERIFF'S DEPARTMENT
WATCH COMMANDER'S SERVICE COMMENT REPORT

227949

| Receiving Bur/Sta/Fac: | COMPTON STATION | Report Date: 4/12/2022 | Time: 1235 | SC#: 2552733 |
|---|---|---|---|---|
| Investigating Bur/Sta/Fac: | COMPTON STATION | URN #: | | IAB #: |

| | | | | |
|---|---|---|---|---|
| ☒ Mail<br>☒ In Person<br>☒ Telephone<br>☐ 800 Line<br>☐ E-Mail/Fax<br>☐ Website | ☐ Application to Duties<br>☐ Commendable Restraint<br>☐ Exemplary Conduct<br>☐ Tactical Excellence | ☐ Criminal Conduct (All copies to Unit Cmdr)<br>☐ Discourtesy<br>☐ Dishonesty<br>☐ Unreasonable Force<br>☐ Improper Tactics<br>☒ Improper Detention, Search, or Arrest | ☐ Neglect of Duty<br>☐ Operation of Vehicles<br>☐ Off Duty Conduct<br>☐ Harassment<br>☐ Discrimination<br>☐ Other | ☐ Policy/Procedures<br>☐ Response Time<br>☐ Traffic Citation<br>☐ Other |

| Last Name: WILSON | First Name: CHRISTOPHER | DAJHEN | Sex: M | Age: 29 | Race: B |
|---|---|---|---|---|---|
| Residence: 644 E. LEE PL. | City: AZUSA | CA | State: CA | Zip: 91702 | |

| Home Phone: (562) 306-3386 | Work Phone: NONE | Cell Phone: |
|---|---|---|
| Home E-Mail Address: CHRISTOPHERWILSON2121993@GMAIL | Work E-Mail Address: | |

Third Party: Yes ☐ No ☒     Present at Incident: Yes ☒ No ☐

Has any member of this Department attempted to discourage you in any way from bringing this matter to the attention of the Department? If Yes, Who? BOTH DEPUTIES    Yes ☒  No ☐

| Last Name: VIZCARRA | First Name: JOHANNA | MI: | Sex: F | Age: 38 | Race: H |
|---|---|---|---|---|---|
| Residence: 6330 RUGBY AVENUE, | City: HUNTINGTON PARK | CA | State: CA | Zip: 90255 | |

| Home Phone: (562) 306-3386 | Work Phone: | Cell Phone: |
|---|---|---|
| Home E-Mail Address: JOHANNAVIZCARRA27@YAHOO.COM | Work E-Mail Address: | |

| Date: 4/12/2022 | Time: 0930 | City or Station Area: COMPTON | | RD: 2825 |
|---|---|---|---|---|

Location/Address: BRADFIELD AVE / QUEENSDALE ST., COMPTON

Synopsis of Contact/Event: DEPUTIES STOPPED R/P WILSON & IP/VIZCARRA FOR A WARRANT TO THE VEHICLE. R/P STATES THERE WAS NO REASON (LEGAL) FOR STOP. DEPUTIES REFUSED TO CALL SUPERVISOR.

Was a Supervisor Present? Yes ☐ No ☒

| Last Name: | First Name: | MI: | Rank: | Employee #: |
|---|---|---|---|---|

| Last Name: | First Name: | MI: | Race: | Sex: | Home Phone: | Work Phone: |
|---|---|---|---|---|---|---|
| Residence: | | City: | | State: | Zip: | Cell Phone: |

| Home E-Mail Address: | Work E-Mail Address: |
|---|---|

| Last Name: CARNOCHAN | First Name: TRAVIS | MI: S | Work Phone: (310) 805-6500 | Height: 600 | Weight: 170 |
|---|---|---|---|---|---|
| Employee #: 653518 | Unit of Assignment: COMPTON | Work Assignment (Unit #, Module, etc): 284 | ☐ EM Shift  ☒ Day Shift  ☐ PM Shift | ☒ Regular Shift  ☐ O.T. Shift  ☐ Off Duty | |

| Last Name: ANDA | First Name: PRISCILLA | MI: I | Work Phone: | Height: | Weight: |
|---|---|---|---|---|---|
| Employee #: 634998 | Unit of Assignment: IRC | Work Assignment (Unit #, Module, etc): RAL | ☐ EM Shift  ☐ Day Shift  ☐ PM Shift | ☐ Regular Shift  ☐ O.T. Shift  ☒ Off Duty | |

| Last Name: | First Name: | MI: | Employee #: | Last Name: | First Name: | MI: | Employee #: |
|---|---|---|---|---|---|---|---|

| Print Full Name: MATTHEW VERZOLA | Employee #: 445588 | Signature: |
|---|---|---|

White - LTD Hdqtrs          Canary - Unit Commander          Pink - Division Hdqtrs          Green - Reporting Party

Plaintiff Wilson's

Exhibit B

Los Angeles Sherriffs Dept

Grievance response

Dated July 25, 2022

# OFFICE OF THE SHERIFF



## COUNTY OF LOS ANGELES
## HALL OF JUSTICE

ALEX VILLANUEVA, SHERIFF



July 25, 2022

Mr. Christopher D Wilson
644 East Lee Place
Azusa California 91702

### WATCH COMMANDER'S SERVICE COMMENT REPORT #227949

Dear Mr Christopher D Wilson

On April 12, 2022, you filed a complaint with Compton Station regarding a service complaint for personnel who contacted you during traffic stop

Thank you for taking time to express your concern regarding personnel from Compton Station. Your complaint was documented and assigned to Compton Station Lieutenant Matthew A. Verzola for investigation. Although California law prohibits me from discussing specific details of peace officer personnel matters, appropriate administrative action was taken upon conclusion of Lieutenant Verzola's investigation

I appreciate you bringing this matter to my attention and the opportunity it afforded me to evaluate the conduct of our personnel. If you have any questions about the results of our review of your complaint, please contact me within 10 business days of the date of this letter, at (310) 605-6558

Sincerely,

ALEX VILLANUEVA, SHERIFF

Craig S. Walker, Acting Captain
Compton Station

Wilson's

Exhibit C

Los Angeles County claim form



# LOS ANGELES COUNTY SHERIFF'S DEPARTMENT
## CLAIM FOR DAMAGES TO PERSON OR PROPERTY

**INSTRUCTIONS:**
1. Read entire claim thoroughly.
2. Fill out the claim completely.
3. This claim form must be signed.
4. Submit original signed copy.
5. Photocopies may be made for your records.

**WARNING**
- Claims for death, injury to person or to personal property must be filed no later than 6 months after the occurrence.
(GOV. CODE SECTION 911.2)
- All other claims for damages must be filed no later than one year after the occurrence.
(GOV. CODE SECTION 911.2)
Subject to certain exception, you have only six months from the date of written notice of rejection of your claim to file a court action.
(GOV. CODE SECTION 945.6)
- If written notice of rejection of your claim is not given, you have 2 years from accrual of the cause of the action to file a court action.
(GOV. CODE SECTION 945.6)

**TIME STAMP HERE FOR OFFICE USE ONLY**

**1. WHEN AND WHERE DID DAMAGE OR INJURY OCCUR?**
DATE: 04-12-22   TIME: 10:00 AM   STREET ADDRESS OR LOCATION: 1800 East Queensdale St   CITY: Compton, CA   ZIP: 90221

**15. WERE THE PARAMEDICS CALLED?** Y: NO

**16. DID THE CLAIMANT VISIT A PHYSICIAN?**
PHYSICIAN'S NAME:
ADDRESS/(PHONE):
DATE OF VISIT:

**2. NAME(S) OF SHERIFF PERSONNEL INVOLVED:**
NAME: Travis Carnochan   STATION / FACILITY: Compton Station
NAME: Priscilla Anda   STATION / FACILITY: Compton Station

**3. DESCRIBE IN DETAIL HOW DAMAGE OR INJURY OCCURRED:**
(Use attachments if necessary) On April 12th, 2022, Christopher Wilson was driving in Compton, CA when he was racial profiled by Compton Sheriffs, where this led to him being illegally detained and illegally searched and seized without reasonable suspicion or p.

**4. WHY DO YOU CLAIM THE SHERIFF'S DEPARTMENT IS RESPONSIBLE?** The deputies involved were acting under color of state law, and employed by the Los Angeles Sheriffs Department when the violations of my civil and state rights occurred. LASD failed to train deputies on racial profiling

**5. LIST DAMAGES INCURRED TO DATE** (Attach Copy of Receipts & Repair Estimates)
Federal lawsuit 42 U.S.C. 1983, Banes Act violation. LASD Complaint # 227949 attached Emotional distress

**17. WITNESS TO DAMAGE OR INJURY?**
NAME: Johanna Vizcarra
ADDRESS: 7757 Comstock Ave, Apt C
CITY/PHONE: Whittier, CA 90602 - (323) 909-4018
NAME:
ADDRESS:
CITY/PHONE:

**6. SHERIFF'S DEPARTMENT FILE OR REPORT#**
Complaint # 227949

**7. NAME OF CLAIMANT (Print Clearly)**
Christopher Dajhun Wilson

**8. DRIVER'S LICENSE OR I.D. #**
F2819967

**9. DATE OF BIRTH** 02/12/1993   **10. SOCIAL SECURITY** # 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   **11. Booking Number (if applicable)** None

**12. CORRESPONDENCE ADDRESS - (STREET, CITY, STATE, ZIP)**
7757 Comstock Ave #C, Whittier, CA 90602

**13. HOME PHONE (or phone you can be contacted at)** (323) 475-5416   **14. BUSINESS PHONE** ( )

**TOTAL DAMAGES TO DATE** $ 15,000,000
**TOTAL ESTIMATED DAMAGES** $ 20,000,000

## THIS CLAIM MUST BE SIGNED
NOTE: PRESENTATION OF A FALSE CLAIM IS A FELONY (PENAL CODE SEC. 72.)

**18. SIGNATURE OF CLAIMANT OR PERSON FILING ON HIS/HER BEHALF:**
**19. PRINT OR TYPE NAME** Christopher D. Wilson   **DATE** 03-24-2

Deliver or mail to Executive Officer, Board of Supervisors, County of Los Angeles, Room 383, Kenneth Hahn Hall of Administration, 500 W. Temple St. LA, CA 90012

Wilson

Exhibit D

News Article of mayor

Brown of Compton
unlawfully seized by LAPD



ABC7 INVESTIGATIONS

# LASD 'EXECUTIONERS': COMPTON MAYOR SAYS DEPUTIES HAVE 'TERRORIZED THE COMMUNITY FOR DECADES'

Compton's mayor and city activists shared stories of mistreatment by sheriff's deputies as they called for an investigation into a rogue deputy gang.

 *By Carlos Granda and Lisa Bartley*

Wednesday, August 5, 2020



Compton's mayor and city activists shared stories of mistreatment by sheriff's deputies as they called for an investigation into a rogue deputy gang nicknamed the "Executioners."

COMPTON, Calif. (KABC) -- Compton Mayor Aja Brown was driving through the city she leads last June when a Compton sheriff's deputy flipped a U-turn and pulled her over. Brown was in her family car, along with her husband and baby daughter.

"I rolled my window down and asked why I was being pulled over," Brown recalled Tuesday outside Compton City Hall. "Within seconds almost seven to nine sheriff deputy vehicles descended upon the scene."

Brown says the deputies claimed she ran a red light, something she adamantly denies.

"They ordered me out of my vehicle and they asked me to put my hands on top of the police vehicle so they could search me as if I were a criminal," Brown said. "Mind you, I was accompanied by my husband and my infant daughter in the back seat. I did not look like someone that is trafficking drugs."

Brown says the deputies searched her husband and her car for drugs, finding nothing. She recalls that a watch commander from the Compton station got involved and while deputies initially gave her a ticket, they then took it back.

"My infant daughter was screaming at the top of her lungs," Brown said, adding that while she filed an official complaint with the LASD, she's received no satisfactory answers.

"They terrorize the community and then they cover their tracks," Brown said. "It is unacceptable, we will not take this."

Mayor Brown's account came as city and community leaders called for a federal and state civil rights investigation into the Los Angeles County Sheriff Department's Compton patrol station. The station's deputies have been in the spotlight since news surfaced last week of an alleged deputy gang with matching tattoos known as the "Executioners."

**RELATED: Tattooed deputy gang rules Compton station, deputy alleges**

Deputy Art Gonzalez blew the whistle on the alleged gang of deputies in a newly filed government claim, the first step toward filing a lawsuit.

Deputy Gonzalez says that the "Executioner" deputies celebrate shootings of citizens with tattoo parties, set illegal arrest quotas and retaliated against him when he reported one alleged "Executioner" deputy for beating up a fellow deputy outside the patrol station earlier this year.

"Deputy Gonzalez, he's afraid for his safety right now as he should be," attorney Alan Romero told Eyewitness News. "This is a violent gang, you know - violence, shootings, beatings."



Community leaders at Tuesday's press conference say that unwarranted arrests and aggressive deputies are nothing new in the city of Compton.

Derrick Cooper is the founder of the L.A. City Wildcats Youth Academy in Compton. He was arrested last fall while preparing for a pre-Thanksgiving meal for kids in his group.

"I don't even know what I'm being arrested for," Cooper recalled. "I was shipped in a bus down to county jail, I was so humiliated to be locked in a shower, butt naked with over 200 men waiting to be processed."

Cooper says the deputies told him he "fit the description of someone they were looking for."

"This has got to stop," says Cooper, adding that deputies hauled him away in front of his youth group and released him from jail the next day with no charges. Cooper says the department later apologized.

Jermelle Henderson says he was pulled over at gunpoint by sheriff's deputies in Compton last month.

"She just pulled me out, grabbed one of my arms like this, pulled me out and put me in handcuffs," said Henderson. "I asked her why was she doing this? She said, 'Oh, this is what we do in Compton.'"



Henderson is a successful restaurant owner who city officials describe as a community partner, contributing to toy and food drives.

"He's not a gang banger, he's not a drug dealer... he makes food for our community," said Henderson's attorney Walter Mosley. "He didn't know if he was going to make it back home from a traffic stop."

Henderson says he was handcuffed and detained in the back of a patrol car before the deputy eventually released him with no explanation. Henderson says that at some point, the deputy recognized him from his restaurant and told him she'd be going to his restaurant "for a care package."

Compton city leaders say they will write to U.S. Attorney General William Barr and

California Attorney General Xavier Becerra to request a civil rights investigation into the Compton patrol station.

They are also exploring options to terminate their contract with the Los Angeles County Sheriff's Department. The city of Compton has a $22 million per year contract with the LASD to provide patrols and other law enforcement services.

"We demand justice from the Compton sheriffs and we will no longer continue to pay you $22 million to terrorize this community," said Mayor Brown, who takes issue with Sheriff Alex Villanueva's statement last week that "no gang of deputies is running any station right now."

In a statement released Tuesday, the LASD said: "We are aware of the allegations regarding Compton Station and have launched multiple investigations. Early on, the Sheriff invited the Federal Bureau of Investigation to conduct their own investigation and information is actively being shared with them.

"We send a clear message to the L.A. County Sheriff's Department that you clean up your house, get your house in order or we will surely help you do that," says Compton Mayor Pro Tem Michelle Chambers. "You have Executioners, you have gangs in your house!"

*Got a tip? Email ABC7 Investigative Producer Lisa.Bartley@abc.com*

## Report a correction or typo

Copyright © 2023 KABC Television, LLC. All rights reserved.

CCPA Notice                                                      Taboola Feed

## California Gov Will Cover The Cost To Install Solar If You Own A Home In These Zip Codes

California Solar | SunValue | Sponsored                          Learn More

## Silence Tinnitus by Doing This Once Daily - It's Genius

Healthy Guru | Sponsored

Wilson

Exhibit E

News Article
Rapper Feezy Lebron
Unlawfully seized by LASD



# RAPPER FILES $10 MILLION CLAIM AFTER VIDEO SHOWS LA COUNTY DEPUTY THREATENING TO SHOOT HIM

 By Leo Stallworth

Wednesday, January 18, 2023



Lawyers for rapper Feezy Lebron filed a $10 million claim, alleging L.A. County sheriff's deputies threatened to shoot and kill him as he sat alone in his car on New Year's Eve.

PASADENA, Calif. (KABC) -- Lawyers for a Los Angeles-based rapper filed a $10 million claim against Los Angeles County Wednesday, alleging sheriff's deputies threatened to shoot and kill him as he sat alone in his car on New Year's Eve.

Feezy Lebron and his attorneys held a news conference in Pasadena Wednesday arguing that the entertainer posed no threat to law enforcement, yet they still threatened him.

Recent Stories from ABC 7



The rapper's claim, a possible forerunner to a lawsuit, states that at about 6 p.m. on Dec. 31, he was in his car in a Gardena parking lot waiting to meet a friend, listening to music and live streaming to his fans on Instagram when deputies drove up and shined a flashlight at his car.

Body camera footage captured the encounter.

One deputy opened the driver's side door, grabbed Lebron by the arm and tried to pull him out, the claim states. Moments later, a second deputy walked up, pulled out a canister of pepper spray and said he was going to spray the rapper, the claim states.

The same deputy took out his gun, pointed it at Lebron's chest and repeatedly threatened to shoot him as the rapper sat with his hands raised, according to the claim.

The deputy allegedly told Lebron, "Move your hands from right there and you're done," the claim states.

The deputy also said in the bodycam footage, "You take off in this car, I'm gonna shoot you" and "You put this car in drive, you're getting one right to the chest."



When Lebron asked the deputy if he was going to shoot him, the deputy allegedly said, "Absolutely," according to the claim.

Lebron was later taken out of his car, handcuffed and detained him for about 30 minutes while deputies searched the vehicle, then subsequently released him with a citation for a missing front license plate, the claim states.

The sheriff's department says deputies initially approached Lebron in the 14900 block of Crenshaw Boulevard when they noticed he had a missing license plate on his vehicle.

Freezy Lebron, whose real name is Darral Scott, argues he was just sitting in his car waiting for a friend when he suddenly had to face a law enforcement officer pointing a gun at him.

"I was scared to death," Lebron said at the press conference. "I didn't think I was going to make it home to see my kids."

Lebron claims his civil rights were violated. His attorneys are confident they have a strong case.

"



NOW PLAYING
ONLY IN THEATERS    GET TICKETS

"This was absolutely discriminatory and racist," Lebron's attorney Morgan Ricketts said.

The Sheriff's Department says there's an investigation into the deputy's actions and language.

Attorneys for Lebron say the Sheriff's Department has to be held accountable.

"When you got a gun pointed in your face and someone is threatening you, that's criminal," Ricketts said. "That's gangster behavior. It's thuggery."

*City News Service contributed to this report.*

**Report a correction or typo**

Copyright © 2023 KABC Television, LLC. All rights reserved.

**Taboola** Feed

**Medicare Patients Are Eligible For 8 Free At-Home COVID-19 Tests Per Month**
Medicare and private health insurance patients are eligible for 8 at-home COVID-19 tests per month.
verifiedhealth.com | Sponsored

**Seniors on SS Are Now Entitled To These 24 "Kickbacks" In April (Tap For Full List)**
Seniors who get less than $2,348/mo with SS are now getting these 24 "Giveback" benefits in 2023.
YourPennySaver | Sponsored

Learn More

**Try The Best Free Slots On The Market**
Install Now And Play With 45,000,000 Free Coins
Get it on the App Store | Jackpot Party - Casino Slots | Sponsored

**Here's The Average Price Of Gutter Protection For Houses In US**

Wilson

Exhibit F
news article of Derrick Cooper
unlawfully seized by LASD



KTLA



# Compton community leader mistakenly detained by L.A. County Sheriff's deputies

Josh DuBose, John Fenoglio, and Kareen Wynter                    2 weeks ago



A man who has lived and worked in Compton for decades, a stalwart member of the community, found himself unexpectedly detained Tuesday by deputies with the Los Angeles County Sheriff's Department.

"I did not call for the sheriff or the police to come here. There was no need for them to come here," Derrick Cooper, founder of the L.A. City Wildcats Youth Academy, told KTLA. "I felt so humiliated and violated. I've never felt that way in my life."

https://ktla.com/news/local-news/compton-community-leader-mistakenly-detained-by-l-a-county-sheriffs-deputies/amp/          5/6/23, 5:48 PM
Page 1 of 5

It was around 4 a.m. when the community leader, who has dedicated his life to working with children, said he was handcuffed and hauled out of his home by sheriff's deputies.

"I wake up to guns and flashlights in my face," Cooper said.

He said he was disoriented by the lights and commotion as deputies ordered him to show his hands, get out of bed and walk slowly toward them.



Search for

1. **TAKE DMV PRACTICE TEST ONLINE** 〉

2. **CLOSEOUT DEALS AT BED BATH & BEYOND** 〉

3. **10 DAY WEATHER FORECAST** 〉

4. **TAX BENEFITS FOR SENIORS** 〉

5. **COUNTY JAIL INMATE SEARCH** 〉

Ad | Premium Searches

"I told them please don't shoot me," he said.

Wearing only a shirt, Cooper asked if he could put on more clothes, but was told no and to continue moving toward them.

"I knew I was going to die that morning because you hear 'L.A. County Sheriffs' and guns are drawn," Cooper said. "The first thing that went through my mind was Breanna Taylor, all of these people that have died in their apartments because police came in their dwellings."

Without his pants or underwear, deputies escorted Cooper outside to a patrol car.



**New Military Grade Telescope Lets You See for Miles**
Learn More







"I just can't believe this happened to me. My dignity, you know, you parade me out here on Compton Boulevard with no underwear. Don't you have any compassion?" he asked. "I'm a Black man trying to do something positive, trying to be a part of something that's going to leave a legacy for my family, in my community and it was almost taken away from just like that, and all I get is, 'I'm sorry, we've got the wrong building.' It's unacceptable, man. I am a human being."

The Compton Sheriff's Station said in a statement that they are "thoroughly reviewing the incident and more information is forthcoming."

Cooper said he and his attorney will be holding a press conference Friday at 1 p.m. at 200 Corporate Pointe, suite 495, in Culver City.

Categories: Local News, News

## Around the Web



**Thousands of Los Angeles Seniors Are Getting Walk-in Tubs With This New Program**

Smart Consumer Update



Wilson

Exhibit G

D.O.J report of two sherriff

Deputie charged with violating

civil rights.



Welcome to the new look of justice.gov. In the coming months you'll see more
pages in this new design. Please share your feedback with our webmaster.    ×

An official website of the United States government
Here's how you know

United States
Attorney's Office
Central District of California

Menu

Search    🔍

**PRESS RELEASE**

# Two Former LASD Deputies Charged with Violating the Civil Rights of 23-Year-Old Skateboarder Who Was Falsely Imprisoned

Thursday, April 13, 2023

Share  >

**For Immediate Release**

U.S. Attorney's Office, Central District of California

## Victim Was Detained in Patrol Vehicle that Crashed During Subsequent Pursuit

*LOS ANGELES* – Two former Los Angeles County Sheriff's Department deputies are
scheduled to be arraigned this afternoon on federal charges alleging they violated the

civil rights of a young man at a skatepark by falsely imprisoning him and then obstructing justice to cover up the illegal detention.

Miguel Angel Vega, 32, and Christopher Blair Hernandez, 37, both of whom were deputies assigned to LASD's Compton Station, surrendered this morning to federal authorities after being named in a five-count indictment returned by a federal grand jury on March 21.

That indictment, which was unsealed this morning, charges both defendants with conspiracy, deprivation of rights under color of law, witness tampering, and falsification of records. Vega alone is charged with an additional count of falsification of records.

According to the indictment, Vega and Hernandez were on patrol on April 13, 2020, when they unlawfully detained and falsely imprisoned the then-23-year-old victim in the back of their patrol vehicle. The victim remained confined in the back of the vehicle during a subsequent chase, which ended when Vega crashed, injuring the victim. The indictment further alleges that the defendants obstructed justice in multiple ways to conceal and cover up their unlawful detention and false imprisonment of the victim.

"The indictment alleges that these two deputies violated a young person's constitutional rights by willfully and illegally detaining him without just cause," said United States Attorney Martin Estrada. "Officers who abuse their power must be held accountable, and my Office is committed to prosecuting violations of civil rights by those who violate their oaths and victimize those who they were sworn to protect."

"Officers of the law are sworn to protect the communities they serve, not to create crimes and victimize residents," said Donald Alway, the Assistant Director in Charge of the FBI's Los Angeles Field Office. "The civil rights violations alleged in the indictment – including false imprisonment, falsification of records and witness tampering – corrode trust in law enforcement and undermine efforts by the vast majority of law enforcement professionals who serve their communities honorably."

The incident started at Wilson Park in Compton, where the victim – identified in court documents as "J.A." – was in an enclosed skatepark when the deputies arrived and contacted two young African-American males outside the skatepark. After J.A. yelled at the deputies to stop bothering the young males, one or both defendants pulled J.A.

through an opening in the skatepark fence and confined J.A. in the back of the patrol vehicle, according to the indictment.

"Vega and Hernandez did not handcuff J.A., did not secure J.A.'s seatbelt, did not tell J.A. that J.A. was under arrest, and did not inform J.A. of J.A.'s rights at any time," the indictment alleges.

According to the indictment, after leaving the park, Vega, who was driving the LASD patrol vehicle with Hernandez in the front passenger seat and J.A. confined in the backseat, allegedly told J.A. that the deputies were going to set up J.A. and drop J.A. in gang territory, and Hernandez added that J.A. would be beaten.

Not far from the skatepark and while J.A. was still confined in the back of the patrol vehicle, Vega began pursuing a young male on a bicycle down an alley, where Vega crashed into a wall and another vehicle, causing J.A. to sustain a cut above his right eye. Following the collision, Vega removed J.A. from the patrol vehicle and told him to "get the [expletive] out of here," or words to that effect, according to the indictment. J.A. then walked to a nearby residence that was unknown to J.A. to seek assistance.

According to the indictment, after the traffic collision, Vega reported over LASD radio that a person purportedly with a gun, whom Vega described as wearing clothes similar to J.A.'s clothing that day, had fled through the alley near 130th Street and Mona Boulevard. The indictment alleges that, even though Vega also reported the traffic collision, neither Vega during the radio calls, nor Vega or Hernandez during a subsequent conversation with their supervisor, disclosed that J.A. had been in the patrol vehicle during the collision in the alley.

It was only after J.A. had been independently detained on a neighboring street by other LASD deputies as the purported gun suspect that Vega informed his supervising sergeant that J.A. had been in Vega's LASD patrol vehicle during the crash, falsely reporting to his supervisor that J.A. had been detained because he was suspected of being under the influence of a controlled substance, according to the indictment.

J.A. was transported to the hospital to receive treatment for the injury he sustained from the collision, and the indictment alleges that Hernandez directed a deputy at the hospital to issue J.A. a citation for being under the influence of methamphetamine.

The allegations stemming from the April 13, 2020 incident form the basis of the conspiracy, deprivation of civil rights, and witness tampering charges in the indictment. The falsification of records charges pertain to two incident reports prepared and filed with LASD in mid-April 2020.

The first report, which Vega prepared with Hernandez's assistance, allegedly falsely stated that J.A. exhibited symptoms of a person under the influence of a stimulant; that J.A. had threatened to harm people in the skatepark, as well as Vega and Hernandez; that a crowd of people were moving toward the LASD patrol vehicle as the defendants drove away after unlawfully detaining J.A; and that, following the crash in the alley, Vega checked J.A. for injuries and J.A. was placed in another patrol vehicle of an assisting LASD unit until paramedics arrived.

Vega prepared a second report, according to the indictment, in which he falsely claimed to have transferred J.A. to the second patrol vehicle.

*An indictment contains allegations that a defendant has committed a crime. Every defendant is presumed to be innocent until and unless proven guilty in court.*

The conspiracy count alleged in the indictment carries a statutory maximum penalty of five years in federal prison, while the civil rights offense carries a maximum sentence of 10 years. The offenses of witness tampering and falsification of records each carry a statutory maximum sentence of 20 years.

The FBI is conducting the investigation into this matter. The LASD's Internal Criminal Investigations Bureau and Internal Affairs Bureau provided substantial assistance.

Assistant United States Attorneys J. Jamari Buxton and Brian R. Faerstein of the Public Corruption and Civil Rights Section are prosecuting this case.

**Contact**
Thom Mrozek
Director of Media Relations
thom.mrozek@usdoj.gov
(213) 894-6947

*Updated April 13, 2023*

**Topics**

| **PUBLIC CORRUPTION** | **CIVIL RIGHTS** |

**Component**

USAO - California, Central

Press Release Number: 23-077

# Related Content

**PRESS RELEASE**

**Former Postal Service Mail Carrier Sentenced to 15 Months in Prison for Stealing from Her Mail Route Debit Cards Containing Public Benefits**

**April 24, 2023**

**PRESS RELEASE**

**Kern County Man Charged with Making Death Threats and**

**Bomb Threats to a Nonprofit and Reproductive Health Centers**

April 6, 2023

PRESS RELEASE

## Mark Ridley-Thomas Found Guilty of Bribery and Fraud Involving Benefits for Son in Exchange for Lucrative County Contracts

March 30, 2023



✉ **Central District of California**

312 North Spring Street
Suite 1200
Los Angeles, California 90012

📞 Phone: 213-894-2400
Fax: 213-894-0141

📱 Stay Connected

🐦 f ▶ in

U.S. Department of
JUSTICE

Archives

Budget & Performance

FOIA

Accessibility

Legal Policies & Disclaimers

Privacy Policy

For Employees

Information Quality

Office of the Inspector General

No FEAR Act Data

Small Business

Vote.gov

Español

**Have a question about Government Services?**

Contact USA.gov

Wilson Exhibit H

LA County D.A - statement
charging deputy with civil right
violations.



Home    About LADA    Policies    Reports    Victims    Media    Community    Operations    Contact

## Media

News Releases & Advisories

Media Resources

Media FAQs

Open Letters

### Media Relations

211 West Temple Street
Suite 1200
Los Angeles, CA 90012
**Phone:** (213) 257-2000

### News Releases

**2023**

January    February    March
April

**Years**

2020    2021    2022
2023

## News Releases

SEARCH

**December 1, 2022: Sheriff's Deputy Charged With 2020 On-Duty Assault in Compton**

**Contact:**
Media Relations Division
(213) 257-2000
media@da.lacounty.gov

Los Angeles County District Attorney George Gascón announced today that Los Angeles County Sheriff's Deputy Hiraudi Lopez-Romero has been charged with unlawfully using a Taser stun gun on someone who had been detained for shoplifting in Compton two years ago.

"Those who are sworn to protect our communities are required to make ethical decisions within the confines of the law," District Attorney Gascón said. "But when they resort to using unreasonable and excessive force to exact revenge rather than in self-defense, their actions break the law that they are supposed to uphold. My office will hold them accountable for their actions."

Lopez-Romero (dob 12/4/92) was charged in case BA510923 with one felony count of assault under color of authority. She is scheduled to be arraigned January 31 in Department 30 of the Foltz Criminal Justice Center.

The case was filed for warrant yesterday.

On December 14, 2020, Lopez-Romero responded to a possible shoplifting call near the Blue Line train station in Compton. A man was detained and when he allegedly resisted going into a deputy's car, he was pepper-sprayed.

The man, who was handcuffed, was kicking inside the vehicle as he was being transported to a hospital to be treated, decontaminated and cleared for booking. While en route to the hospital, he shattered one of the windows with his feet.

The defendant is accused of stopping and exiting the vehicle, and then using a Taser on the handcuffed man while he was detained in the back seat of the vehicle.

The case remains under investigation by the Los Angeles County Sheriff's Department's Internal Criminal Investigations Bureau.

**Links:**    Employment | Public Data

Site Map | Privacy Policy |

Select Language    ◇ Powered by **Google Translate**



DO YOU NEED HELP?
L.A. County Home
211 L.A. County
LA County Helps



© 2020 Los Angeles County District Attorney's Office.

## DECLARATION OF JOHANNA VIZCARRA

I, JOHANNA VIZCARRA, DECLARE UNDER THE PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOLLOWING IS TRUE AND CORRECT:

1. ON APRIL 12TH, 2022, I WAS A PASSENGER WITH PLAINTIFF CHRISTOPHER WILSON, WHILE DRIVING IN COMPTON, CALIFORNIA. ON APRIL 12TH, 2022, MY VEHICLE A RED CHEVY CRUZE WAS REGSITERED AND COMPLETE IN ITS OPERATION.

2. WHILE WAITING TO TURN LEFT AT A GREEN LIGHT, I WAS LYING DOWN IN THE SEAT ASLEEP. AS PLAINITIFF WILSON MADE HIS TURN, HE STATED, "WAKE UP JOHNNA, THE POLICE JUST RAN THE LIGHT TO PULL US OVER." THAT IS WHEN I SAT UP TO SEE WE WERE BEING FOLLOWED. DEFENDANT CARNOCHAN FLASHED HIS LIGHTS AND HIS SHOW OF AUTHORITY, SIGNIFIED WE WERE SEIZED UNDER 4TH AMENDMENT CASELAW. UPON APPROACHING THE VEHICLE, DEFENDANT CARNOCHAN QUESTIONED PLAINTIFF WILSON WHILE DEFENDANT ANDA WAS AT MY SIDE WINDOW WITH HER HAND ON HER GUN.

3. I DID NOT FEEL FREE TO LEAVE WITH BOTH DEPUTIES HOVERING OVER THE CAR, ALTHOUGH WE HAD DONE NOTHING WRONG. DEFENDANT CARNOCHAN ASKED PLAINTIFF WILSON FOR HIS I.D. AND PLAINTIFF WILSON STATED, "WHY DID I GET PULLED OVER SIR." DEFENDANT CARNOCHAN NOR DEFENDANT ANDA PROVIDED AN ANSWER TO PLAINTIFF WILSON'S QUESTION. PLAINTIFF WILSON PROVIDED HIS I.D BUT STATED, "HE WOULD LIKE TO SEE A SERGEANT." NEITHER DEPUTY DEFENDANT CALLED THEIR SUPERVISOR PURSUANT TO THE LASD MANUAL OF POLICY AND PROCEDURES.

4. DEFENDANT CARNOCHAN LEFT TO HIS VEHICLE TO RUN PLAINTIFF WILSON'S I.D. PLAINTIFF WILSON ASKED DEFENDANT ANDA WHAT WAS THE REAL REASON THEY (SHE AND DEFENDANT CARNOCHAN) HAD

PLEADING TITLE - 57

PULLED HIM OVER. DEFENDANT ANDA STATED, "I DON'T KNOW, ASK HIM." REFERRING TO HER PARTNER DEFENDNT CARNOCHAN. DEFENDANT ANDA FURTHER STATED, "WE (SHE AND DEFENDANT CARNOCHAN) JUST SAW YOU AND NOT YOUR PASSENGER." IN THE CONTEXT OF THIS STATEMENT PALINTIFF WILSON WAS PULLED OVER BECAUSE OF HIS RACE AND NOTHING MORE.

5. DEFENDANT CARNOCHAN RETURNED TO MY VEHICLE AND STATED TO PLAINTIFF WILSON THERE WAS WARRANT ON THE VEHICLE. THAT IS WHEN I STATED I AM THE REGISTERED OWNER OF THE VEHICLE, NOT PLAINTIFF WILSON. DEFENDANT CARNOCHAN BEGAN ASKING PLAINTIFF WILSON IF HE WAS ON PAROLE AND PLAINTIFF WILSON STATED YES. DEFENDANT CARNOCHAN IMMEDIATELY BEGAN TO UNLOCK PLAINTIFF WILSON DOOR, GRABBING HIM AS HE EXITED THE VEHICLE. PLAINTIFF WILSON HAD DONE NOTHING WRONG AND HAD NOT COMMITTED ANY CRIMINAL ACTIVITY. ON APRIL 12TH, 2022, I WAS WITH PLAINTIFF WILSON FROM THE TIME OF 6:00 A.M. UNTIL THE TIME OF THE ACCIDENT. WE HAD NOT BE INVOLVED IN ANYTHING ILLEGEAL.

6. DEFENDANT CARNOCHAN BEGAN TO UNLAWFULLY SEARCH PLAINTIFF WILSON, GOING INTO HIS POCKETS. DEFENDANT CARNOCHAN HANDCUFFED PLAINTIFF WILSON BEFORE PUTTING HIM INSIDE THE BACK OF THE PATROL CAR.DEFENDANT ANDA BEGAN ORDERING ME TO STEP OUT OF THE VEHICLE. I COMPLIED TO HER ORDERS. I WAS IN FEAR OF AND BELIEVE PLAINTIFF WILSON OR I MAY BE SHOT BY THESE DEPUTIES.

7. BOTH DEFENDANT ANDA AND DEFENDANT CARNOCHAN BEGAN SEARCHING FOR CAR ILLEGALLY AND UNLAWFULLY WITHOUT A WARRANT, PROBABLE CAUE, REASONABLE SUSPICION, NOR CONSENT.

8. AFTER THE UNLAWFUL SEARCH TURNED UP ZERO CONTRABAND, PLAINTIFF WILSON WAS RELEASED FROM THE BACKSEAT OF THE LASD PATROL CAR.

9. PLAINTIFF WILSON ASKED BOTH DEPUTY DEFENDANTS TO PROVIDE HIM COPIES OF THE WARRANT USED TO TRY TO SOME WHAT JUSTIFY THE

PLEADING TITLE - 58

STOP. ALTHOUGH THE INITIAL TRAFFIC STOP WAS ILLEGAL.  BOTH DEPUTY DEFENDANTS IGNORED PLAINTIFF WILSON REQUEST AND DROVE OFF IMMEDIATELY.

10. PLAINTIFF VIZCARAA WOULD LIKE TO AUTHENTICATE THE FOLLOWING EXHIBITS, IN SUPPORT OF MY CLAIMS AGAINST DEFENDANT CARNOCHAN AND DEFENDANT ANDA. EXHIBIT A IS A TRUE AND CORRRECT COPY OF PLAINTIFF VIZCARRA'S LASD GRIEVANCE FILED APRIL 12TH, 2022.

11. PLAINTIFF VIZCARAA WOULD LIKE TO AUTHENTICATE THE FOLLOWING EXHIBITS, IN SUPPORT OF MY CLAIMS AGAINST DEFENDANT CARNOCHAN AND DEFENDANT ANDA. EXHIBIT A IS A TRUE AND CORRRECT COPY OF PLAINTIFF VIZCARRA'S LASD GRIEVANCE RESPONSE JULY 25TH, 2022. IN THIS RESPONSE TO PLAINTIFF VIZCARRA'S GRIEVANCE, LASD DID REPRIMAND BOTH DEFENDANT CARNOCHAN AND DEFENDANT ANDA FOR CONSTITUTIONAL VIOLATIONS.

12. I WAS DEPRIVED OF MY RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES BY DEFENDANT CARNOCHAN AND DEFENDANT ANDA, IN VIOLATION OF THE 4TH AMENDMENT OF THE U.S. CONSTITUTION.

I, JOHANNA VIZCARRA, DECLARE THAT THE AFOREMENTIONED DECLARATIONS CONTAINED HEREIN ARE TRUE AND CORRECT UNDER THE PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA.

X. _[signature]_                    DATE 5/8/2023

PLEADING TITLE - 59

Plaintiff Vizcarra

Exhibit A

LASD grievance filed 04/12/22

LOS ANGELES COUNTY SHERIFF'S DEPARTMENT
WATCH COMMANDER'S SERVICE COMMENT REPORT

227949

| Receiving Bur/Sta/Fac: | COMPTON STATION | Report Date: 7/12/2022 | Time: 1235 | SC#: 2552733 |
| Investigating Bur/Sta/Fac: | COMPTON STATION | URN #: | | IAB #: |

**Received Via:**

| Mail | Application to Duties | Criminal Conduct (All copies to Unit Cmdr) | Neglect of Duty | Policy/Procedures |
| ☒ In Person | ☐ Commendable Restraint | ☐ Discourtesy | ☐ Operation of Vehicles | ☐ Response Time |
| ☐ Telephone | ☐ Exemplary Conduct | ☐ Dishonesty | ☐ Off Duty Conduct | ☐ Traffic Citation |
| ☐ 800 Line | ☐ Tactical Excellence | ☐ Unreasonable Force | ☐ Harassment | ☐ Other |
| ☐ E-Mail/Fax | | ☐ Improper Tactics | ☐ Discrimination | |
| ☐ Website | | ☒ Improper Detention, Search, or Arrest | ☐ Other | |

| Last Name: WILSON | First Name: CHRISTOPHER | MI: DAJHON | Sex: M | Age: 29 | Race: B |
| Residence: 644 E. LEE PL, | | City: AZUSA | | State: CA | Zip: 91702 |
| Home Phone: (562) 306-3386 | Work Phone: NONE | Cell Phone: |
| Home E-Mail Address: CHRISTOPHERWILSON2121993@GMAIL | Work E-Mail Address: |
| Third Party: Yes ☐ No ☒ | Present at Incident: Yes ☒ No ☐ |
| Has any member of this Department attempted to discourage you in any way from bringing this matter to the attention of the Department? If Yes, Who? BOTH DEPUTIES Yes ☒ No ☐ |

| Last Name: VIZCARRA | First Name: JOHANNA | MI: | Sex: F | Age: 38 | Race: H |
| Residence: 6330 RUGBY AVENUE, | City: HUNTINGTON PARK | | State: CA | Zip: 90255 |
| Home Phone: (562) 306-3386 | Work Phone: | Cell Phone: |
| Home E-Mail Address: JOHANNAVIZCARRA27@YAHOO.COM | Work E-Mail Address: |

| Date: 7/12/2022 | Time: 0930 | City or Station Area: COMPTON | RD: 2825 |
| Location/Address: BRADFIELD AVE / QUEENSDALE ST., COMPTON |
| Synopsis of Contact/Event: DEPUTIES STOPPED R/P WILSON & IP/VIZCARRA FOR A WARRANT TO THE VEHICLE. R/P STATES THERE WAS NO REASON (LEGAL) FOR STOP. DEPUTIES REFUSED TO CALL SUPERVISOR. |
| Was a Supervisor Present? Yes ☐ No ☒ | Last Name: | First Name: | MI: | Rank: | Employee #: |

| Last Name: | First Name: | MI: | Race: | Sex: | Home Phone: | Work Phone: |
| Residence: | | City: | | State: | Zip: | Cell Phone: |
| Home E-Mail Address: | | Work E-Mail Address: |

| Last Name: CARNOCHAN | First Name: TRAVIS | MI: S | Work Phone: (201) 805-6500 | Height: 600 | Weight: 170 |
| Employee #: 653518 | Unit of Assignment: COMPTON | Work Assignment (Unit #, Module, etc): 284 | ☐ EM Shift | ☒ Day Shift | ☐ PM Shift | ☒ Regular Shift | ☐ O.T. Shift | ☐ Off Duty |
| Last Name: ANDA | First Name: PRISCILLA | MI: I | Work Phone: | Height: | Weight: |
| Employee #: 634998 | Unit of Assignment: IRC | Work Assignment (Unit #, Module, etc): RAL | ☐ EM Shift | ☐ Day Shift | ☐ PM Shift | ☐ Regular Shift | ☐ O.T. Shift | ☒ Off Duty |

| Last Name: | First Name: | MI: | Employee #: | Last Name: | First Name: | MI: | Employee #: |

| Print Full Name: MATTHEW VERZOLA | Employee #: 445580 | Signature: |

White - LTD Hdqtrs     County - Unit Commander     Pink - Division Hdqtrs     Green - Reporting Party

Plaintiff UTICURRA

Exhibit R

LASD grievance response

dated July 25th, 2022



# OFFICE OF THE SHERIFF

## COUNTY OF LOS ANGELES
## HALL OF JUSTICE

ALEX VILLANUEVA, SHERIFF



July 25, 2022

Mr. Christopher D Wilson
644 East Lee Place
Azusa California 91702

WATCH COMMANDER'S SERVICE COMMENT REPORT #227949

Dear Mr Christopher D Wilson

On April 12, 2022. you filed a complaint with Compton Station regarding a service complaint for personnel who contacted you during traffic stop

Thank you for taking time to express your concern regarding personnel from Compton Station. Your complaint was documented and assigned to Compton Station Lieutenant Matthew A. Verzola for investigation. Although California law prohibits me from discussing specific details of peace officer personnel matters. appropriate administrative action was taken upon conclusion of Lieutenant Verzola's investigation

I appreciate you bringing this matter to my attention and the opportunity it afforded me to evaluate the conduct of our personnel. If you have any questions about the results of our review of your complaint. please contact me within 10 business days of the date of this letter. at (310) 605-6558.

Sincerely.

ALEX VILLANUEVA, SHERIFF

Craig S. Walker. Acting Captain
Compton Station

Vizcarra Exhibit c

LA County Claim form

## LOS ANGELES COUNTY SHERIFF'S DEPARTMENT
## CLAIM FOR DAMAGES TO PERSON OR PROPERTY

**INSTRUCTIONS:**
1. Read entire claim thoroughly.
2. Fill out the claim completely.
3. This claim form must be signed.
4. Submit original signed copy.
5. Photocopies may be made for your records.

**WARNING**
- Claims for death, injury to person or to personal property must be filed no later than 6 months after the occurrence. (GOV. CODE SECTION 911.2)
- All other claims for damages must be filed no later than one year after the occurrence. (GOV. CODE SECTION 911.2)
- Subject to certain exception, you have only six months from the date of written notice of rejection of your claim to file a court action. (GOV. CODE SECTION 945.6)
- If written notice of rejection of your claim is not given, you have 2 years from accrual of the cause of the action to file a court action. (GOV. CODE SECTION 945.6)

TIME STAMP HERE
FOR OFFICE USE ONLY

**1. WHEN AND WHERE DID DAMAGE OR INJURY OCCUR?**

| DATE: | TIME: | STREET ADDRESS OR LOCATION: | CITY: | ZIP: |
|---|---|---|---|---|
| 04-12-22 | 12:00 pm | 1800 E. Queensdale st | Compton, CA | 90221 |

**15. WERE THE PARAMEDICS CALLED?** Y / No

**2. NAME(S) OF SHERIFF PERSONNEL INVOLVED:**

| NAME: | STATION / FACILITY: |
|---|---|
| Travis Carnochan | Compton |
| NAME: Priscilla Anda | STATION / FACILITY: Compton |

**16. DID THE CLAIMANT VISIT A PHYSICIAN?**
PHYSICIAN'S NAME: _____
ADDRESS(PHONE): _____
DATE OF VISIT: _____

**3. DESCRIBE IN DETAIL HOW DAMAGE OR INJURY OCCURRED:**
(Use attachments if necessary) On April 12th, 2022, I was the passenger to a traffic stop where we were illegally racial profiled, illegally detained and illegally searched and seized without probable cause or reasonable suspicion.

**4. WHY DO YOU CLAIM THE SHERIFF'S DEPARTMENT IS RESPONSIBLE?** The sheriffs Dept has failed to train LASD not to make stops based on race which illegal. My civil rights were violated during this illegal traffic stop and detention

**5. LIST DAMAGES INCURRED TO DATE** (Attach Copy of Receipts & Repair Estimates) Attached LASD complaint Emotional distress 42 U.S.C 1983 civil rights / Banes Act violation

**17. WITNESS TO DAMAGE OR INJURY?**
NAME: Chris Wilson
ADDRESS: 7757 Comstock Ave apt C, Whittier, CA 90602
CITY/PHONE: (323)475-5416

NAME: _____
ADDRESS: _____
CITY/PHONE: _____

**6. SHERIFF'S DEPARTMENT FILE OR REPORT#**
Complaint # 227949

**7. NAME OF CLAIMANT (Print Clearly)**
Johanna Vizcarra

**8. DRIVER'S LICENSE OR I.D. #**
D2454740

**9. DATE OF BIRTH** 10/13/1983
**10. SOCIAL SECURITY #** 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
**11. Booking Number (if applicable)** NA

**12. CORRESPONDENCE ADDRESS - (STREET, CITY, STATE, ZIP)**
7757 Comstock Ave. Apt C Whittier, CA 90602

**TOTAL DAMAGES TO DATE** $ 250,000

**13. HOME PHONE (or phone you can be contacted at)** (323)907-4018
**14. BUSINESS PHONE** ( )

**TOTAL ESTIMATED DAMAGES** $ 500,000

### THIS CLAIM MUST BE SIGNED
**NOTE: PRESENTATION OF A FALSE CLAIM IS A FELONY (PENAL CODE SEC. 72.)**

| 18. SIGNATURE OF CLAIMANT OR PERSON FILING ON HIS/HER BEHALF: | 19. PRINT OR TYPE NAME | DATE |
|---|---|---|
| *(signature)* | Johanna Vizcarra | 03/24/23 |

Deliver or mail to Executive Officer, Board of Supervisors, County of Los Angeles, Room 383, Kenneth Hahn Hall of Administration, 500 W. Temple St. LA, CA 90012

SETTLEMENT OFFER

1. PLAINTIFF WILSON IS OFFERING TO EXTEND HIS HAND IN AN ATTEMPT TO SETTLE THIS CASE, WITHOUT FUTURE EXPENSES AND LITIGATION MUTUALLY FOR ALL PARTIES. PLAINTIFF WILSON IS REQUESTING $1.5 MILLION DOLLARS FOR THE RELEASE OF ALL CLAIMS AGAINST DEFENDANTS CARNOCHAN, ANDA, AND COUNTY OF LOS ANGELES.

2. PLAINTIFF VIZCARRA IS OFFERING TO EXTEND HIS HAND IN AN ATTEMPT TO SETTLE THIS CASE, WITHOUT FUTURE EXPENSES AND LITIGATION MUTUALLY FOR ALL PARTIES. PLAINTIFF VIZCARRA IS REQUESTING $500,000 DOLLARS FOR THE RELEASE OF ALL CLAIMS AGAINST DEFENDANTS CARNOCHAN, AND ANDA.

X _____     05/08/2023

PLEADING TITLE - 1